1  JAMES M. FINBERG (SBN 114850)
   EVE H. CERVANTEZ (SBN 164709)
2  LINDA LYE (SBN 215584)
   ALTSHULER BERZON LLP
3  177 Post Street, Suite 300
   San Francisco, California 94108
4  Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
5  E-Mail: jfinberg@altshulerberzon.com
   E-Mail: ecervantez@altshulerberzon.com
6  E-Mail: llye@altshulerberzon.com

7  *Attorneys for Plaintiffs David Martin,*
   *Perry Dean, Donald Alexander,*
8  *Anthony Silva, and the proposed Plaintiff Class*

**ORIGINAL
FILED**

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11          SAN FRANCISCO/OAKLAND DIVISION

C 07 3887   PJH

12

13  DAVID MARTIN, PERRY DEAN,       )   Case No. _____
    DONALD ALEXANDER, AND           )
14  ANTHONY SILVA, on behalf of     )   **COMPLAINT FOR VIOLATIONS OF FAIR
    themselves and a class of those similarly )   LABOR STANDARDS ACT; THE
15  situated,                       )   CALIFORNIA LABOR CODE; AND THE
                                    )   CALIFORNIA BUSINESS AND
                Plaintiffs,         )   PROFESSIONS CODE**
16                                  )
                                    )
17         v.                       )   **COLLECTIVE ACTION AND CLASS
                                    )   ACTION**
18  NEW UNITED MOTOR                )
    MANUFACTURING, INC.,            )
19                                  )   **DEMAND FOR JURY TRIAL**
                Defendant.          )
20                                  )
                                    )
21  _____ )

22

23

24

25

26

27

28

1   Plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva allege as follows:

2   **INTRODUCTION**

3   1.      This is a class and representative action against defendant New United Motor

4   Manufacturing, Inc. (hereafter "NUMMI" or "Defendant") for violations of the Fair Labor Standards

5   Act (hereafter "FLSA"), 29 U.S.C. §201 *et seq.*, the California Labor Code and Wage Orders, and

6   California Business & Professions Code §17200 *et seq.*

7   2.      Defendant manufactures vehicles in Fremont, California.  This action alleges that

8   Defendant maintains an unlawful policy of not compensating its production and maintenance

9   employees who work in Defendant's truck paint and passenger paint departments, and in the paint

10  side of the plastics department, for work performed before the beginning and after the end of the

11  employees' scheduled shifts, specifically, during the pre-shift period commencing when these

12  employees don clean-room coveralls designed to prevent impurities from contaminating the "clean

13  room" environment in which Defendant manufactures vehicles and during the post-shift period

14  ending when these employees doff clean-room coveralls.  This action further alleges that Defendant

15  maintains an unlawful policy of not compensating at the legally required rate employees who work

16  in paint booths in these departments for work performed during meal periods, specifically, when

17  these employees don and doff paint booth specific personal protective equipment.

18  3.      Through their class-wide claims, Plaintiffs seek compensation at the legally required

19  rate for all uncompensated work; all penalties, liquidated damages, and other damages permitted by

20  law; restitution of all benefits obtained by Defendant from its unlawful business practices;

21  injunctive and declaratory relief; all other forms of equitable relief permitted by law; and reasonable

22  attorneys' fees and costs.

23  **JURISDICTION AND VENUE**

24  4.      This Court has subject matter jurisdiction under 29 U.S.C. §216(b) and 28 U.S.C.

25  §1331 because plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

26  §201 *et seq.*  This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367

27  because they form part of the same case or controversy as the federal FLSA claim.

28

1     5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

2  §§2201 and 2202.

3     6.    The Northern District of California has personal jurisdiction over Defendant

4  NUMMI because Defendant has qualified with the California Secretary of State to do business and

5  is doing business in California and in this District, and because the acts complained of occurred in

6  this State and this District.

7     7.    Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(2) & (c) because a

8  substantial part of the events giving rise to the claims described herein occurred in this District and

9  Defendant may be found within this district.

10    8.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San

11  Francisco/Oakland Division is proper because a substantial part of the events giving rise to claims

12  presented in this Complaint occurred in Alameda County.

13  **THE PARTIES**

14    9.    Plaintiff David Martin is employed by NUMMI as a maintenance employee in

15  NUMMI's passenger paint department.  He has been employed by NUMMI since approximately

16  1985.  He is a resident of San Leandro, California.

17    10.    Plaintiff Perry Dean is employed by NUMMI as a production employee in the

18  "ELPO" group of NUMMI's passenger paint department.  He has been employed by NUMMI since

19  approximately 1988.  He is a resident of Tracy, California.

