ERIC C. BELLAFRONTO, Bar No. 162102
MARLENE S. MURACO, Bar No. 154240
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
Telephone:    408.998.4150

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>Defendant. | Case No.  C07-03887 PJH<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**<br><br>**COLLECTIVE ACTION AND CLASS ACTION** |

Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("Defendant" or "NUMMI") hereby answers Plaintiffs DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER and ANTHONY SILVA's ("Plaintiffs") Complaint for Violations of Fair Labor Standards Act; the California Labor Code; and the California Business and Professions Code ("Complaint") as follows:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. C07-03887 PJH)                                                            **ANSWER TO PLAINTIFFS' COMPLAINT**

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendant admits that the Complaint purports to state a class action against defendant NUMMI for violations of the FLSA, the California Labor Code and Wage Orders and California Business & Professions Code § 17200, *et. seq* Defendant denies the remaining allegations of said paragraph.

2. Answering paragraph 2 of the Complaint, Defendant admits that it manufactures vehicles in Fremont, California and admits that the remainder of the allegations in said paragraph accurately summarize the allegations set forth in the Complaint. Defendant denies that those allegations have any merit.

3. Answering paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## JURISDICTION AND VENUE

4. Answering paragraph 4 of the Complaint, Defendant responds that the paragraph contains legal argument not requiring an answer.

5. Answering paragraph 5 of the Complaint, Defendant responds that the paragraph contains legal argument not requiring an answer.

6. Answering paragraph 6 of the Complaint, Defendant admits that NUMMI has qualified with the California Secretary of State to do business and is doing business in the Northern District of California and that the alleged acts about which Plaintiffs complain are alleged to have occurred in the Northern District of California. Defendant denies the remaining allegations of said paragraph including, but not limited to, the implied allegation that the "acts complained of" actually occurred at all.

7. Answering paragraph 7 of the Complaint, Defendant admits that a substantial part of the events allegedly giving rise to the claims described in the Complaint occurred in the Northern District of California and that Defendant may be found within that District. Defendant denies the remaining allegations of said paragraph including, but not limited to, the implied allegation that the alleged "events giving rise to the claims" actually occurred at all.

(NO. C07-03887 PJH)                       2.           **ANSWER TO PLAINTIFFS' COMPLAINT**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

1  8. Answering paragraph 8 of the Complaint, Defendant admits that a substantial part of the events allegedly giving rise to the claims presented in the Complaint occurred in Alameda County. Defendant denies the remaining allegations of said paragraph. Defendant denies the remaining allegations of said paragraph including, but not limited to, the implied allegation that the alleged "events giving rise to the claims" actually occurred at all.

**THE PARTIES**

9. Answering paragraph 9 of the Complaint, Defendant admits that Plaintiff David Martin is employed by NUMMI as a maintenance employee in NUMMI's passenger paint department and that he has been employed by NUMMI since approximately 1985. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies them.

10. Answering paragraph 10 of the Complaint, Defendant admits that Plaintiff Perry Dean is employed by NUMMI as a production employee in NUMMI's passenger paint department and that he has been employed by NUMMI since approximately 1988. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies them.

11. Answering paragraph 11 of the Complaint, Defendant admits that Plaintiff Donald Alexander is employed by NUMMI as a production employee in NUMMI's passenger paint department and that he has been employed by NUMMI since approximately 2002. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies them.

12. Answering paragraph 12 of the Complaint, Defendant admits that Plaintiff Anthony Silva is employed by NUMMI as a production employee in NUMMI's truck paint department and that he has been employed by NUMMI since approximately 1992. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies them.

13. Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

paragraph, and on that basis denies them.

14. Answering paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

## COMMON FACTUAL ALLEGATIONS

**A.  Work Performed During Pre-Shift Donning and Post-Shift Doffing Periods**

15. Answering paragraph 15 of the Complaint, Defendant admits that the production and maintenance employees in its truck paint and passenger paint departments, and in the paint side of its plastics department ("affected departments") are required to wear NUMMI-provided clean-room coveralls during their shifts. Defendant denies the remaining allegations of said paragraph.

