MARLENE S. MURACO, Bar No. 154240
ERIC BELLAFRONTO, Bar No. 162102
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone:    408.998.4150

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC..

JAMES M. FINBERG, Bar No. 114850
EVE H. CERVANTEZ, Bar No. 164709
LINDA LYE, Bar No. 215584
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:    415.421.7151

Attorneys for Plaintiffs
DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER,
ANTHONY SILVA, and the proposed Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, and ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.<br><br>Defendant. | Case No. C-07-3887-PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    November 15, 2007<br>Time:    2:30 p.m.<br>Place:    Courtroom 3, 17th Floor<br>Judge:    Hon. Phyllis J. Hamilton |

The parties jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9 and this Court's standing orders.

**JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over Plaintiffs' claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

S

Case No. C-07-3887-PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

over the California state law claims contained in Plaintiffs' Complaint pursuant to 28 U.S.C. § 1367. All parties have been served and there are no issues regarding personal jurisdiction or venue.

**FACTS**

Defendant New United Motor Manufacturing, Inc. ("NUMMI") manufactures vehicles in Fremont, California. NUMMI has a car paint department and a truck paint department in which paint is applied, respectively, to the cars and trucks NUMMI manufactures. Production and maintenance employees who work in those departments are required to wear items, including clean-room coveralls, steel toed shoes, safety glasses and some type of head covering while they perform their job functions. The car paint and truck paint departments each have several paint booths, and a subset of the employees who work in those departments work in those booths. Employees who work in the paint booths in the car and truck paint departments are required to wear certain paint booth-specific personal protective equipment ("PPE"), including respirators, boots and gloves. There is also a paint portion of the plastics department, which is where the bumpers are painted. Defendants contend that employees who work in the paint portion of the plastics department have clothing requirements comparable to the non-booth employees in the other paint departments – *i.e.*, they are required to wear items such as clean-room coveralls, but are not required to wear respirators, boots or protective gloves.

One of the purposes of requiring employees in the car paint department, the truck paint department and the paint portion of the plastics department (collectively "the paint departments") to wear coveralls is to reduce the likelihood that contaminants will enter the paint departments at NUMMI and thus to improve quality control of the vehicles NUMMI manufactures. The coveralls function as a barrier and help prevent dust, lint, or other foreign materials from contaminating the clean room environment in those departments.

NUMMI assigns production and maintenance employees in the paint departments (collectively "the employees") a coverall locker, which is located in a locker room specific to each department. Employees are required to don their coveralls in the locker room and to leave their coveralls in the locker room when their shift is over so that NUMMI can send the coveralls out for professional cleaning. After donning their coveralls, production and maintenance employees in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

2.                                                    Case No. C-07-3887-PJH
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

car and truck paint departments walk through an air shower and proceed to the location whether they will begin working for the day – either a meeting room, the production line or a paint booth (in which case they would then don the area-specific PPE). Production and maintenance employees in the car and truck paint departments are not paid for the pre-shift time they spend donning their coveralls and walking to their work location.

At the end of the shift, the coverall process occurs in reverse – production and maintenance employees in the car and truck paint departments leave their work stations, walk back to the coverall locker room, doff their coveralls and leave the plant. Production employees in those two departments are not paid for the time they spend walking back to the locker room and doffing their coveralls following the end of their scheduled shift. Plaintiffs assert that maintenance employees are not paid for that time either. However, Defendant believes that because there is overlap between the shifts worked by the maintenance employees, many of the maintenance employees manage to return to the locker room and doff their coveralls prior to the end of their scheduled shift, in which cases they receive pay for their doffing time.

With regard to employees in the paint portion of the plastics department, NUMMI's current policy is to permit those particular employees to change into their coveralls after the beginning of their scheduled shift and change out of their coveralls prior to the end of their scheduled shift, with the result that they are paid to don and doff their coveralls. Plaintiffs' assert that these employees were previously required to don and doff their coveralls before and after, respectively, their scheduled shifts, with the result that they were not paid for such activities. NUMMI contends that it instituted its current policy approximately 1 ½ years ago. Plaintiffs contend that the current policy was implemented more recently, but do not dispute that the change was made no earlier than approximately 1 ½ years ago.

