ERIC C. BELLAFRONTO, Bar No. 162102
MARLENE S. MURACO, Bar No. 154240
ERICA H. KELLEY, Bar No. 221702
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>Defendant. | Case No. C07-03887 PJH<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**<br><br>**COLLECTIVE ACTION AND CLASS ACTION** |

Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("Defendant" or "NUMMI") hereby answers Plaintiffs DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER and ANTHONY SILVA's ("Plaintiffs") First Amended Complaint for Violations of Fair Labor Standards Act; the California Labor Code; and the California Business and Professions

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Code ("First Amended Complaint") as follows:

## INTRODUCTION

1. Answering paragraph 1 of the First Amended Complaint, Defendant admits that the First Amended Complaint purports to state a class action against defendant NUMMI for violations of the FLSA, the California Labor Code and Wage Orders and California Business & Professions Code § 17200, *et. seq* Defendant denies the remaining allegations of said paragraph.

2. Answering paragraph 2 of the First Amended Complaint, Defendant admits that it manufactures vehicles in Fremont, California and admits that the remainder of the allegations in said paragraph accurately summarize the allegations set forth in the First Amended Complaint. Defendant denies that those allegations have any merit.

3. Answering paragraph 3 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## JURISDICTION AND VENUE

4. Answering paragraph 4 of the First Amended Complaint, Defendant responds that the paragraph contains legal argument not requiring an answer.

5. Answering paragraph 5 of the First Amended Complaint, Defendant responds that the paragraph contains legal argument not requiring an answer.

6. Answering paragraph 6 of the First Amended Complaint, Defendant admits that NUMMI has qualified with the California Secretary of State to do business and is doing business in the Northern District of California and that the alleged acts about which Plaintiffs complain are alleged to have occurred in the Northern District of California. Defendant denies the remaining allegations of said paragraph including, but not limited to, the implied allegation that the "acts complained of" actually occurred at all.

7. Answering paragraph 7 of the First Amended Complaint, Defendant admits that a substantial part of the events allegedly giving rise to the claims described in the First Amended Complaint occurred in the Northern District of California and that Defendant may be found within that District. Defendant denies the remaining allegations of said paragraph including, but not limited

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    2.    ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1  to, the implied allegation that the alleged "events giving rise to the claims" actually occurred at all.

2        8.    Answering paragraph 8 of the First Amended Complaint, Defendant admits
3  that a substantial part of the events allegedly giving rise to the claims presented in the First Amended
4  Complaint occurred in Alameda County. Defendant denies the remaining allegations of said
5  paragraph. Defendant denies the remaining allegations of said paragraph including, but not limited
6  to, the implied allegation that the alleged "events giving rise to the claims" actually occurred at all.

7  **THE PARTIES**

8        9.    Answering paragraph 9 of the First Amended Complaint, Defendant admits
9  that Plaintiff David Martin is employed by NUMMI as a maintenance employee in NUMMI's
10 passenger paint department and that he has been employed by NUMMI since approximately 1985.
11 Defendant is without sufficient knowledge or information to form a belief as to the truth of the
12 remaining allegations contained in said paragraph, and on that basis denies them.

13       10.    Answering paragraph 10 of the First Amended Complaint, Defendant admits
14 that Plaintiff Perry Dean is employed by NUMMI as a production employee in NUMMI's passenger
15 paint department and that he has been employed by NUMMI since approximately 1988. Defendant
16 is without sufficient knowledge or information to form a belief as to the truth of the remaining
17 allegations contained in said paragraph, and on that basis denies them.

18       11.    Answering paragraph 11 of the First Amended Complaint, Defendant admits
19 that Plaintiff Donald Alexander is employed by NUMMI as a production employee in NUMMI's
20 passenger paint department and that he has been employed by NUMMI since approximately 2002.
21 Defendant is without sufficient knowledge or information to form a belief as to the truth of the
22 remaining allegations contained in said paragraph, and on that basis denies them.

23       12.    Answering paragraph 12 of the First Amended Complaint, Defendant admits
24 that Plaintiff Anthony Silva is employed by NUMMI as a production employee in NUMMI's truck
25 paint department and that he has been employed by NUMMI since approximately 1992. Defendant
26 is without sufficient knowledge or information to form a belief as to the truth of the remaining
27 allegations contained in said paragraph, and on that basis denies them.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    3.    **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    13. Answering paragraph 13 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies them.

