JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
LINDA LYE (SBN 215584)
PEDER THOREEN (SBN 217081)
JENNIFER SUNG (SBN 254741)
ALTSHULER BERZON LLP
177 Post Street, Suite 300, San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com
E-Mail: ecervantez@altshulerberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: pthoreen@altshulerberzon.com
E-Mail: jsung@altshulerberzon.com

*Attorneys for Plaintiffs*
*David Martin, Perry Dean, Donald Alexander,*
*Anthony Silva, and the proposed Plaintiff Class*

MARLENE S. MURACO (SBN 154240)
ERICA H. KELLEY (SBN 221702)
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando St., 14 Fl., San Jose, CA 95113
Telephone: (408) 998-4150
Facsimile: (408) 288-5686
E-Mail: mmuraco@littler.com
E-Mail: ekelley@littler.com

*Attorneys for Defendant*
*New United Motor Manufacturing, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>Defendant. | Case No. C07-03887 PJH<br><br>[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE, AND CLAIM FORM TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES.<br><br>Date: July 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Phyllis J. Hamilton |

Having reviewed plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class, the parties' Joint Stipulation of Class Settlement and Class Settlement Agreement and Release ("Settlement") (attached hereto as Exhibit 1), along with the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

## I.  CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23

### A.  Settlement Class

For settlement purposes, the Parties have proposed conditional certification of the following settlement class under Federal Rule of Civil Procedure 23 (the "Class"):

> All persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2003 to the date the Preliminary Approval Order is entered by the Court, who do not timely opt out pursuant to the process provided in the Preliminary Approval Order.

### B.  Conditional Certification

The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1. The Class is sufficiently numerous (more than 1,000 persons) that joinder is impracticable.

2. The members of the Class share common issues of fact and law regarding whether NUMMI failed to properly compensate Class members for time spent donning and doffing cleanroom coveralls and other required equipment and engaged in related activities, as required by the FLSA and California law.

3. Plaintiffs' claims are typical of those of the Class, because they arise out of the same policies and practices and course of conduct complained of by all Class members.

4. Plaintiffs are adequate representatives of the Class, because their interests are co-extensive with those of Class members, and they have retained experienced counsel to represent them.

5. Questions of law or fact common to the Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

## II. DESIGNATION OF COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

For settlement purposes, the parties have proposed conditional designation of the action as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the period of July 30, 2004 to the date the Preliminary Approval Order is entered by the Court; Class Members will have until the deadline for filing claims to opt into the collective action. The Court hereby finds and concludes that the Class fulfills the requirements for a collective action under section 16(b).

1. Under section 16(b), an action may be maintained by an employee or employees on behalf of others who are "similarly situated."

2. Here, the Class members are similarly situated for purposes of a collective action under section 16(b) because NUMMI required Class members to perform similar donning and doffing activities, and NUMMI failed to compensate Class members for those activities.

Accordingly, designation as a collective action under section 16(b) is appropriate for those Class members with claims within the three years preceding the filing of plaintiffs' complaint.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

### A. Class Representatives

The Court finds and concludes that plaintiffs have claims typical of Class members and are adequate representatives of them. The Court hereby appoints Plaintiffs to serve as Class Representatives for both the Rule 23 class action and the section 16(b) collective action.

### B. Class Counsel

The Court finds and concludes that Altshuler Berzon LLP has extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions. The Court appoints this firm as Class Counsel for both the Rule 23 class action and the section 16(b) collective action.

## IV. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the

release of claims. The Court has also read and considered the declaration of James M. Finberg in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated plaintiffs' claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

## V.    APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER OF DISTRIBUTION

The parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing (the "Class Notice") (evidenced by Exhibit A to the Settlement) and a proposed Claim Form (evidenced by Exhibit B to the Settlement). The parties have also proposed a plan for distributing these documents, along with a pre-paid, self-addressed return envelope, to Class members after the Court grants preliminary approval of the Settlement. After carefully reviewing these documents and plan of distribution, the Court finds and concludes as follows:

### A.    **Best Notice Practicable**

The proposed Class Notice is the best notice practicable under the circumstances and allows Class members a full and fair opportunity to consider the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about plaintiffs' and Class Counsel's forthcoming applications for the Class Representative Payments and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about how to claim a share of the proceeds under the Settlement; (4) appropriate information about this

Court's procedures for final approval of the Settlement, and about Class members' right to appear through counsel if they desire; (5) appropriate information about how to object to or elect not to participate in the Settlement, if a Class member wishes to do so; and (6) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

### B. Claim Form

Similarly, the proposed Claim Form allows Class members a full and fair opportunity to submit a claim for proceeds under the Settlement. The Claim Form fairly, accurately, and reasonably informs Class members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the proceeds under the Settlement. Further, the Claim Form clearly sets forth the procedures by which Class members may contest NUMMI's records of their employment history, which may affect their monetary recovery under the settlement.

### C. Plan of Distribution

The proposed plan for distributing the Class Notice and the Claim Form likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, NUMMI will provide the Settlement administrator with the last known addresses of all Class members. Given that the majority of Class members are current NUMMI employees, it is reasonable to assume that NUMMI's information is accurate. In addition, prior to mailing the Class Notice and Claim Form to the Class, the Settlement administrator will use reasonable methods to update Class members' addresses. The Settlement administrator will distribute the Class Notice and the Claim Form, along with a pre-paid, self-addressed return envelope, to all Class members by first-class mail to their last known or updated addresses. The Settlement administrator will also track non-delivered notice materials and take reasonable steps to re-send them to the correct, current addresses. There is no additional method of distribution that would be reasonably likely to notify Class members who may not receive notice pursuant to the proposed distribution plan.

