**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>Defendant. | Case No. C07-03887 PJH<br><br>NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING |

This Notice, which has been approved by the Court, is to notify Class Members in the class action *Martin, et al., v. New United Motor Manufacturing, Inc.* of the proposed $4.65 million settlement (the "Settlement") reached between the parties. The Court has granted preliminary approval to the Settlement, and it has conditionally certified the Class for Settlement purposes only.

> *Para informacion en espanol, por favor visite* **[website]** *o hable al* **[GCG tel. number]**.

### Important Dates

- If you wish to claim a share of the settlement described in this notice, you must complete and submit a Claim Form, postmarked or received by the Settlement Administrator on or before [DATE], or else you will not receive your share of the settlement.
- If you wish to comment on or object to the settlement, your comment or objection must be postmarked or received by the Settlement Administrator on or before [DATE], or else your objections will be deemed waived.
- If you do not want to participate in the settlement, you must request exclusion from the Settlement according to the directions in this notice, and your request must be postmarked or received by the Settlement Administrator on or before [DATE], or else you will be bound by the settlement even if you do not claim your share of the settlement.

All claim forms, comments, objections, and requests not to participate in the Settlement must be postmarked or received by the Settlement Administrator, The Garden City Group, by the applicable deadline:

**The Garden City Group**
**Address**
**Tel. number. Fax number**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on [DATE], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

## 1. SUMMARY OF THE SETTLEMENT AND MY RIGHTS

§ 1.a.   <u>What Is a Class Action?</u>   A class action is a lawsuit in which the claims and rights of many similarly situated people ("Class Members") are decided in a single court proceeding. One or more representative plaintiffs ("Class Representatives") file a lawsuit asserting claims on behalf of all the class members.

§ 1.b.   <u>The Class Definition.</u>   You were sent this notice because NUMMI's records show that you are a Member of the Class. The Class includes all persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2003 to ▮▮▮▮ [date of preliminary approval order], who do not timely submit a valid request not to participate in the Settlement, following the procedure described in § 8.

§ 1.c.   <u>Options and Dates.</u>   You have several options:

(1) To receive a payment under the Settlement, you must complete a Claim Form (which is attached to this Notice) and submit it to the Settlement Administrator, postmarked or received by ▮▮▮▮, 2008 [60 days after notice of Settlement was mailed], following the procedure described in § 4.a. If you do not do this, you will receive no money from this Settlement.

(2) You may comment on or object to the Settlement in writing, postmarked or received by ▮▮▮▮, 2008 [45 days after notice of Settlement was mailed], following the procedure described in § 8.

(3) You may request that you be excluded from the Settlement according to the instructions in § 9 below. If you choose to be excluded from the Settlement, you will no longer be a Class Member--and therefore will receive no money under this Settlement--and you will not release your claims, which means that you will be able to bring a separate lawsuit on your own for these claims. Unless you properly request to be excluded, you will be a Class Member and will release all claims alleged in this case (see § 5, below), even if you do not fill out a Claim Form. In order to request not to participate in the Settlement, you must follow the instructions described in § 9 and submit your written request to the

1  Settlement Administrator, postmarked or received by ▇▇▇, 2008 [45 days after notice of Settlement
2  was mailed].

**2.    BACKGROUND OF THE CASE**

§ 2.a. <u>The Claims at Issue.</u> On May 30, 2007, plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva ("Plaintiffs") filed a class action complaint in this Court. In the lawsuit, Plaintiffs alleged that NUMMI failed to pay them and the Proposed Class wages for time spent donning and doffing antistatic coveralls and other equipment they are required to wear in order to perform their jobs in the "cleanroom" environments where they work, including time spent walking between their locker rooms and work areas or team meeting locations, before and/or after their scheduled shifts. Plaintiffs sought compensation, including straight time and overtime, due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and California wage-and-hour laws. Plaintiffs further alleged that NUMMI failed to provide them with correctly itemized wage statements. A subset of the Proposed Class consisting of individuals who work in NUMMI's "spray booths" also sought additional overtime compensation under the FLSA and California wage-and-hour laws for break and lunch time during which they are required to don and doff certain spray booth-specific protective equipment, such as respirators. Plaintiffs further alleged that by committing the unlawful acts alleged in their complaint, NUMMI engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.*