20    11.    Plaintiff Donald Alexander is employed by NUMMI as a production employee in the

21  "prime" group of NUMMI's passenger paint department.  He has been employed by NUMMI since

22  approximately 2002.  He is a resident of Tracy, California.

23    12.    Plaintiff Anthony Silva is employed by NUMMI as a production employee in the "91

24  line" group of NUMMI's truck paint department.  He has been employed by NUMMI since

25  approximately 1992.  He is a resident of Tracy, California.

26    13.    Each of the Plaintiffs identified in ¶¶9-12 hereby consent to sue for violations of the

27  FLSA, pursuant to 29 U.S.C. §§216(b) and 256.  The Plaintiffs' Consent to Sue forms are attached

28

1  hereto as Exhibits A through D.  Additional Plaintiffs will be signing Consent to Sue forms and will

2  be joining as Plaintiffs on this claim in the future.

3       14.    Defendant NUMMI is a California corporation that manufactures vehicles in

4  Fremont, California.  NUMMI employs approximately 5,000 production and maintenance

5  employees at its Fremont facility, including in excess of 205 production and maintenance employees

6  in its truck paint and passenger paint departments, and in the paint side of its plastics department.

7  **COMMON FACTUAL ALLEGATIONS**

8  **A.**    **Work Performed During Pre-Shift Donning and Post-Shift Doffing Periods**

9       15.    NUMMI maintains a policy of requiring all of its production and maintenance

10  employees in its truck paint and passenger paint departments, and in the paint side of its plastics

11  department ("affected departments") to don and doff NUMMI-provided clean-room coveralls prior

12  to the start and after the end of their shifts ("coverall policy").  NUMMI's coverall policy is

13  described in further detail in paragraphs 16 through 18 below.

14       16.    NUMMI assigns each production and maintenance employee in the affected

15  departments a coverall locker.  Prior to the start of each shift, NUMMI requires all employees in

16  these departments to retrieve a clean, packaged clean-room coverall from the employee's assigned

17  coverall locker, to open the coverall packaging, to change into the coveralls, to don other personal

18  protective equipment ("PPE") required in the employee's specific work area, to walk through an air

19  shower, and then to proceed either to the employee's work area or the designated meeting location

20  for the employee's "team meeting."  NUMMI requires production and maintenance employees to be

21  in their respective work areas or in the designated location for the employee's team meeting at the

22  start of each shift.  NUMMI further requires production and maintenance employees in the affected

23  departments to be dressed in their NUMMI-provided clean-room coveralls when they report to their

24  respective work areas or team meetings at the start of their shift.  NUMMI reprimands and/or

25  disciplines production and maintenance employees who are not present on time and dressed in their

26  NUMMI-provided clean-room coveralls when they report to their respective work areas or team

27  meetings at the start of their shift.  NUMMI prohibits production and maintenance employees from

28

1  donning their NUMMI-provided clean-room coveralls at home and requires them to don the

2  coveralls in the plant.

3       17.    NUMMI requires all production and maintenance employees in the affected

4  departments, after the end of their shifts, to walk to their locker rooms, remove their personal

5  protective equipment, including their clean-room coveralls, and deposit their dirty clean-room

6  coveralls in their assigned coverall locker so that NUMMI can have the coveralls professionally

7  cleaned. NUMMI prohibits production and maintenance employees from taking their coveralls

8  home and NUMMI reprimands and/or disciplines production and maintenance employees who do

9  not deposit their dirty clean-room coveralls in their assigned coverall locker after the end of each

10  shift.

11       18.    The purpose of the coverall policy is to prevent the entry of contaminants into the

12  clean room environment of the affected departments at NUMMI, and thus to ensure quality control

13  of the vehicles manufactured by NUMMI.

14       19.    The first principal activity performed by Plaintiffs and class members each day is to

15  retrieve and don clean-room coveralls from each employee's assigned coverall locker.  The last

16  principal activity performed by Plaintiffs and class members each day is to doff and deposit dirty

17  clean-room coveralls in each employee's assigned coverall locker.  The retrieval, donning, doffing,

18  and deposit of clean-room coveralls are integral and indispensable parts of these employees' jobs

19  because the clean-room coveralls are personal protective equipment that ensure quality control of

20  the vehicles manufactured by NUMMI.  Specifically, the clean-room coveralls function as a barrier

21  to prevent dust, lint, or other foreign materials from contaminating the clean room environment in

22  which the employees in the affected departments work.

23       20.    It takes approximately 6 to 12 minutes from the time an employee retrieves a pair of

24  clean coveralls from his or her assigned coverall locker until the employee arrives at his or her work

25  area or designated meeting location for the employee's team meeting ("pre-shift donning period").