16. Answering paragraph 16 of the Complaint, Defendant admits that NUMMI assigns production and maintenance employees in the affected departments a coverall locker, that NUMMI requires production and maintenance employees to be in their respective work areas or in the designated location for the employee's team meeting at the start of each shift, that NUMMI reprimands and/or disciplines production and maintenance employees who are not present on time at the start of their shift, that NUMMI prohibits production and maintenance employees from donning their NUMMI-provided clean-room coveralls at home and that NUMMI requires them to don the coveralls in the plant. Defendant denies the remaining allegations of said paragraph.

17. Answering paragraph 17 of the Complaint, Defendant admits that it has the coveralls professionally cleaned and that production and maintenance employees are prohibited from taking their coveralls home. Defendant denies the remaining allegations of said paragraph.

18. Answering paragraph 18 of the Complaint, Defendant admits that one of the purposes of requiring employees to wear coveralls is to reduce the likelihood that contaminants will enter the affected departments at NUMMI, and thus to improve quality control of the vehicles manufactured by NUMMI. Defendant denies the remaining allegations of said paragraph.

19. Answering paragraph 19 of the Complaint, Defendant admits that the coveralls help improve quality control of the vehicles manufactured by NUMMI because they function as a barrier and help prevent dust, lint, or other foreign materials from contaminating the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. C07-03887 PJH)                    4.                    **ANSWER TO PLAINTIFFS' COMPLAINT**

1  clean room environment in the affected departments. Defendant denies the remaining allegations of
2  said paragraph.

3      20. Answering paragraph 20 of the Complaint, Defendant denies all the
4  allegations contained therein.

5      21. Answering paragraph 21 of the Complaint, Defendant denies all the
6  allegations contained therein.

7      22. Answering paragraph 22 of the Complaint, Defendant denies all the
8  allegations contained therein.

9      23. Answering paragraph 23 of the Complaint, Defendant admits that Plaintiffs
10 typically work for NUMMI five to six shifts per week, with each shift typically consisting of at least
11 eight hours per day. Defendant denies the remaining allegations of said paragraph.

12 **B.  Work Performed By Employees Who Work In Paint Booths During Meal Periods**

13     24. Answering paragraph 24 of the Complaint, Defendant responds that the
14 allegation regarding what state law requires is legal argument that does not require an answer.
15 Defendant denies the remaining allegations of said paragraph.

16     25. Answering paragraph 25 of the Complaint, Defendant admits that some of the
17 employees who work in the affected departments, including Plaintiff Donald Alexander, work in
18 paint booths, and that NUMMI requires employees who work in paint booths to wear additional,
19 area-specific personal protective equipment ("PPE"). Defendant denies the remaining allegations of
20 said paragraph.

21     26. Answering paragraph 26 of the Complaint, Defendant denies all the
22 allegations contained therein.

23     27. Answering paragraph 27 of the Complaint, Defendant denies all the
24 allegations contained therein.

25     28. Answering paragraph 28 of the Complaint, Defendant denies all the
26 allegations contained therein.

27     29. Answering paragraph 29 of the Complaint, Defendant is without sufficient
28 knowledge or information to form a belief as to the truth of the allegation that all class members who

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    5.    **ANSWER TO PLAINTIFFS' COMPLAINT**

1  work in the paint booths all work or worked for NUMMI five to seven shifts per week, with each
2  shift consisting of at least eight hours per day, and on that basis deny that allegation. Defendant
3  denies the remaining allegations of said paragraph.

### COLLECTIVE ACTION ALLEGATIONS

5        30. Answering paragraph 30 of the Complaint, Defendant admits that Plaintiffs
6  purport to bring their First Claim for Relief for violations of the FLSA as a collective action, on
7  behalf of all persons who were, are, or will be employed by Defendant as production or maintenance
8  employees in the affected departments at Defendant's manufacturing facility in Fremont, California,
9  at any time within three years from the date the complaint was filed who have not been compensated
10 at one and one-half times the regular rate of pay for all work performed that is in excess of forty (40)
11 hours per work week during alleged pre-shift donning and post-shift doffing periods and/or for work
12 allegedly performed during meal periods when donning and doffing paint booth specific PPE.
13 Defendant denies the remaining allegations of said paragraph.