Plaintiffs also assert that all the paint booth employees are not receiving the legally required compensation because they are spending a portion of their lunch period donning and doffing their area-specific PPE. Plaintiffs also intend to amend the complaint to assert also that all paint booth employees are not receiving the legally required compensation because they are spending a portion of their rest periods donning and doffing their area-specific PPE. Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

agrees that the paint-booth employees are required to remove some of their paint booth-specific PPE in order to take their meal or rest breaks, but disagrees that doing so in any way deprives paint booth employees of their legally-mandated meal or rest period – in part because donning and doffing that equipment takes a negligible (de minimis) amount of time and in part because employees are given a 45-minute meal break, when only a 40-minute break is required at that time, and employees are given a 15 minute rest period, when only a 10-minute break is required at that time.[1] Plaintiffs assert that Defendant may not use the fact that Plaintiffs receive paid meal and rest periods to offset its requirement that Plaintiffs don and doff their paint booth-specific PPE.

The production and maintenance employees who work in the paint departments are represented by the United Auto Workers. The UAW and NUMMI are parties to a collective bargaining agreement that sets forth the terms and conditions of employment for those employees. The current agreement does not specifically address the issue of payment for pre- and post-shift donning and doffing and/or the issue of payment for donning and doffing done around meal or rest periods. Prior collective bargaining agreements have been silent on those issues as well.

**LEGAL ISSUES**

1. Whether the time Plaintiffs spend donning and doffing items such as clean-room coveralls and paint booth-specific PPE constitutes "work" under the FLSA and/or California law.

2. Whether the time Plaintiffs spend donning and doffing items such as clean-room coveralls prior to the start and after the end of their regularly scheduled shift constitutes a "principal activity" under the FLSA or whether it is preliminary/postliminary to the principal activities of their jobs. 29 U.S.C. § 254(a); 29 C.F.R. § 790.6(a) and (b).

3. Whether the time Plaintiffs spend donning and doffing items such as clean-room coveralls or paint-booth specific PPE is *de minimis*. *Lindow v. United States*, 738 F.3d 1057, 1061-62 (9th Cir. 1984).

---

[1] NUMMI has permission from the State of California to combine one of the state-mandated 10-minute paid breaks with the state-mandated 30-minute unpaid meal period,. However, the employees at issue are given a 45-minute meal break, of which at least 15-minutes are paid. If the employee eats lunch on-site at the NUMMI plant, the entire 45-minute break is paid.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

4.    Case No. C-07-3887-PJH
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

4. Plaintiffs assert that whether NUMMI may use paid meal and rest period time to offset its requirement that paint-booth employees don and doff their paint booth-specific PPE is a legal issue in this case. Defendant denies it is attempting to take an off-set and believes the issue is a factual one – specifically, whether it takes the paint-booth employees more or less than five minutes to doff and don their paint-booth specific PPE before and after their breaks.

5. Whether the time Plaintiffs spend donning and doffing any of the items at issue is rendered not compensable under the FLSA by 29 U.S.C. § 203(o), which provides that in determining "the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective bargaining agreement applicable to the particular employee."

6. Defendants assert that whether the collective bargaining agreement that covers Plaintiffs satisfies the requirements of California Wage Order Number 1, section 3(H), such that Plaintiffs are exempted from the overtime provisions of California law is a legal issue in this case. Plaintiffs contend that Defend waived this issue by failing to raise it as an affirmative defense in their answer.

7. Whether Defendant failed to provide accurate wage statements to Plaintiffs in violation of California Labor Code § 226 and, if so, whether Plaintiffs have "suffer[ed] injury" as a result of receiving inaccurate wage statements sufficient to entitle them to penalties under California Labor Code § 226(e)..

8. Whether Plaintiffs have standing to collect the civil penalties they are seeking in their Complaint including, but not limited to, the civil penalties provided by California Labor Code § 1174.5.

9. Whether Plaintiffs have been paid their full wages when due for all hours worked as required by the California Labor Code and related regulations.

10. Whether Plaintiffs have been paid the minimum wage for all hours worked in accordance with the requirements of California law. California Labor Code §§ 1194, 1197.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

5.  Case No. C-07-3887-PJH
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

11. Whether Defendant's actions violated California Business and Professions Code § 17200.

12. Whether Plaintiffs' FLSA claim may properly be certified as collective action under the FLSA. 29 U.S.C. § 216(b).

13. Whether Plaintiffs' state law claims may properly be certified as a class action under Federal Rule of Civil Procedure 23.