14. Answering paragraph 14 of the First Amended Complaint, Defendant admits that Defendant NUMMI is a California corporation that manufactures vehicles in Fremont, California and that NUMMI employs approximately 5,000 production and maintenance employees at its Fremont facility, including in excess of 205 production and maintenance employees in its truck paint and passenger paint departments, in the paint side of its plastics department and on its body shop department's Repair Team. Defendant denies the remaining allegations of said paragraph.

## COMMON FACTUAL ALLEGATIONS

**A.  Work Performed During Pre-Shift Donning and Post-Shift Doffing Periods**

15. Answering paragraph 15 of the First Amended Complaint, Defendant admits that the production and maintenance employees in its truck paint and passenger paint departments, and in the paint side of its plastics department ("affected departments") are required to wear NUMMI-provided clean-room coveralls during their shifts. Defendant denies the remaining allegations of said paragraph.

16. Answering paragraph 16 of the First Amended Complaint, Defendant admits that NUMMI assigns production and maintenance employees in the affected departments a coverall locker, that NUMMI requires production and maintenance employees to be in their respective work areas or in the designated location for the employee's team meeting at the start of each shift, that NUMMI reprimands and/or disciplines production and maintenance employees who are not present on time at the start of their shift, that NUMMI prohibits production and maintenance employees from donning their NUMMI-provided clean-room coveralls at home and that NUMMI requires them to don the coveralls in the plant. Defendant denies the remaining allegations of said paragraph.

17. Answering paragraph 17 of the First Amended Complaint, Defendant admits that it has the coveralls professionally cleaned and that production and maintenance employees are prohibited from taking their coveralls home. Defendant denies the remaining allegations of said paragraph.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. C07-03887 PJH)                           4.        ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1    18.    Answering paragraph 18 of the First Amended Complaint, Defendant admits that one of the purposes of requiring employees to wear coveralls is to reduce the likelihood that contaminants will enter the affected departments at NUMMI, and thus to improve quality control of the vehicles manufactured by NUMMI. Defendant denies the remaining allegations of said paragraph.

19.    Answering paragraph 19 of the First Amended Complaint, Defendant admits that the coveralls help improve quality control of the vehicles manufactured by NUMMI because they function as a barrier and help prevent dust, lint, or other foreign materials from contaminating the clean room environment in the affected departments. Defendant denies the remaining allegations of said paragraph.

20.    Answering paragraph 20 of the First Amended Complaint, Defendant admits that in approximately February 2006, the plastics department built a clean-room coverall locker room immediately outside the clean-room environment within the department and that the team members currently don their clean-room coveralls after their team meeting. Defendant denies the remaining allegations of said paragraph.

21.    Answering paragraph 21 of the First Amended Complaint, Defendant denies all the allegations contained therein.

22.    Answering paragraph 22 of the First Amended Complaint, Defendant denies all the allegations contained therein.

23.    Answering paragraph 23 of the First Amended Complaint, Defendant admits that it does not compensate the putative class members for time they may spend putting on coveralls before the beginning of their shift or taking off coveralls after the end of their shift. Defendant further admits that any pre- or post-shift time spent by putative class members in such activities does not appear on their wage statements. Defendant denies the remaining allegations of said paragraph.

24.    Answering paragraph 24 of the First Amended Complaint, Defendant admits that Plaintiffs typically work for NUMMI five to six shifts per week, with each shift typically consisting of at least eight hours per day. Defendant further admits that it has not and does not pay Plaintiffs for the time they may spend donning and doffing clean-room coveralls prior to the start

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)    5.    **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1 and after the end of their shift. Defendant denies the remaining allegations of said paragraph.

2 **B.    Work Performed By Employees Who Work In Paint Booths During Meal Periods**

3 25. Answering paragraph 25 of the First Amended Complaint, Defendant responds that the allegation regarding what state law requires is legal argument that does not require an answer. Defendant denies the remaining allegations of said paragraph.

6 26. Answering paragraph 26 of the First Amended Complaint, Defendant admits that NUMMI's non-exempt employees are entitled to two 10-minute rest periods per eight hour shift under California law. Defendant denies the remaining allegations of said paragraph.

9 27. Answering paragraph 27 of the First Amended Complaint, Defendant admits that NUMMI provides its non-exempt employees with one fifteen minute rest period and has a permit for exemption from the State of California from Provisions of Industrial Welfare Commission Order No. 1-2001 to provide a lunch period followed by the second rest period. Defendant denies the remaining allegations of said paragraph.