### D. Approval

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice and Claim Form will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby orders

as follows:

1. The Class Notice is approved.

2. The Claim Form is approved.

3. The manner of distributing the Class Notice and Claim Form to the Class is approved.

4. Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Class Notice and Claim Forms, incorporating into them the relevant dates and deadlines set forth in this order.

5. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

6. Within ten (10) days after the Court enters its Preliminary Approval Order, NUMMI will provide to the Settlement Administrator a database that lists, for each Class member, the Class member's name; Social Security number; last known address and telephone numbers; and for each Covered Position held during the Covered Period: the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days. This database will be drawn from NUMMI's payroll and other business records and in a format acceptable to the Settlement Administrator. NUMMI will consult with the Settlement Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Settlement Administrator. NUMMI also will provide Class Counsel with a list of each Class member's name; and for each Covered Position held during the Covered Period, the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.

7. Prior to the mailing of the notice materials, the Settlement Administrator will update any new address information for Class members as may be available through the National Change of Address ("NCOA") database or equivalent system.

8. Within fourteen (14) days after receiving the database from NUMMI, the Settlement Administrator will mail, via first-class mail, the Class Notice, Claim Form, and pre-paid, self-addressed return envelope to all Class members at their last known address or at the

most recent address that may have been obtained through the NCOA.

9. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class members for whom the notice materials are returned by the U.S. Postal Service as undeliverable. The Settlement Administrator will trace all returned undeliverable Notice Materials and re-mail them to the most recent address available. The Settlement Administrator will promptly notify Class Counsel and counsel for NUMMI of any mail sent to Class members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

10. Twenty-five (25) days after the Settlement Administrator mails the notice materials to the Class members, the Settlement Administrator will mail a reminder card to all Class members who have not submitted claims.

11. The Settlement Administrator will take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## VI. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for October 29, 2008, at 9:00 a.m.

### B. Deadline to Elect Not to Participate in the Settlement

#### 1. Form of Election.

Class members may exclude themselves from participating in the Settlement. To do so, the Class member must submit a written request not to participate in the Settlement that includes the Class member's name and signature and recites the following language:

> I understand that, by this request to be excluded from the monetary settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from this Settlement. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case.

2.      **Deadline for Submitting Election.**

Class members will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice and Claim Form to submit to the Settlement Administrator a valid, written request not to participate in the Settlement. A valid, written request not to participate in the Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than forty-five (45) days after the Settlement Administrator first mails the Class Notice and Claim Form to Class members, or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. Only those Class members who submit a request not to participate in the Settlement within the time and by the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class member who properly elects not to participate in the Settlement in the manner required by this Order. No named Plaintiff may elect not to participate in the Settlement.

C.      **NUMMI's Right to Rescind the Settlement Agreement**

In the event that 40 or more of the Class members submit valid and timely requests not to participate in the Settlement, NUMMI will have the right to rescind the Settlement and all actions taken in its furtherance will be null and void. NUMMI must exercise this right within fourteen (14) days after the deadline for submitting requests not to participate in the Settlement.

D.      **Deadline for Filing Objections to Settlement**

Any Class member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing. The objection need not be in any specific form; a short and simple statement of the objection is sufficient. The objection may, but need not, be made with assistance of counsel. Class members who have timely objected to the Settlement in writing may also appear at the Final Approval Hearing. Objections should be mailed to the Settlement Administrator, via first-class mail, postmarked not later than forty-five (45) days after the date that the Class Notice and Claim Form are first mailed to Class members by the Settlement Administrator. Any Class member who does not timely file and serve such a written objection will not be permitted to raise such objection, except for

good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such objection.

The Settlement Administrator shall stamp the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than three (3) days after receipt thereof. The Settlement Administrator shall also file the date-stamped originals of any objections with the Clerk of Court within three (3) business days after the deadline for submitting objections.

E. **Deadline for Submitting Claim Forms**

A Class member who does not validly and timely request not to participate in the Settlement will be eligible for a share of the Settlement benefit. To receive this share, such a Class member must properly and timely complete a Claim Form in accordance with the terms of the Settlement. A completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than sixty (60) days after the initial mailing of the Class Notice and Claim Form to the Class members; or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. Unless the Class member validly and timely requests not to participate in the Settlement, the failure to mail or deliver a completed Claim Form by the deadline will bar the Class member from receiving any share of the Settlement benefit, even though the Class member will remain bound by the Settlement. It will be the sole responsibility of each Class member who seeks to submit a Claim Form to notify the Settlement Administrator if the Class member changes his or her address. The failure of a Class member to keep the Settlement Administrator informed of his or her address may result in the claim being denied or forfeited.

F. **Deadline for Submitting Motion Seeking Final Approval**

Not later than thirty-five (35) days before the Final Approval Hearing, the plaintiffs will file a motion for final approval of the Settlement. Two weeks or more before the Final Approval Hearing, the parties may file a reply brief responding to any filed objections.

G. **Deadline for Motion for Approval of Class Representative Payments**

Not later than thirty-five (35) days before the Final Approval Hearing, plaintiffs may file a

motion for approval of their Class Representative Payments. Two weeks or more before the Final Approval Hearing, plaintiffs may file a reply brief responding to any filed opposition memorandum to the motion.

    H.    **Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award**

Not later than thirty-five (35) days before the Final Approval Hearing, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment. Two weeks or more before the Final Approval Hearing, Class Counsel may file a reply brief responding to any filed opposition memorandum to the motion.

VII.    **RELEASE OF CLAIMS**

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, plaintiffs and every Class member who does not validly and timely request not to participate in the Settlement will, pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement, regardless of whether he or she submits a Claim Form or receives any share of the Settlement benefit.

VIII.    **APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

The Garden City Group, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

IT IS SO ORDERED.

Dated: _____, 2008

                                                                          Phyllis J. Hamilton
                                                                    United States District Judge