§ 2.b. <u>NUMMI's Denial of Liability.</u> NUMMI denies all of Plaintiffs' allegations. Specifically, NUMMI denies that Plaintiffs or the Proposed Class are owed any additional compensation for the hours they spent donning and doffing antistatic coveralls or other required equipment, or walking between their locker rooms and work areas or team meeting locations, before or after their scheduled shifts. NUMMI further denies that any Plaintiffs or Class Members are owed any additional compensation for time spent donning and doffing spray booth-specific protective gear, such as respirators, during their meal and rest break periods. NUMMI further denies that it failed to provide Plaintiffs or the Proposed Class with correctly itemized wage statements or committed any unlawful acts that constitute unfair competition. NUMMI further denies that a class can be properly certified in this case.

§ 2.c. <u>The Litigation of the Class Action.</u> The parties have actively litigated the case. Plaintiffs' counsel obtained extensive information about NUMMI and the Class, including documents (such as employment policies and handbooks, training materials, workplace notices and postings, and information regarding workplace health and safety hazards). Plaintiffs' counsel also took the depositions of NUMMI paint department managers and also interviewed numerous Class Members.

## 3. SUMMARY OF THE SETTLEMENT

§ 3.a. <u>The Mediation.</u> The parties participated in extensive settlement discussions, including a 10-hour day of mediation before a neutral third party, a respected mediator in San Francisco. At the mediation, the parties reached the Settlement. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. Plaintiffs' counsel has determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

§ 3.b. <u>The Settlement Agreement and the Court's Final Approval Hearing.</u> The parties have presented the Settlement to the Court for its review. The Court has granted preliminary approval to the Settlement. As described in this Notice, the Court will hold a hearing on ▅▅▅▅, 2008 to determine whether to grant final approval to the Settlement. Only after the Settlement is granted final approval will money be paid to Class Members under the Settlement.

§ 3.c. <u>How the Settlement Funds Will Be Distributed.</u> Under the Settlement, NUMMI will pay $4.65 million. These settlement funds will be used to pay (1) Class Representative Payments to Plaintiffs to compensate Plaintiffs for their services to the Class (see § 6 below), (2) Class Counsel's attorneys' fees and costs (see § 7 below) to compensate Plaintiffs' counsel for their services to the Class, (3) the reasonable fees and expenses of the Settlement Administrator, and (4) money to all Class Members who properly submit Claim Forms (see § 4.a below), pursuant to the plan of allocation (see § 4.b below).

§ 3.d. <u>You Must File a Claim Form to Receive Money.</u> In order to receive money from the Settlement, a Class Member must submit a Claim Form by the deadline set under the Settlement (see § 4 below).

§ 3.e. <u>Unless You Elect Not to Participate in the Settlement, You Will Be Bound.</u> Unless a

Class Member elects not to participate in the Settlement, he or she will be bound by the Settlement, including its release of claims, and will not be allowed to pursue individual claims released under the Settlement against NUMMI, even if he or she has not submitted a claim for a settlement share (see §§ 4 and 9 below).

§ 3.f. <u>The Final Approval Hearing.</u> The parties have submitted the Settlement to the Court. The Court has granted preliminary approval of the Settlement. The Court will hold a hearing on ▮▮▮, 2008, at 9:00 a.m., to determine whether to grant final approval to the Settlement (see § 10 below). Only after the Settlement is granted final approval can money be paid to Class Members under the Settlement.