26  Plaintiffs and the class members consistently work or worked 6 to 12 minutes before their scheduled

27  shifts during this pre-shift donning period.  NUMMI suffers and/or permits its employees in the

28  affected departments to work for 6 to 12 minutes per day during these pre-shift donning periods.

21.     It takes approximately 6 to 12 minutes from the end of the shift until an employee deposits his or her dirty clean-room coveralls in his or her assigned coverall locker ("post-shift doffing period").  Plaintiffs and the class members consistently work or worked 6 to 12 minutes after their scheduled shifts during this post-shift doffing period.  NUMMI suffers and/or permits its employees in the affected departments to work for 6 to 12 minutes per day during these post-shift doffing periods.

22.     NUMMI has not and does not compensate Plaintiffs or the class members for the work they perform during these pre-shift donning and post-shift doffing periods, in violation of law.  Nor does the time spent by Plaintiffs and the class members performing work during these pre-shift donning or post-shift doffing periods appear on their pay statements.

23.     Plaintiffs all work or worked for NUMMI five to seven shifts per week, with each shift consisting of at least eight hours per day.  Due to NUMMI's policy and practice of requiring Plaintiffs to retrieve and don, and to doff and deposit clean-room coveralls before and after each shift, Plaintiffs work or worked hours in excess of forty (40) hours per week and in excess of eight (8) hours per day.  NUMMI has not and does not pay Plaintiffs overtime compensation for this work, in violation of California and federal law.

**B.     Work Performed By Employees Who Work In Paint Booths During Meal Periods**

24.     All employees at NUMMI are entitled pursuant to state law to one 30-minute meal period per shift.  NUMMI does not count the 30-minute meal period as "hours worked" in computing whether employees have worked in excess of 8 hours in one day or 40 hours in one week.

25.     Certain employees who work in the affected departments, including Plaintiff Donald Alexander, work in paint booths.  NUMMI requires employees who work in paint booths to wear additional, area-specific personal protective equipment ("PPE") –  including respirators, spray boots, hoods, and two sets of gloves – that it does not require other employees who work in these departments to wear.  The donning and doffing of the paint booth specific PPE is integral and indispensable to the job performed by paint booth employees because the equipment protects these

1  employees from exposure to workplace hazards and enables them to perform the task of painting

2  vehicles.

3       26.    Employees who work in paint booths commence their meal period when they have

4  finished spraying the last vehicle that travels along the production line through the paint booth.  At

5  the beginning of a meal period, employees who work in paint booths must proceed out of the booth;

6  place shoe covers over their boots so they do not track paint on the shop floor; proceed to the locker

7  area; remove their respirators, hoods, and gloves; change out of spray boots and into safety shoes;

8  clean their face and hands to remove paint; and place their respirators in their lockers.  This process

9  takes approximately 2.5 minutes, and occurs during the employees' meal period.  NUMMI suffers

10  and/or permits paint booth employees to work during their meal periods, when these employees doff

11  paint booth specific PPE.

12       27.    NUMMI requires employees who work in paint booths to be present in the paint

13  booth, with all paint booth specific PPE donned, at the end of their meal periods, and be ready to

14  commence spraying vehicles at that time.  NUMMI reprimands and/or disciplines employees who

15  work in paint booths and who are not dressed in their paint booth specific PPE and ready to paint at

16  the end of their meal period.  As a result, employees who work in paint booths must begin donning

17  paint booth specific PPE prior to the end of their meal period.  Specifically, these employees must

18  clean their respirators; change from safety shoes to spray boots; don their respirators, hood, and two

19  pairs of gloves; and enter the spray booth.  This process takes approximately 2.5 minutes.  NUMMI

20  suffers and/or permits paint booth employees to work during their meal period, when these

21  employees don paint booth specific PPE.

22       28.    Time spent donning and doffing paint booth specific PPE during meal periods by

23  Plaintiff Alexander and class members who work in paint booths does not appear on these

24  employees' pay statements.

25       29.    Plaintiff Alexander and class members who work in paint booths all work or worked

26  for NUMMI five to seven shifts per week, with each shift consisting of at least eight hours per day.

27  Due to NUMMI's policy and practice of requiring Plaintiff Alexander and class members who work

28  in paint booths to don and doff paint booth specific PPE during meal periods, these employees work

1   or worked hours in excess of forty (40) hours per week and in excess of eight (8) hours per day.

2   NUMMI has not and does not pay Plaintiff Alexander and class members who work in paint booths

3   overtime compensation for this work, in violation of California and federal law.