14       31. Answering paragraph 31 of the Complaint, Defendant denies all the
15 allegations contained therein.

16       32. Answering paragraph 32 of the Complaint, Defendant denies all the
17 allegations contained therein, including those set forth in subparagraphs (a)-(f).

18       33. Answering paragraph 33 of the Complaint, Defendant denies all the
19 allegations contained therein.

20       34. Answering paragraph 34 of the Complaint, Defendant denies all the
21 allegations contained therein.

### CALIFORNIA CLASS ACTION ALLEGATIONS

23       35. Answering paragraph 35 of the Complaint, Defendant admits that Plaintiffs
24 purport to bring the Second through Sixth Claims for Relief for violation of California's wage and
25 hour laws as a class action on behalf of themselves and all other people who are and/or were
26 employed by NUMMI as a production or maintenance employee in NUMMI's truck paint or
27 passenger paint departments, or in the paint side of its plastics department at its Fremont, California

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)                         6.                **ANSWER TO PLAINTIFFS' COMPLAINT**

1  manufacturing facility at any time between July 30, 2003 and the present. Defendant denies the
2  remaining allegations of said paragraph.

3  　　　　　36.　　Answering paragraph 36 of the Complaint, Defendant admits that Plaintiff
4  Donald Alexander purports to bring the Second through Sixth Claims for Relief for violation of
5  California's wage and hour laws as a class action on behalf of himself and all other people who are
6  and/or were employed by NUMMI as a production or maintenance employee in NUMMI's truck
7  paint or passenger paint departments, or in the paint side of its plastics department at its Fremont,
8  California manufacturing facility, and who worked in a paint booth, at any time between July 30,
9  2003 and the present. Defendant denies the remaining allegations of said paragraph.

10  　　　　　37.　　Answering paragraph 37 of the Complaint, Defendant admits that more than
11  205 people have been employed by NUMMI as production or maintenance employees in the affected
12  departments at NUMMI's Fremont, California manufacturing facility during the last three years.
13  Defendant denies the remaining allegations of said paragraph.

14  　　　　　38.　　Answering paragraph 38 of the Complaint, Defendant denies all the
15  allegations contained therein, including those set forth in subparagraphs (a)-(k).

16  　　　　　39.　　Answering paragraph 39 of the Complaint, Defendant denies all the
17  allegations contained therein.

18  　　　　　40.　　Answering paragraph 40 of the Complaint, Defendant denies all the
19  allegations contained therein.

20  　　　　　41.　　Answering paragraph 41 of the Complaint, Defendant denies all the
21  allegations contained therein.

22  　　　　　42.　　Answering paragraph 42 of the Complaint, Defendant denies all the
23  allegations contained therein.

24  ## FIRST CLAIM FOR RELIEF

25  (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

26  　　　　　43.　　Answering paragraph 43 of the Complaint, Defendant realleges and
27  incorporates by reference its responses to paragraphs 1 through 42, as if they were set forth again
28  herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)　　　　　　　　　　7.　　**ANSWER TO PLAINTIFFS' COMPLAINT**

1          44.     Answering paragraph 44 of the Complaint, Defendant admits that at all relevant times it has had gross operating revenues in excess of $500,000. The remainder of the paragraph contains legal argument not requiring an answer.

          45.     Answering paragraph 45 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

          46.     Answering paragraph 46 of the Complaint, Defendant responds that the paragraph consists of legal argument not requiring an answer.

          47.     Answering paragraph 47 of the Complaint, Defendant admits that Plaintiffs are classified as non-exempt employees and are thus eligible to be paid overtime. Defendant denies the remaining allegations of said paragraph.