**MOTIONS**

There are no prior or pending motions. The following motions are currently anticipated by the parties:

1. Plaintiffs intend to file a motion for conditional certification of their FLSA claim as a collective action. The parties have agreed to toll the limitations period for individuals who choose to opt into that action. Plaintiffs will file this motion after taking some core discovery and will make the motion by July 11, 2008.

2. Plaintiffs expect to file a motion for certification of the Plaintiffs' state law claims under Federal Rule of Civil Procedure 23 and expect that motion will be filed after certain core discovery in this matter is complete. Plaintiffs anticipate filing the motion for class certification by July 11, 2008.

3. Plaintiffs also may file a motion for summary adjudication in this case regarding one or more of the affirmative defenses raised by Defendant. Plaintiffs may also file a motion for summary judgment in this case. The precise timing of these motions for summary adjudication or summary judgment will depend upon how discovery progresses. Defendant reserves the right to take discovery regarding the topic of any summary adjudication/judgment motion filed by Plaintiffs before having to oppose any such motion.

4. Defendant expects to file a motion for adjudication and/or summary judgment in this case. The precise timing of Defendant's motion will depend upon how discovery progresses. Plaintiffs reserve the right to take discovery regarding the topic of any summary judgment filed by Defendant before having to oppose any such motion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

6.   Case No. C-07-3887-PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**AMENDMENT OF PLEADINGS**

Plaintiffs intend to seek leave to amend their complaint to assert that paint booth employees are denied legally required compensation for the time spent donning and doffing paint-booth specific PPE during their *rest* periods. The complaint currently asserts this claim for paint booth employees only as to time spent donning and doffing paint-booth specific PPE during *meal* periods. Plaintiffs may also seek leave to amend their complaint to add additional Plaintiffs. Defendant reserves its right to oppose any motion Plaintiffs may make to amend their Complaint.

Although Defendant does not believe that it is legally required, out of an abundance of caution, if Plaintiffs do not seek (or are not granted) leave to amend their complaint, Defendant will seek leave to amend its Answer to assert that the collective bargaining agreement that covers Plaintiffs satisfies the requirements of California Wage Order Number 1, section 3(H), such that Plaintiffs are exempted from the overtime provisions of California law. Plaintiffs reserve their right to oppose any motion Defendant may make to amend its Answer.

**EVIDENCE PRESERVATION**

Plaintiffs and Defendant have taken appropriate steps to preserve all evidence relating to the legal and factual issues discussed above.

**DISCLOSURES**

The parties have exchanged initial disclosures.

**DISCOVERY**

On October 31, 2007 Plaintiffs served Defendant by mail with a Request for Entry Upon Property for Inspection and a PMK Deposition Notice, dates to be determined. Plaintiffs anticipate serving Defendant with interrogatories and a request for production of documents shortly. No other discovery has been done to date.

At this time, the parties do not anticipate that any modification to the discovery limits established by the Federal Rules of Civil Procedure will be necessary. Should this matter be certified as a collective and/or class action, Defendant reserves the right to seek discovery from opt-in plaintiffs and/or putative class members and Plaintiffs reserve the right to object to the propriety of such discovery.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

7.   Case No. C-07-3887-PJH
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

As the Court's subject matter jurisdiction over this case rests on Plaintiff's FLSA claim and as Defendant believes that it has defenses to that claim that will resolve it as a matter of law, Defendant believes that discovery in this matter should initially be limited to discovery relevant to the following topics: 1) Whether the time Plaintiffs spend donning and doffing any of the items at issue is rendered not compensable under the FLSA by 29 U.S.C. § 203(o), which provides that in determining "the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective bargaining agreement applicable to the particular employee."; and 2) whether the time spent by the paint booth employees donning and doffing paint-booth specific PPE has been properly compensated under the FLSA. Defendant believes that limiting discovery in this manner will help minimize the likelihood that the parties' resources are not expended litigating claims over which the Court may ultimately not have jurisdiction. Plaintiffs oppose Defendant's request to limit discovery on other topics, but will cooperate with Defendant to prioritize discovery on these topics so that Defendant has an opportunity to present these issues to the Court, if Defendant believes appropriate.