14 28. Answering paragraph 28 of the First Amended Complaint, Defendant admits that some of the employees who work in the affected departments, including Plaintiff Donald Alexander, work in paint booths, and that NUMMI requires employees who work in paint booths to wear additional, area-specific personal protective equipment ("PPE"). Defendant denies the remaining allegations of said paragraph.

19 29. Answering paragraph 29 of the First Amended Complaint, Defendant admits that employees who work in paint booths commence their meal or rest period when they have finished spraying the last vehicle that travels along the production line through the paint booth. Defendant denies the remaining allegations contained therein.

23 30. Answering paragraph 30 of the First Amended Complaint, Defendant denies all the allegations contained therein.

25 31. Answering paragraph 31 of the First Amended Complaint, Defendant denies all the allegations contained therein.

27 32. Answering paragraph 32 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that all

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)            6.       **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

class members who work in the paint booths all work or worked for NUMMI five to seven shifts per week, with each shift consisting of at least eight hours per day, and on that basis deny that allegation. Defendant denies the remaining allegations of said paragraph.

## COLLECTIVE ACTION ALLEGATIONS

33. Answering paragraph 33 of the First Amended Complaint, Defendant admits that Plaintiffs purport to bring their First Claim for Relief for violations of the FLSA as a collective action, on behalf of all persons who were, are, or will be employed by Defendant as production or maintenance employees in the affected departments at Defendant's manufacturing facility in Fremont, California, at any time within three years from the date the original complaint was filed who have not been compensated at one and one-half times the regular rate of pay for all work performed that is in excess of forty (40) hours per work week during alleged pre-shift donning and post-shift doffing periods and/or for work allegedly performed during meal periods when donning and doffing paint booth specific PPE. Defendant denies the remaining allegations of said paragraph.

34. Answering paragraph 34 of the First Amended Complaint, Defendant denies all the allegations contained therein.

35. Answering paragraph 35 of the First Amended Complaint, Defendant denies all the allegations contained therein, including those set forth in subparagraphs (a)-(f).

36. Answering paragraph 36 of the First Amended Complaint, Defendant denies all the allegations contained therein.

37. Answering paragraph 37 of the First Amended Complaint, Defendant denies all the allegations contained therein.

## CALIFORNIA CLASS ACTION ALLEGATIONS

38. Answering paragraph 38 of the First Amended Complaint, Defendant admits that Plaintiffs purport to bring the Second through Fifth Claims for Relief for violation of California's wage and hour laws as a class action on behalf of themselves and all other people who are and/or were employed by NUMMI as a production or maintenance employee in NUMMI's truck paint or passenger paint departments, or in the paint side of its plastics department, and/or body shop department's ELPO and Repair Teams, at its Fremont, California manufacturing facility at any time

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)   7.   ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

between July 30, 2003 and the present. Defendant denies the remaining allegations of said paragraph.

39. Answering paragraph 39 of the First Amended Complaint, Defendant admits that Plaintiff Donald Alexander purports to bring the Second through Fifth Claims for Relief for violation of California's wage and hour laws as a class action on behalf of himself and all other people who are and/or were employed by NUMMI as a production or maintenance employee in NUMMI's truck paint or passenger paint departments, or in the paint side of its plastics department at its Fremont, California manufacturing facility, and who worked in a paint booth, at any time between July 30, 2003 and the present. Defendant denies the remaining allegations of said paragraph.

40. Answering paragraph 40 of the First Amended Complaint, Defendant admits that more than 205 people have been employed by NUMMI as production or maintenance employees in the affected departments at NUMMI's Fremont, California manufacturing facility during the last three years. Defendant denies the remaining allegations of said paragraph.

41. Answering paragraph 41 of the First Amended Complaint, Defendant denies all the allegations contained therein, including those set forth in subparagraphs (a)-(k).

42. Answering paragraph 42 of the First Amended Complaint, Defendant denies all the allegations contained therein.

43. Answering paragraph 43 of the First Amended Complaint, Defendant denies all the allegations contained therein.

44. Answering paragraph 44 of the First Amended Complaint, Defendant denies all the allegations contained therein.

45. Answering paragraph 45 of the First Amended Complaint, Defendant denies all the allegations contained therein.

## FIRST CLAIM FOR RELIEF

(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

46. Answering paragraph 46 of the First Amended Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 45, as if they were set

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

forth again herein.

47. Answering paragraph 47 of the First Amended Complaint, Defendant admits that at all relevant times it has had gross operating revenues in excess of $500,000. The remainder of the paragraph contains legal argument not requiring an answer.

48. Answering paragraph 48 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

49. Answering paragraph 49 of the First Amended Complaint, Defendant responds that the paragraph consists of legal argument not requiring an answer.

50. Answering paragraph 50 of the First Amended Complaint, Defendant admits that Plaintiffs are classified as non-exempt employees and are thus eligible to be paid overtime. Defendant denies the remaining allegations of said paragraph.

51. Answering paragraph 51 of the First Amended Complaint, Defendant denies all the allegations contained therein.

52. Answering paragraph 52 of the First Amended Complaint, Defendant denies all the allegations contained therein.

53. Answering paragraph 53 of the First Amended Complaint, Defendant denies all the allegations contained therein.

54. Answering paragraph 54 of the First Amended Complaint, Defendant denies all the allegations contained therein.

55. Answering paragraph 55 of the First Amended Complaint, Defendant denies all the allegations contained therein.

56. Answering paragraph 56 of the First Amended Complaint, Defendant denies all the allegations contained therein.

57. Answering paragraph 57 of the First Amended Complaint, Defendant denies all the allegations contained therein.

58. Answering paragraph 58 of the First Amended Complaint, Defendant denies all the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)　9.　**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

59. Answering paragraph 59 of the First Amended Complaint, Defendant responds that Plaintiffs' allegation that the FLSA "imposes specific record-keeping requirements, including the obligation to keep accurate records of all hours worked" is a legal argument that does not require an answer. Defendant denies the remaining allegations of said paragraph.

60. Answering paragraph 60 of the First Amended Complaint, Defendant denies all the allegations contained therein.

## SECOND CLAIM FOR RELIEF

(Cal. Wage Order No. 1; Cal. Labor Code §§ 510, 1194, 1198)

61. Answering paragraph 61 of the First Amended Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 60, as if they were set forth again herein.

62. Answering paragraph 62 of the First Amended Complaint, Defendant responds that it is comprised of legal argument and does not require an answer.

63. Answering paragraph 63 of the First Amended Complaint, Defendant admits that Plaintiffs are non-exempt employees and are entitled to be paid overtime compensation for all overtime hours work. Defendant denies the remaining allegations of said paragraph.

64. Answering paragraph 64 of the First Amended Complaint, Defendant denies all the allegations contained therein.

65. Answering paragraph 65 of the First Amended Complaint, Defendant denies all the allegations contained therein.

66. Answering paragraph 66 of the First Amended Complaint, Defendant denies all the allegations contained therein.

67. Answering paragraph 67 of the First Amended Complaint, Defendant admits that many of the purported class members are no longer working for Defendant. Defendant denies the remaining allegations of said paragraph.

68. Answering paragraph 68 of the First Amended Complaint, Defendant denies all the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)   10.   ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

69. Answering paragraph 69 of the First Amended Complaint, Defendant denies all the allegations contained therein.

### THIRD CLAIM FOR RELIEF

(Cal. Wage Order No. 1; Cal. Labor Code § 1194, 1194.2, 1197)

70. Answering paragraph 70 of the First Amended Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 69, as if they were set forth again herein.

71. Answering paragraph 71 of the First Amended Complaint, Defendant responds that it consists of legal argument not requiring an answer.

72. Answering paragraph 72 of the First Amended Complaint, Defendant admits the allegations of said paragraph.

73. Answering paragraph 73 of the First Amended Complaint, Defendant denies all the allegations contained therein.

74. Answering paragraph 74 of the First Amended Complaint, Defendant responds that it consists of legal argument not requiring an answer.

75. Answering paragraph 75 of the First Amended Complaint, Defendant responds that it consists of legal argument not requiring an answer.

76. Answering paragraph 76 of the First Amended Complaint, Defendant admits that many purported class members are no longer working for Defendant. The remaining allegations of said paragraph are denied.

77. Answering paragraph 77 of the First Amended Complaint, Defendant responds that it consists of legal argument not requiring an answer.

78. Answering paragraph 78 of the First Amended Complaint, Defendant denies all the allegations contained therein.

### FOURTH CLAIM FOR RELIEF

(Cal. Labor Code §§ 226, 1174, 1174.5, Cal. Wage Order No. 1)

79. Answering paragraph 79 of the First Amended Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 78, as if they were set

(NO. C07-03887 PJH)    11.    ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

forth again herein.

80. Answering paragraph 80 of the First Amended Complaint, Defendant denies all the allegations contained therein.

81. Answering paragraph 81 of the First Amended Complaint, Defendant responds that it consists of legal argument not requiring an answer.

## FIFTH CLAIM FOR RELIEF

(California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.*)

82. Answering paragraph 82 of the First Amended Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 81, as if they were set forth again herein.

83. Answering paragraph 83 of the First Amended Complaint, Defendant denies all the allegations contained therein.

84. Answering paragraph 84 of the First Amended Complaint, Defendant denies all the allegations contained therein.

85. Answering paragraph 85 of the First Amended Complaint, Defendant denies all the allegations contained therein.

86. Answering paragraph 86 of the First Amended Complaint, Defendant denies all the allegations contained therein.

87. Answering paragraph 87 of the First Amended Complaint, Defendant denies all the allegations contained therein.

88. Answering paragraph 88 of the First Amended Complaint, Defendant denies all the allegations contained therein.

89. Answering paragraph 89 of the First Amended Complaint, Defendant denies all the allegations contained therein.

90. Answering paragraph 90 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

**PRAYER FOR RELIEF**

Defendant denies the propriety of each and every request or prayer for relief. Defendant requests that the Court deny the requested relief.

**AFFIRMATIVE DEFENSES**

Defendant NEW UNITED MOTOR MANUFACTURING, INC. states the following facts as separate affirmative defenses to Plaintiffs' First Amended Complaint:

1.   AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

That the time Plaintiffs and the putative class members spend changing clothes at the beginning or end of each workday is excluded from working time by custom or practice under a *bona fide* collective bargaining agreement and is thus non-compensable pursuant to section 3(o) of the Fair Labor Standards Act, 29 U.S.C. § 203(o).

2.   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

That Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act ("LMRA") and Plaintiffs failed to timely exhaust their contractual remedies for such claims.

3.   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

That Plaintiffs, by their acts and omissions, have waived any claims and purported claims for relief contained therein.

4.   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

That even if, *arguendo,* Plaintiffs, or any of them, could establish a claim for damages, Plaintiffs and each of them failed to mitigate such damages, if any.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

Defendant acted reasonably and in reliance upon written administrative regulations, order, or rulings to assure full compliance with all applicable requirements of the Fair Labor Standards Act and California State law relative to compensation paid to Plaintiffs.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

Plaintiffs' First Amended Complaint and each cause of action therein fails to state a valid claim for waiting time penalties, punitive, exemplary or liquidated damages. Defendant has made good faith efforts to comply with the law and as such even if, *arguendo*, Plaintiffs could establish any of the claims alleged in the First Amended Complaint there has been no willful violation of law.

7. AS AND FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

To the extent that Plaintiffs are pursuing civil penalties under the Labor Code statutes cited in their first amended complaint, they have failed to timely exhaust their administrative remedies under the Labor Code Private Attorneys General Act of 2004.

8. AS AND FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

That the time Plaintiffs spent donning and doffing their coveralls was *de minimus* and thus not compensable under the FLSA or California law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)   14.   **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    9.   AS AND FOR A NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE FIRST AMENDED COMPLAINT, Defendant alleges:

Plaintiffs' First Amended Complaint fails to state a cognizable class under 29 U.S.C. section 216, Federal Rule of Civil Procedure 23, California State law, or under any applicable rule or law regulating the maintenance of collective or class actions, including but not limited to Plaintiffs' failure to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing.

Defendants have not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the First Amended Complaint, and accordingly, reserve the right to amend, modify, revise, or supplement their Answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in its defense upon the completion of said investigation and study.

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.   Plaintiffs take nothing by virtue of the claims filed herein and that the claims be dismissed in their entirety with prejudice;

2.   For all reasonable costs incurred by Defendant in connection with the defense of this matter;

3.   For attorneys' fees; and

4.   For such other and further relief as the Court may deem proper.

Dated: May 8, 2008

/s/ Marlene S. Muraco
MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

Firmwide:85117232.1 048320.1017

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C07-03887 PJH)         15.      **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**