## 4. HOW TO RECEIVE MONEY FROM THE SETTLEMENT (COMPLETING AND SUBMITTING THE CLAIM FORM)

§ 4.a. <u>Participating in the Settlement by Completing and Submitting the Claim Form.</u> If you want to receive money from the Settlement, you must complete and submit the Claim Form attached to this notice, postmarked or received by the Settlement Administrator by ▮▮▮, 2008 [60 days after Notice of Settlement was mailed]:

> The Garden City Group
> Address
> Tel. number.  Fax number

A postage pre-paid, self-addressed return envelope is enclosed for your convenience. If you need another Claim Form, contact the Settlement Administrator.

By submitting a Claim Form, you will be consenting to join the Fair Labor Standards Act collective action that has been designated by the Court. **If you do not properly submit a Claim Form, postmarked or received by the Claims Administrator by [DATE], you will not receive any money from the Settlement.**

§ 4.b. <u>How Will My Settlement Share Be Calculated?</u> The Settlement Fund equals $4,650,000 plus interest running from the date on which NUMMI deposits the money into the fund. NUMMI will pay this amount regardless of the number of Claimants. The Net Settlement Fund equals the Settlement Fund minus (i) the Class Representative Payments (see § 6), (ii) the Class Counsel Attorneys' Fees and Costs Payment (see § 7), and (iii) the cost of this Notice and the settlement administration.

From data provided by NUMMI, the Settlement Administrator will calculate each Claimant's

1  Settlement Share based on the ratio of the Claimant's total number of Compensable Work Days to the
2  total number of all Claimants' Compensable Work Days. Compensable Work Days are the days New
3  United Motor Manufacturing, Inc. ("NUMMI") required the Claimant to work in a cleanroom while
4  employed in a Covered Position, during the Covered Period; *except* that because NUMMI has permitted
5  employees in the paint side of the Plastics department to don and doff their coveralls on-the-clock since
6  February 2006, days worked in the Plastics Department shall only qualify as a Compensable Work Day
7  if they were worked between the dates of July 30, 2003 and February 28, 2006. Covered Positions
8  include maintenance and production employees in the Truck Paint, Passenger Paint, Plastics, and Body
9  Shop departments who work in a cleanroom. The Covered Period runs from July 30, 2003 to [July 30,
10 2008].

11  Your estimated Settlement Share is shown on your Claims Form. This amount was calculated
12 under the assumption that all of the Class Members properly submit Claim Forms and the Court awards
13 the Class Representative Payments and the Class Counsel Attorneys' Fees and Costs Payment as
14 requested. Your actual Settlement Share may be higher or lower.

15  § 4.c.  **What if the Information on My Claim Form is Incorrect?** The information on the Claim
16 Form, and each Settlement Share, is based on NUMMI's official employment and payroll records. The
17 Claim Form enclosed with this Notice identifies each Covered Position in which you were employed,
18 the dates of your employment in that Covered Position, and the number of your Compensable Work
19 Days within the Covered Period. If you believe that any of the information on the Claim form is
20 incorrect, you must follow the instructions in § 2 of the Claim Form, including providing the correct
21 information and enclosing supporting documentation. Challenges will be resolved by the Settlement
22 Administrator without a hearing.

23  § 4.d.  **When Will My Share of the Settlement Be Distributed to Me?** Within 60 days after the
24 Court's order granting final approval of the Settlement becomes final and non-appealable, Settlement
25 Share checks will be mailed to all Claimants who submitted valid and timely Claim Forms. It is
26 expected that checks will be mailed out sometime in January 2009, but that date is subject to change.
27 The Settlement Administrator, working with Plaintiffs' counsel and NUMMI, will diligently attempt to
28 ensure that all eligible Claimants receive their Settlement Shares.

§ 4.e. <u>Settlement Share Checks Not Cashed Within Six Months Will Be Forfeited.</u> If any Claimant who submitted a timely and valid Claim Form does not cash the check(s) for his or her Settlement Share within six (6) months after issuance, he or she will not receive any proceeds under the Settlement, and the Settlement Share proceeds represented by the check (the "Remainder") will be distributed as follows:

1. If the Remainder equals $30,000 or more, it will be distributed to all Claimants who cashed their Settlement Share checks proportionately to their respective Settlement Shares.
2. If the Remainder is less than $30,000, it will be donated in the name of the "*Martin v. NUMMI*" Settlement Fund [to a charity or charities to be agreed upon by the Parties or selected by the Court].

§ 4.f. <u>Tax Consequences.</u> Half of each Settlement Share is considered a settlement of claims for wages subject to Form W-2 reporting and therefore will be reduced by normal payroll tax withholding and deductions. NUMMI will pay its share of applicable payroll taxes separately and in addition to the payment it makes to the Settlement Fund, and NUMMI's tax payment will not reduce your Individual Settlement Payment.

The other half of each Settlement Share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting. You will be responsible for separately paying all taxes owed based on this half of the Settlement Share.

You should consult your tax advisor regarding any questions about the tax consequences of the treatment of your Settlement Share.

§ 4.g. <u>What Happens If Not All of the Settlement Fund Is Claimed?</u> If not all the Class Members submit Claim Forms, all of the Settlement Fund available for distribution will be paid to those Class Members who submitted timely and valid Claim Forms.

§ 4.h. <u>NUMMI's Settlement Amount.</u> NUMMI is obligated to pay the full $4.65 million settlement amount regardless of how many Class Members submit Claim Forms.

## 5. RELEASE OF CLAIMS

Under the Settlement, as of the date the Final Approval Order is entered by the Court, each and every Class Member who does not timely and validly request not to participate in the Settlement releases NUMMI and its former and current parents, subsidiaries, and affiliated corporations, its officers, directors, employees, partners, shareholders, and agents, and any other insurers, successors, assigns, and

legal representatives (the "NUMMI Parties"), from any claims that were brought, or could have been brought, arising out of the facts alleged in the Plaintiffs' Complaint in this action involving the donning and doffing of cleanroom coveralls and other personal protective equipment including, but not limited to, spray booth gear, in the NUMMI truck paint department, passenger paint department, paint side of the plastics department, and body shop department ELPO and repair teams, and while Class Members were employed in a Covered Position during the Covered Period and between the Covered Period and the date the Final Approval Order is entered by the Court (the "Released Claims"). The Released Claims include, but are not limited to, claims for failure to pay overtime premiums as required by FLSA, 29 U.S.C. §201, *et seq.*, failure to pay overtime premiums as required by California Labor Code §§510, 1194, and 1198, and California Wage Order No. 1; failure to pay minimum wages as required by Cal. Labor Code §§1194, 1194.2, and 1197, and Cal. Wage Order No. 1; failure to comply with record keeping requirements as required by Cal. Labor Code §226; failure to pay wages due at time of termination as required by Cal. Labor Code §§ 201 and 203; engagement in unfair and unlawful business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*; and any and all penalties established by the California Private Attorney General Act (PAGA) for any of the claims described in this paragraph.

**Waiver of California Civil Code Section 1542:** With respect to the subject matter of their respective Released Claims, Class Members expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**6.    CLASS REPRESENTATIVE PAYMENTS**

Plaintiffs will request that the Court approve a Class Representative Payment of $5,000 for each named plaintiff. This amount is in recognition of the service performed by Plaintiffs in representing the Class and advancing the litigation. This payment will be paid in addition to Plaintiffs' Settlement Share as a Class Member. The Class Representative Payments will be paid only if the Court approves them.

**7.    CLASS COUNSEL ATTORNEYS' FEES AND COSTS PAYMENT**

Plaintiffs' counsel will request that the Court approve a payment of 25% of the principal Settlement Fund ($1,162,500) to compensate them for their time and effort in bringing this case, and that it award them an amount up to $35,000 to reimburse them for the out-of-pocket costs they have incurred during the litigation. These amounts, if awarded, will be paid from the Settlement Fund. Plaintiffs' counsel believe the attorneys' fees and costs requested are fair and reasonable. These fee and cost payments will be paid only if the Court approves them.

## 8. HOW TO COMMENT ON OR OBJECT TO THE SETTLEMENT (IF DESIRED)

If you wish, you may comment on or object to the Settlement by submitting a written notice of comment or objection. Any comments or objections must be postmarked or received by the Settlement Administrator by ▬▬▬▬▬▬▬, 2008 [45 days after Notice of Settlement was mailed]:

> The Garden City Group
> Address
> Tel. number. Fax number

The objection need not be in any specific form; a short and simple statement of your objection is sufficient. You may be represented by your own attorney, but you do not have to be to object. If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney. If you wish to present your objection at the final approval hearing, you should state your intention to do so in your written objection.

If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must comply with the Claim Form submission requirements described in § 4. If the Court approves the Settlement despite any comments or objections, and you have not properly submitted a Claim Form, you will not receive any money from the Settlement, even if you submitted an objection.

## 9. HOW TO ELECT NOT TO PARTICIPATE IN THE SETTLEMENT (IF DESIRED)

If you fall within the class definition provided in § 1.b, you are automatically a Class Member, and will be bound by the Settlement's release of claims, unless you elect to be excluded from the Settlement. If you elect to be excluded from the Settlement, you will not receive any money from the Settlement, will not be bound by the Settlement, including its release of claims, and will be free to pursue your own claim against NUMMI (at your own expense). To be excluded, you must *timely*

submit a <u>written request</u> not to participate in the Settlement that contains 1) your name, 2) your signature, and 3) the following language:

> I understand that, by this request to be excluded from the monetary settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from this Settlement. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case.

In addition, your written request not to participate in the Settlement must be submitted to the Settlement Administrator, postmarked or received by ▓▓▓▓ 2008 [45 days after Notice was mailed]:

The Garden City Group<br/>
Address<br/>
Tel. number.  Fax number

## 10. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on ▓▓▓, 2008, at ▓▓▓ a.m., in Courtroom 3 of the Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Phyllis J. Hamilton, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Plaintiffs' request for the Class Representative Payments and Plaintiffs' counsel's request for the Class Counsel Attorneys' Fees and Costs Payment. The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing.** You may appear at the hearing if you wish, if you have given notice of your comments in favor of or against the Settlement under the procedures set forth in § 8.

## 11. OTHER INFORMATION

§ 11.a. <u>No Cost to You.</u> The Settlement does not require you to pay money out of pocket. However, you are responsible for all taxes owed on your paid Settlement Shares.

§ 11.b. <u>Tax Advice Caveat.</u> Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person. This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction. Plaintiffs' counsel cannot give you tax advice.

§ 11.c. <u>This Notice Provides Only a Summary.</u> This Notice provides only a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to

the detailed Joint Stipulation of Class Settlement and Class Settlement Agreement and Release, which is on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement, may be examined at any time during regular business hours with the Clerk of Court, 450 Golden Gate Avenue, San Francisco, CA 94102, or online on through the Public Access to Court Electronic Resources system, known as "PACER," at http://ecf.cand.uscourts.gov. You also may contact Plaintiffs' counsel at 415-421-7151. **Please do not telephone the court or NUMMI's counsel for information regarding this Settlement or the claim process.**

§ 11.d. Questions.

If you have questions, please feel free to contact the Settlement Administrator:

The Garden City Group
Address
Tel. number   Fax number

You can also check the website for this Class Action: [insert web address, to be set up by the Settlement Administrator].

If you would like to speak with an attorney, please contact Class Counsel, Jim Finberg, Peder Thoreen, or Jennifer Sung (the attorneys who represent the Class) at:

- Altshuler Berzon, LLP, 177 Post St., Suite 300, San Francisco, CA 94703
- By email: contact Jusztina Traum, Paralegal, at jtraum@altshulerberzon.com
- By telephone: _____.

\*   \*   \*

By order of the United States District Court for the Northern District of California.

Dated: June _____, 2008.

_____
Phyllis J. Hamilton
United States District Judge