4                          **COLLECTIVE ACTION ALLEGATIONS**

5          30.    Plaintiffs bring the First Claim for Relief for violation of the FLSA as a collective

6   action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were,

7   are, or will be employed by Defendant as production or maintenance employees in the affected

8   departments at Defendant's manufacturing facility in Fremont, California, at any time within three

9   years from the date the complaint was filed who have not been compensated at one and one-half

10  times the regular rate of pay for all work performed that is in excess of forty (40) hours per work

11  week during pre-shift donning and post-shift doffing periods and/or for work performed during meal

12  and rest periods when donning and doffing paint booth specific PPE.

13         31.    The First Claim for Relief for violations of the FLSA may be brought and maintained

14  as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), as

15  prospective members of the FLSA Collective Action are similarly situated to Plaintiffs and have

16  claims that are similar to Plaintiffs' First Claim for Relief.

17         32.    Questions of law and fact common to the collective action as a whole include, but are

18  not limited to, the following:

19         a.     Whether NUMMI unlawfully failed and continues to fail to compensate Plaintiffs

20                and FLSA Collective Action Plaintiffs for overtime hours worked during pre-shift

21                donning and post-shift doffing periods, in violation of the FLSA, 29 U.S.C. §201 *et*

22                *seq.*;

23         b.     Whether NUMMI unlawfully failed and continues to fail to compensate Plaintiff

24                Alexander and FLSA Collective Action Plaintiffs who work in paint booths for

25                overtime hours worked during meal periods when they don and doff paint booth

26                specific PPE, in violation of the FLSA, 29 U.S.C. §201 *et seq.*;

27         c.     Whether NUMMI's failure to pay overtime to Plaintiffs and the FLSA Collective

28                Action Plaintiffs was willful within the meaning of the FLSA;

1

     d.     Whether NUMMI failed and continues to fail to maintain accurate records of actual

2

            time worked by Plaintiffs and the FLSA Collective Action Plaintiffs;

3

     e.     Whether NUMMI failed and continues to fail to record or report all actual time

4

            worked by Plaintiffs and the FLSA Collective Action Plaintiffs; and

5

     f.     Whether NUMMI failed and continues to fail to provide accurate wage statements

6

            itemizing all actual time worked and wages earned by Plaintiffs and the FLSA

7

            Collective Action Plaintiffs.

8

     33.     Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are

9

subject to NUMMI's common practice, policy or plan of refusing to pay overtime in violation of the

10

FLSA.

11

     34.     The names and addresses of the FLSA Collective Action Plaintiffs are available from

12

Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class

13

mail to their last known address as soon as possible.  Notice should also be provided to the FLSA

14

Collective Action Plaintiffs *via* postings in each team room or break room made available for use by

15

production and maintenance employees in the affected departments.

16

**CALIFORNIA CLASS ACTION ALLEGATIONS**

17

     35.     Plaintiffs bring the Second, Third, Fourth, Fifth and Sixth Claims for Relief for

18

violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23 (a),

19

(b)(2), and (b)(3), on behalf of themselves and the following Plaintiff Class:

20

21

22

23

            All persons who are and/or were employed by New United Motor Manufacturing, Inc., as a production or maintenance employee in NUMMI's truck paint or passenger paint departments, or in the paint side of its plastics department at its Fremont, California manufacturing facility at any time between July 30, 2003 and the present.

24

All Plaintiffs are members of the Plaintiff Class on whose behalf the Second, Third, Fourth, Fifth,

25

and Sixth Claims for Relief are brought.

26

     36.     Plaintiff Donald Alexander brings the Second, Third, Fourth, Fifth, and Sixth Claims

27

for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ.

28

P. 23 (a), (b)(2), and (b)(3), on behalf of himself and the following Plaintiff Subclass:

1

2

3

4

> All persons who are and/or were employed by New United Motor Manufacturing, Inc., as a production or maintenance employee in NUMMI's truck paint or passenger paint departments, or in the paint side of its plastics department at its Fremont, California manufacturing facility, and who worked in a paint booth, at any time between July 30, 2003 and the present.

5   Plaintiff Alexander is a member of the Plaintiff Subclass on whose behalf the Second, Third,

6   Fourth, Fifth, and Sixth Claims for Relief are brought.

7           37.     The Plaintiff Class and Subclass are each so numerous that joinder of all members is

8   impracticable.  Plaintiffs are informed and believe, and on that basis allege, that in excess of 205

9   persons have been employed by Defendant as production or maintenance employees in the affected

10  departments at NUMMI's Fremont, California manufacturing facility during the class period, and

11  that given turnover, the Plaintiff Class is more numerous than that.  Although the exact number and

12  identities of class members are unknown to Plaintiffs at this time, this information is readily

13  ascertainable from Defendant through discovery of its payroll and personnel records.

14          38.     Common questions of law and fact predominate over any questions affecting

15  individual class members.  Questions of law and fact common to members of the Plaintiff Class as a

16  whole include, but are not limited to, the following:

17          a.      Whether Defendant maintains a policy and practice of suffering and/or permitting its

18                  production and maintenance employees in its truck paint and passenger paint

19                  departments, and in the paint side of its plastics department, to work during pre-shift

20                  donning periods, commencing when these employees retrieve their NUMMI-

21                  provided clean-room coveralls from their assigned coverall lockers and then don

22                  their NUMMI-provided clean-room coveralls;

23          b.      Whether Defendant failed to compensate class members for hours worked during

24                  pre-shift donning periods, commencing when these employees retrieve their

25                  NUMMI-provided clean-room coveralls from their assigned coverall lockers and

26                  then don their NUMMI-provided clean-room coveralls;

27          c.      Whether Defendant maintains a policy and practice of suffering and/or permitting its

28                  production and maintenance employees in its truck paint and passenger paint

1          departments, and in the paint side of its plastics department to work during post-shift

2          doffing periods, ending when these employees doff their NUMMI-provided clean-

3          room coveralls and deposit their dirty clean-room coveralls in their assigned coverall

4          lockers;

5      d.    Whether Defendant failed to compensate class members for hours worked during

6          post-shift doffing periods, ending when class members doff their NUMMI-provided

7          clean-room coveralls and deposit their dirty clean-room coveralls in their assigned

8          coverall lockers;

9      e.    Whether Defendant maintains a policy and practice of suffering and/or permitting its

10         production and maintenance employees who work in paint booths in NUMMI's truck

11         paint and passenger paint departments, and in the paint side of its plastics department

12         to work during meal periods when these employees don and doff paint booth specific

13         PPE;

14     f.    Whether Defendant failed to pay class members overtime compensation in violation

15         of the California Labor Code and related regulations;

16     g.    Whether Defendant failed to pay class members their full wages when due for all

17         hours worked as required by the California Labor Code and related regulations;

18     h.    Whether Defendant failed to pay class members the minimum wage for all hours

19         worked, as required by the California Labor Code and related regulations;

20     i.    Whether Defendant unlawfully failed to keep and furnish class members with records

21         of hours worked, in violation of the California Labor Code and related regulations;

22     j.    Whether Defendant's policy and practice of failing to pay its employees all wages

23         due within the time required by law after their employment ended violates California

24         law;

25     k.    Whether Defendant's conduct violated the California Unfair Competition Law, Cal.

26         Bus. & Prof. Code §17200 *et seq.*, as alleged in this Complaint.

27     39.    Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff

28  Class. Plaintiffs have retained counsel competent and experienced in complex class actions, the

1    FLSA, and state labor and employment litigation.  Plaintiffs' interests are co-extensive with those of

2    class members, and are not antagonistic to them.

3         40.    Plaintiffs' claims are typical of class members' claims.  Plaintiffs, like other class

4    members, were subjected to Defendant's policies and practices of refusing to compensate

5    production and maintenance employees in the affected departments for pre-shift donning periods;

6    refusing to compensate production and maintenance employees in the affected departments for post-

7    shift doffing periods; and refusing to compensate at the legally required rate production and

8    maintenance employees who work in paint booths in the affected departments for time spent during

9    meal periods donning and doffing paint booth specific PPE.  Plaintiffs' job duties are typical of

10   those of other class members.

11        41.    Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is

12   appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on

13   grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with

14   respect to Plaintiffs and the Plaintiff Class as a whole.  Plaintiffs and the Plaintiff Class are entitled

15   to injunctive relief to end Defendant's common and uniform practice of failing to properly

16   compensate Plaintiffs and the Plaintiff Class for all overtime work performed for the benefit of

17   Defendant and failing properly to compensate Plaintiffs and the Plaintiff Class for all hours worked.

18        42.    Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is

19   also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the

20   Plaintiff Class predominate over any questions affecting only individual members of the Plaintiff

21   Class, and because the class action device is superior to other available methods for the fair and

22   efficient adjudication of this litigation.  Defendant's common and uniform policies and practices

23   unlawfully deny Plaintiffs and the class members their earned wages, including overtime wages.

24   The damages suffered by individual class members are small compared to the expense and burden

25   of individual prosecution of this litigation.  In addition, class certification is superior because it will

26   obviate the need for unduly duplicative litigation that might result in inconsistent judgments about

27   Defendant's practices.

28

# FIRST CLAIM FOR RELIEF

(Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*,

Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs For

Failure to Pay Overtime Premiums)

43.     Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, reallege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

44.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

45.     Plaintiffs in this action have signed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

46.     The FLSA requires Defendant, as a covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

47.     Plaintiffs and all FLSA Collective Action Plaintiffs are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

48.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week for work performed during regular "off-the-clock" pre-shift donning periods, commencing with the retrieval and donning of NUMMI-provided clean-room coveralls.

49.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their

1  hours worked in excess of 40 hours per week for work performed during regular "off-the-clock"
2  post-shift doffing periods, ending with the doffing and deposit in a coverall locker of NUMMI-
3  provided clean-room coveralls.

4       50.    At all relevant times, Defendant, pursuant to its policies and practices, failed and
5  refused  to pay overtime premiums to Plaintiff Alexander and the FLSA Collective Action Plaintiffs
6  who work in paint booths for their hours worked in excess of 40 hours per week for work regularly
7  performed during meal periods when they don and doff paint booth specific PPE.

8       51.    At all relevant times, Defendant has engaged, and continues to engage, in a willful
9  policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including
10  Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work during regular "off-the-clock"
11  pre-shift donning periods and post-shift doffing periods, without paying overtime premiums to such
12  employees for all such overtime work performed.

13       52.    At all relevant times, Defendant has engaged, and continues to engage, in a willful
14  policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including
15  Plaintiff Alexander and the FLSA Collective Action Plaintiffs who work in paint booths to perform
16  work regularly during meal periods, when they don and doff paint booth specific PPE, without
17  paying legally mandated overtime premiums.

18       53.    At all relevant times, the uncompensated work performed by Defendant's
19  non-exempt hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was
20  and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly
21  related to such employees' principal employment with Defendant, and is an integral and
22  indispensable part of such employees' employment with Defendant.

23       54.    Plaintiffs and the FLSA Collective Action Plaintiffs were "employees" within the
24  meaning of the FLSA because the work performed during these periods was and is required by
25  Defendant, for the immediate benefit of Defendant, and is directly related to and specific to the
26  employees' employment with Defendant.

27       55.    Defendant violated and continues to violate the FLSA, 29 U.S.C. §201 *et seq.*,
28  including 29 U.S.C. §§207(a)(1) and 215(a), by failing to pay Plaintiffs and the FLSA Collective

1   Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in

2   excess of forty (40) in a workweek.  These violations of the FLSA were knowing and willful within

3   the meaning of 29 U.S.C. §201 *et seq.*

4        56.    The FLSA also imposes specific employment record-keeping requirements, including

5   the obligation to keep accurate records of all hours worked.  By failing to record, report, and/or

6   preserve records of all hours worked by Plaintiffs and the FLSA Collective Action Plaintiffs,

7   Defendant has failed to make, keep, and preserve records with respect to each of its employees

8   sufficient to determine their wages, hours, and other conditions and practice of employment, in

9   violation of the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§211(c) and 215(a).  These

10   violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

11        57.    As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are

12   entitled to recover from Defendant the amount of their unpaid overtime compensation, an additional

13   equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), prejudgment

14   interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. §216(b), and such

15   other legal and equitable relief as the Court deems just and proper.

16                        **SECOND CLAIM FOR RELIEF**

17             (Cal. Wage Order No. 1; Cal. Labor Code §§510, 1194, 1198

18      Brought By Plaintiffs On Behalf Of Themselves And The Class For Failure To Pay Overtime

19                          Premiums)

20        58.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and

21   incorporate by reference paragraphs 1 through 57 as if they were set forth again herein.

22        59.    California law, including Wage Order 1 of the California Industrial Welfare

23   Commission (hereafter "Wage Order"), and California Labor Code §§510, 1194, and 1198 requires

24   Defendant to pay overtime compensation to all non-exempt employees for all hours worked over

25   forty (40) per week, or over eight per day.

26        60.    Plaintiffs and the class members are non-exempt employees entitled to be paid

27   overtime compensation for all overtime hours worked.

28

1    61.    Throughout the period from July 30, 2003 to the present (the "Class Period"),

2    Defendant has refused to pay Plaintiffs and the class members overtime premium pay for their

3    overtime hours worked as a result of work performed during pre-shift donning and post-shift doffing

4    periods.

5    62.    Throughout the Class Period, Defendant has refused to pay Plaintiff Alexander and

6    subclass members who worked in paint booths overtime premium pay for their overtime hours

7    worked as a result of work performed during meal periods, specifically, donning and doffing of

8    paint booth specific PPE.

9    63.    Pursuant to Labor Code §1194, Plaintiffs and class members are entitled to recover

10    from Defendant all unpaid overtime compensation to which they are entitled, plus pre- and post-

11    judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this

12    action.

13    64.    Many class members are no longer working for Defendant.  By failing to compensate

14    class members as required by California law at any time between July 30, 2003 and July 30, 2007,

15    Defendant also has willfully failed to make timely payment of the full wages due to its employees

16    who quit or have been discharged, and thereby has violated Labor Code §§201 and 202.

17    65.    Pursuant to Labor Code §203, those class members whose employment with

18    Defendant has terminated are also entitled to recover waiting time penalties.

19    66.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

20    Plaintiffs and the members of the Plaintiff Class have sustained damages, including loss of earnings

21    for overtime hours worked on behalf of Defendant in an amount to be established at trial,

22    prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

23    **THIRD CLAIM FOR RELIEF**

24    (Cal. Labor Code §200 *et seq.*, §1198

25    Brought By Plaintiffs On Behalf Of Themselves And The Class For Failure To Pay Full Wages

26    When Due For All Hours Worked)

27    67.    Plaintiffs on behalf of themselves and all members of the Class, reallege and

28    incorporate by reference paragraphs 1 through 66 as if they were set forth again herein.

1    68.    By failing to compensate Plaintiffs and class members for all hours worked, in
2    particular, for time worked during pre-shift donning and post-shift doffing periods, Defendant has
3    and continues to violate Labor Code §204, which requires employers, including Defendant, to pay
4    their employees their full wages when due, and Labor Code §§221-223, which requires employers,
5    including Defendant, to pay their employees at the agreed upon wages.

6    69.    Many class members are no longer working for Defendant.  By failing to compensate
7    class members as required by California law at any time between July 30, 2003 and July 30, 2007,
8    Defendant also has willfully failed to make timely payment of the full wages due to its employees
9    who quit or have been discharged, and thereby has violated Labor Code §§201 and 202.

10    70.    Pursuant to Labor Code §§218 and 218.5, Plaintiffs and class members are entitled to
11    recover from Defendant all unpaid wages to which they are entitled, plus reasonable attorneys' fees
12    and costs incurred in prosecuting this action.

13    71.    Pursuant to Labor Code §203, those class members whose employment with
14    Defendant has terminated are also entitled to recover waiting time penalties.

15    72.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,
16    Plaintiffs and the members of the Plaintiff Class have sustained damages, including loss of earnings
17    for hours worked on behalf of Defendant in an amount to be established at trial, prejudgment
18    interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

19                              **FOURTH CLAIM FOR RELIEF**
20                    (Cal. Wage Order No. 1; Cal. Labor Code §1194, 1194.2, 1197
21    Brought By Plaintiffs On Behalf Of Themselves And The Class For Failure To Pay Minimum
22                                        Wages)

23    73.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and
24    incorporate by reference paragraphs 1 through 72 as if they were set forth again herein.

25    74.    California law, including Wage Order 1 of the California Industrial Welfare
26    Commission (hereafter "Wage Order"), and California Labor Code §§1194 and 1197 requires
27    Defendant to pay all non-exempt employees not less than the minimum wage for all hours worked.

28

75. Plaintiffs and the class members are non-exempt employees entitled to be paid the minimum wage for all hours worked.

76. Throughout the Class Period, Defendant has refused to pay Plaintiffs and class members the minimum wage for all hours worked as a result of work performed during pre-shift donning and post-shift doffing periods.

77. Pursuant to Labor Code §1194, Plaintiffs and class members are entitled to recover from Defendant all unpaid minimum wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

78. Pursuant to Labor Code §1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

79. Many class members are no longer working for Defendant. By failing to compensate class members as required by California law at any time between July 30, 2003 and July 30, 2007, Defendant also has willfully failed to make timely payment of the full wages due to its employees who quit or have been discharged, and thereby has violated Labor Code §§201 and 202.

80. Pursuant to Labor Code §203, those class members whose employment with Defendant has terminated are also entitled to recover waiting time penalties.

81. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the members of the Plaintiff Class have sustained damages, including loss of earnings for hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**FIFTH CLAIM FOR RELIEF**

(Cal. Labor Code §§226, 1174, 1174.5, Cal Wage Order No. 1,

Brought By Plaintiffs On Behalf Of Themselves And The Class For Failure To Comply With

Record-Keeping Requirements)

82. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference paragraphs 1 through 81 as if they were set forth again herein.

83. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the class members as required

1   by Labor Code §226(a) and the IWC Wage Order.  Such failure caused injury to Plaintiffs and the

2   class members, by, among other things, impeding them from knowing the amount of wages to

3   which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain

4   records of hours worked by Plaintiff and the class members as required under Labor Code §1174(d).

5       84.    Plaintiffs and class members are entitled to and seek injunctive relief requiring

6   Defendant to comply with Labor Code §§226(a) and 1174(d), and further seek all actual and

7   statutory damages and penalties, and reasonable attorney's fees available for these violations under

8   Labor Code §§226(e) and 1174.5.

9                           **SIXTH CLAIM FOR RELIEF**

10                  (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,

11                  Brought By Plaintiffs On Behalf Of Themselves And The Class)

12      85.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and

13  incorporate by reference paragraphs 1 through 84 as if they were set forth again herein.

14      86.    The conduct of Defendant, as alleged herein, violates the California Unfair

15  Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.*

16      87.    Plaintiffs allege that the unfair and unlawful business practices complained of herein

17  are and were the regular business practice of Defendant.

18      88.    Through Defendant's failures to pay legally-required overtime wages, to provide

19  itemized statements of hours worked with payments of wages, to pay wages when due, and other

20  conduct alleged herein, Defendant has violated numerous specific provisions of state and federal

21  law and has engaged in, and continues to engage in, unlawful and unfair business practices in

22  violation of the UCL, depriving Plaintiffs and all class members of rights, benefits, and privileges

23  guaranteed to all employees under law, and has caused Plaintiffs and all class members to suffer

24  injury in fact and to lose money and/or property.

25      89.    Plaintiffs are informed and believe, and based upon such information and belief

26  allege, that by engaging in the unfair and unlawful business practices complained of herein,

27  Defendant was able to lower its labor costs and thereby to obtain a competitive advantage over law-

28  abiding employers with which it competes.

90.     The harm to Plaintiffs and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

91.     Cal. Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendant to continue to retain the property of Plaintiffs and the class members, entitling Plaintiffs and the class members to restitution of the unfair benefits obtained.  Plaintiffs seek restitution of all unpaid wages owing to them and to members of the class, according to proof, as well as all other available equitable relief.

92.     Injunctive relief pursuant to Cal. Business and Professions Code §17203 is necessary to prevent Defendant from continuing to engage in unfair business practices as alleged in this Complaint.  Defendant and/or persons acting in concert with Defendant has done, is now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiffs for defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief.  The continuing violation of law by Defendant will cause great and irreparable damage to Plaintiffs and others similarly situated unless Defendant is immediately restrained from committing further illegal acts.

93.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action.  Therefore Plaintiffs, on behalf of themselves and the class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§218, and 1194, and C.C.P. §1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all FLSA Collective Action Plaintiffs, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Action Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and tolling of the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

B.    Designation of Representative Plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva as representatives of the FLSA Collective Action Plaintiffs;

C.    A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

D.    An award of damages, including unpaid overtime compensation and an additional equal amount as liquidated damages, to be paid by Defendant;

E.    Costs of action incurred herein, including reasonable attorneys' fees under, *inter alia*, 29 U.S.C. §216(b), litigation expenses and court costs;

F.    Pre-Judgment and post-Judgment interest, as provided by law; and

G.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiffs on behalf of themselves and all members of the Plaintiff Class, additionally pray for relief as follows:

H.    Certification of this action as a class action on behalf of the proposed Plaintiff Class;

I.    Designation of Plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva as Representatives of the Plaintiff Class;

1       J.     Designation of Plaintiffs' counsel as Counsel for the Plaintiff Class;

2       K.     A declaratory judgment that the practices complained of herein are unlawful under

3  California state law;

4       L.     Appropriate equitable and injunctive relief to remedy Defendant's violations of

5  California law, including but not necessarily limited to an order enjoining Defendant from

6  continuing its unlawful practices;

7       M.    An award of damages, statutory penalties, and restitution to be paid by Defendant

8  according to proof;

9       N.     Pre-Judgment and Post-Judgment interest, as provided by law;

10      O.     Such other injunctive and equitable relief as the Court may deem just and proper; and

11      P.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to Cal.

12  Labor Code §§218.5, and 1194, Cal. Code Civ. Proc. §1021.5, and other applicable state laws.

13                         **DEMAND FOR JURY TRIAL**

14      Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which

15  they have a right to jury trial.

16  Date:  July 30, 2007                By: _____

17                                  James M. Finberg

18                          JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)

19                          LINDA LYE (SBN 215584)
ALTSHULER BERZON LLP

20                          177 Post Street, Suite 300
San Francisco, California  94108

21                          Telephone: (415) 421-7151
Facsimile: (415) 362-8064

22                          E-Mail: jfinberg@altshulerberzon.com
E-Mail: ecervantez@altshulerberzon.com

23                          E-Mail: llye@altshulerberzon.com

24                          *Attorneys for Plaintiffs David Martin, Perry*
*Dean, Donald Alexander, Anthony Silva, and*

25                          *the proposed Plaintiff Class*

26

27

28