          48.     Answering paragraph 48 of the Complaint, Defendant denies all the allegations contained therein.

          49.     Answering paragraph 49 of the Complaint, Defendant denies all the allegations contained therein.

          50.     Answering paragraph 50 of the Complaint, Defendant denies all the allegations contained therein.

          51.     Answering paragraph 51 of the Complaint, Defendant denies all the allegations contained therein.

          52.     Answering paragraph 52 of the Complaint, Defendant denies all the allegations contained therein.

          53.     Answering paragraph 53 of the Complaint, Defendant denies all the allegations contained therein.

          54.     Answering paragraph 54 of the Complaint, Defendant denies all the allegations contained therein.

          55.     Answering paragraph 55 of the Complaint, Defendant denies all the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)                    8.         **ANSWER TO PLAINTIFFS' COMPLAINT**

56. Answering paragraph 56 of the Complaint, Defendant responds that Plaintiffs' allegation that the FLSA "imposes specific record-keeping requirements, including the obligation to keep accurate records of all hours worked" is a legal argument that does not require an answer. Defendant denies the remaining allegations of said paragraph.

57. Answering paragraph 57 of the Complaint, Defendant denies all the allegations contained therein.

## SECOND CLAIM FOR RELIEF

(Cal. Wage Order No. 1; Cal. Labor Code §§ 510, 1194, 1198)

58. Answering paragraph 58 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 57, as if they were set forth again herein.

59. Answering paragraph 59 of the Complaint, Defendant responds that it is comprised of legal argument and does not require an answer.

60. Answering paragraph 60 of the Complaint, Defendant admits that Plaintiffs are non-exempt employees and are entitled to be paid overtime compensation for all overtime hours work. Defendant denies the remaining allegations of said paragraph.

61. Answering paragraph 61 of the Complaint, Defendant denies all the allegations contained therein.

62. Answering paragraph 62 of the Complaint, Defendant denies all the allegations contained therein.

63. Answering paragraph 63 of the Complaint, Defendant denies all the allegations contained therein.

64. Answering paragraph 64 of the Complaint, Defendant admits that many of the purported class members are no longer working for Defendant. Defendant denies the remaining allegations of said paragraph.

65. Answering paragraph 65 of the Complaint, Defendant denies all the allegations contained therein.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    9.    **ANSWER TO PLAINTIFFS' COMPLAINT**

1    66.    Answering paragraph 66 of the Complaint, Defendant denies all the allegations contained therein.

### THIRD CLAIM FOR RELIEF

(Cal. Labor Code § 200, *et seq.,* § 1198)

67.    Answering paragraph 67 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 66, as if they were set forth again herein.

68.    Answering paragraph 68 of the Complaint, Defendant denies all the allegations contained therein.

69.    Answering paragraph 69 of the Complaint, Defendant admits that many of the purported class members are no longer working for Defendant. Defendant denies the remaining allegations of said paragraph.

70.    Answering paragraph 70 of the Complaint, Defendant denies all the allegations contained therein.

71.    Answering paragraph 71 of the Complaint, Defendant denies all the allegations contained therein.

72.    Answering paragraph 72 of the Complaint, Defendant denies all the allegations contained therein.

### FOURTH CLAIM FOR RELIEF

(Cal. Wage Order No. 1; Cal. Labor Code § 1194, 1194.2, 1197)

73.    Answering paragraph 73 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 72, as if they were set forth again herein.

74.    Answering paragraph 74 of the Complaint, Defendant responds that it consists of legal argument not requiring an answer.

75.    Answering paragraph 75 of the Complaint, Defendant admits that Plaintiffs are non-exempt employees entitled to be paid the minimum wage for all hours worked. Defendant denies the remaining allegations of said paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)                            10.               **ANSWER TO PLAINTIFFS' COMPLAINT**

76. Answering paragraph 76 of the Complaint, Defendant denies all the allegations contained therein.

77. Answering paragraph 77 of the Complaint, Defendant responds that it consists of legal argument not requiring an answer.

78. Answering paragraph 78 of the Complaint, Defendant responds that it consists of legal argument not requiring an answer.

79. Answering paragraph 79 of the Complaint, Defendant admits that many purported class members are no longer working for Defendant. The remaining allegations of said paragraph are denied.

80. Answering paragraph 80 of the Complaint, Defendant responds that it consists of legal argument not requiring an answer.

81. Answering paragraph 81 of the Complaint, Defendant denies all the allegations contained therein.

### FIFTH CLAIM FOR RELIEF

(Cal. Labor Code §§ 226, 1174, 1174.5, Cal. Wage Order No. 1)

82. Answering paragraph 82 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 81, as if they were set forth again herein.

83. Answering paragraph 83 of the Complaint, Defendant denies all the allegations contained therein.

84. Answering paragraph 84 of the Complaint, Defendant responds that it consists of legal argument not requiring an answer.

### SIXTH CLAIM FOR RELIEF

(California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.*)

85. Answering paragraph 85 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 84, as if they were set forth again herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

1   86.  Answering paragraph 86 of the Complaint, Defendant denies all the allegations contained therein.

3   87.  Answering paragraph 87 of the Complaint, Defendant denies all the allegations contained therein.

5   88.  Answering paragraph 88 of the Complaint, Defendant denies all the allegations contained therein.

7   89.  Answering paragraph 89 of the Complaint, Defendant denies all the allegations contained therein.

9   90.  Answering paragraph 90 of the Complaint, Defendant denies all the allegations contained therein.

11  91.  Answering paragraph 91 of the Complaint, Defendant denies all the allegations contained therein.

13  92.  Answering paragraph 92 of the Complaint, Defendant denies all the allegations contained therein.

15  93.  Answering paragraph 93 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## PRAYER FOR RELIEF

Defendant denies the propriety of each and every request or prayer for relief. Defendant requests that the Court deny the requested relief.

## AFFIRMATIVE DEFENSES

Defendant NEW UNITED MOTOR MANUFACTURING, INC. states the following facts as separate affirmative defenses to Plaintiffs' Complaint:

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That the time Plaintiffs and the putative class members spend changing clothes at the beginning or end of each workday is excluded from working time by custom or practice under a

(NO. C07-03887 PJH)   12.   **ANSWER TO PLAINTIFFS' COMPLAINT**

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

*bona fide* collective bargaining agreement.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act ("LMRA").

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiffs, by their acts and omissions, have waived any claims and purported claims for relief contained therein.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That even if, *arguendo,* Plaintiffs, or any of them, could establish a claim for damages, Plaintiffs and each of them failed to mitigate such damages, if any.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

Defendant acted reasonably and in reliance upon written administrative regulations, order, or rulings to assure full compliance with all applicable requirements of the Fair Labor Standards Act and California State law relative to compensation paid to Plaintiffs.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

Plaintiffs' Complaint and each cause of action therein fails to state a valid claim for waiting time penalties, punitive, exemplary or liquidated damages. Defendant has made good faith

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)                    13.           **ANSWER TO PLAINTIFFS' COMPLAINT**

1 efforts to comply with the law and as such even if, *arguendo*, Plaintiffs could establish any of the claims alleged in the Complaint there has been no willful violation of law.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

To the extent that Plaintiffs are pursuing civil penalties under the Labor Code statutes cited in their complaint, they have failed to timely exhaust their administrative remedies under the Labor Code Private Attorneys General Act of 2004.

8. AS AND FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

Plaintiffs' Complaint fails to state a cognizable class under 29 U.S.C. section 216, Federal Rule of Civil Procedure 23, California State law, or under any applicable rule or law regulating the maintenance of collective or class actions, including but not limited to Plaintiffs' failure to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing.

Defendants have not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserve the right to amend, modify, revise, or supplement their Answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in its defense upon the completion of said investigation and study.

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. Plaintiffs take nothing by virtue of the claims filed herein and that the claims be dismissed in their entirety with prejudice;

2. For all reasonable costs incurred by Defendant in connection with the defense of this matter;

3. For attorneys' fees; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)                14.                **ANSWER TO PLAINTIFFS' COMPLAINT**

4. For such other and further relief as the Court may deem proper.

Dated: October 1, 2007

/s/ Marlene S. Muraco
MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NEW UNITED MOTOR
MANUFACTURING, INC.

Firmwide:83181438.1 048320.1017

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    15.    **ANSWER TO PLAINTIFFS' COMPLAINT**