**CLASS ACTIONS**

Plaintiffs expect to file a motion for certification of the Plaintiffs' state law claims under Federal Rule of Civil Procedure 23 and expect that motion will be filed by July 11, 2008. As noted above, and in light of the agreement by the parties to toll the statute of limitations for the FLSA collective action, Plaintiffs also intend to file a motion for conditional certification of their FLSA claim as a collective action by July 11, 2008. The hearing on those motions will be set for the same date.

**RELATED CASES**

The parties are unaware of any related cases.

**RELIEF**

Plaintiffs contend that the named plaintiffs, the FLSA collective action members, and state law class members are entitled to past overtime wages and/or past wages for hours worked

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

8.   Case No. C-07-3887-PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

from the start of the applicable state or federal statute of limitations period, through the present, plus restitution and liquidated damages and/or penalties and pre- and post-judgment interest. Plaintiffs are entitled to damages, interest, and penalties because of NUMMI's unlawful compensation policies. Plaintiffs are also entitled to recover attorneys' fees and costs for the present lawsuit. Because the number and identity of all individuals who will be plaintiffs in this action is not fully known to Plaintiffs and because specific information relevant to damages calculations (such as payroll data) has not yet been produced by defendant, plaintiffs are unable at this time to calculate the damages sought in this action.

However, Plaintiffs are able to provide an illustration of the overtime wages sought under the FLSA. Under that statute, past overtime wages are determined by multiplying hours over 40 worked in a single week by 1.5 times the individual's hourly rate. Thus, if an employee earns $20.00 per hour and works 15 minutes of overtime on each of 250 working days in a year, that individual would be entitled to $1,875.00 in overtime under the FLSA for that year ($20/hr x .25 x 1.5 x 250). That employee would also be entitled to an additional equal amount ($1,875.00) as liquidated damages. 29 U.S.C. §216(b).

If Defendant prevails in this matter it will seek recovery of costs and attorneys' fees from the Plaintiffs. Plaintiffs contest that Defendant would be entitled to recovery of costs and attorneys' fees if it prevails.

**SETTLEMENT AND ADR**

The parties have chosen private mediation as their form of ADR. The parties currently believe that the mediation should be held before Plaintiffs' motion for class certification under Rule 23 is filed.

Defendant adds that some attempt at resolving the issues presented by this lawsuit has already been made as Plaintiffs' counsel represented the UAW during discussions between NUMMI and the union that occurred during the first half of 2007 regarding how to resolve the union's assertion that the paint department employees should be paid for their donning and doffing time.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

9.   Case No. C-07-3887-PJH
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs consent to have a Magistrate Judge conduct all further proceedings. Defendant does not.

**OTHER REFERENCES**

This matter is not suitable for referral to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**NARROWING OF ISSUES**

Depending on what issues remain in the case at the time of trial, Defendant may seek to have the issue of liability bifurcated from the issue of damages.

**EXPEDITED SCHEDULE**

This case cannot be handled on an expedited schedule.

**SCHEDULING**

Because this action action has not yet been certified as a collective action and/or a class action, the parties believe it is premature to establish deadlines for designation of experts, discovery cutoff, hearing dispositive motions, pretrial conference and trial. The parties request that the Court establish July 11, 2008 as the deadline for filing any motion for certification of a collective action and/or certification of a class action and that the Court schedule another CMC sometime thereafter for the purpose of establishing the deadlines for the remainder of the case.

**TRIAL**

Plaintiffs have requested a jury trial. At this time, the parties' best estimate is that any trial will take approximately three to four weeks.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed their "Certification of Interested Entities or Persons". Defendant has not yet filed that document but will do so before the Case Management Conference. The contents of the parties' certifications are set forth below.

Plaintiffs: Pursuant to Civil Local Rule 3-16, Plaintiffs certify that as of this date, other than the named parties, there is no such interest to report.

Defendant: Pursuant to Local Rule 3-16, Defendant discloses that NUMMI is a joint venture between General Motors and Toyota. As of this date, other than those entities and the named parties, there is no such interest to report.

November 8, 2007

*Marlene Muraco* (signature)

---
MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

November 8, 2007

/s/ *Linda Lye*

---
LINDA LYE
ALTSHULER BERZON
Attorneys for Plaintiffs
DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, ANTHONY SILVA, and the proposed Plaintiff Class

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

11.    Case No. C-07-3887-PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT