JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
LINDA LYE (SBN 215584)
PEDER THOREEN (SBN 217081)
JENNIFER SUNG (SBN 254741)
ALTSHULER BERZON LLP
177 Post Street, Suite 300, San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com
E-Mail: ecervantez@altshulerberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: pthoreen@altshulerberzon.com
E-Mail: jsung@altshulerberzon.com

*Attorneys for Plaintiffs*
*David Martin, Perry Dean, Donald Alexander,*
*Anthony Silva, and the proposed Plaintiff Class*

MARLENE S. MURACO (SBN 154240)
ERICA H. KELLEY (SBN 221702)
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando St., 14 Fl., San Jose, CA 95113
Telephone: (408) 998-4150
Facsimile: (408) 288-5686
E-Mail: mmuraco@littler.com
E-Mail: ekelley@littler.com

*Attorneys for Defendant*
*New United Motor Manufacturing, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>          Defendant. | **Case No. C07-03887 PJH**<br><br>**[~~PROPOSED~~] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE, AND CLAIM FORM TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES.**<br><br>Date:       July 30, 2008<br>Time:      9:00 a.m.<br>Courtroom:  3<br>Judge:     Hon. Phyllis J. Hamilton |

1    Having reviewed plaintiffs' Motion for Preliminary Approval of Class Action Settlement and

2    Conditional Certification of Settlement Class, the parties' Joint Stipulation of Class Settlement and Class

3    Settlement Agreement and Release ("Settlement") (attached hereto as Exhibit 1), along with the files

4    and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

5    I.    **CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23**

6          A.    **Settlement Class**

7          For settlement purposes, the Parties have proposed conditional certification of the following

8    settlement class under Federal Rule of Civil Procedure 23 (the "Class"):

9          All persons who perform or performed work in a cleanroom environment while employed
10         by NUMMI as a production or maintenance employee in NUMMI's truck paint
           department, passenger paint department, paint side of the plastics department, and/or
11         body shop department's ELPO teams or repair teams that work in a paint shop, during the
           period from July 30, 2003 to the date the Preliminary Approval Order is entered by the
12         Court, who do not timely opt out pursuant to the process provided in the Preliminary
           Approval Order.

13         B.    **Conditional Certification**

14         The Court hereby finds and concludes that the Class satisfies all of the requirements for

15   certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

16         1.    The Class is sufficiently numerous (more than 1,000 persons) that joinder is

17   impracticable.

18         2.    The members of the Class share common issues of fact and law regarding whether

19   NUMMI failed to properly compensate Class members for time spent donning and doffing cleanroom

20   coveralls and other required equipment and engaged in related activities, as required by the FLSA and

21   California law.

22         3.    Plaintiffs' claims are typical of those of the Class, because they arise out of the same

23   policies and practices and course of conduct complained of by all Class members.

24         4.    Plaintiffs are adequate representatives of the Class, because their interests are co-

25   extensive with those of Class members, and they have retained experienced counsel to represent them.

26         5.    Questions of law or fact common to the Class predominate over individualized issues,

27   and a class action is superior to other available methods for the fair and efficient adjudication of this

28   controversy.

6. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

## II. DESIGNATION OF COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

For settlement purposes, the parties have proposed conditional designation of the action as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the period of July 30, 2004 to the date the Preliminary Approval Order is entered by the Court; Class Members will have until the deadline for filing claims to opt into the collective action. The Court hereby finds and concludes that the Class fulfills the requirements for a collective action under section 16(b).

1. Under section 16(b), an action may be maintained by an employee or employees on behalf of others who are "similarly situated."

2. Here, the Class members are similarly situated for purposes of a collective action under section 16(b) because NUMMI required Class members to perform similar donning and doffing activities, and NUMMI failed to compensate Class members for those activities.

Accordingly, designation as a collective action under section 16(b) is appropriate for those Class members with claims within the three years preceding the filing of plaintiffs' complaint.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

### A. Class Representatives

The Court finds and concludes that plaintiffs have claims typical of Class members and are adequate representatives of them. The Court hereby appoints Plaintiffs to serve as Class Representatives for both the Rule 23 class action and the section 16(b) collective action.

### B. Class Counsel

The Court finds and concludes that Altshuler Berzon LLP has extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions. The Court appoints this firm as Class Counsel for both the Rule 23 class action and the section 16(b) collective action.

## IV. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the

1    release of claims.  The Court has also read and considered the declaration of James M. Finberg in

2    support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this

3    case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between

4    the parties conducted after Class Counsel had adequately investigated plaintiffs' claims and become

5    familiar with their strengths and weaknesses.   The assistance of an experienced mediator in the

6    settlement process confirms that the Settlement is non-collusive.  Based on all of these factors, the Court

7    concludes that the proposed Settlement meets the criteria for preliminary settlement approval.   The

8    Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and

9    reasonable, such that notice to the Class is appropriate.   Accordingly, the Settlement is hereby

10   preliminarily approved.

11   **V.    APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER OF
             DISTRIBUTION**

12

13          The parties have also submitted for this Court's approval a proposed Notice of (1) Proposed

     Class Action Settlement and (2) Final Settlement Approval Hearing (the "Class Notice") (evidenced by
14
     Exhibit A to the Settlement) and a proposed Claim Form (evidenced by Exhibit B to the Settlement).
15
     The parties have also proposed a plan for distributing these documents, along with a pre-paid, self-
16
     addressed return envelope, to Class members after the Court grants preliminary approval of the
17
     Settlement.   After carefully reviewing these documents and plan of distribution, the Court finds and
18
     concludes as follows:
19

20          A.    **Best Notice Practicable**

21          The proposed Class Notice is the best notice practicable under the circumstances and allows

22   Class members a full and fair opportunity to consider the Settlement.

23          The Class Notice fairly, plainly, accurately, and reasonably informs Class members of:

24   (1) appropriate information about the nature of this action, the definition of the Class, the identity of

25   Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate

26   information about plaintiffs' and Class Counsel's forthcoming applications for the Class Representative

27   Payments and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about

28   how to claim a share of the proceeds under the Settlement; (4) appropriate information about this

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
U.S.D.C., N.D. Cal., No. C07-03887 PJH

1    Court's procedures for final approval of the Settlement, and about Class members' right to appear

2    through counsel if they desire; (5) appropriate information about how to object to or elect not to

3    participate in the Settlement, if a Class member wishes to do so; and (6) appropriate instructions as to

4    how to obtain additional information regarding this action and the Settlement.

5        B.    **Claim Form**

6        Similarly, the proposed Claim Form allows Class members a full and fair opportunity to submit a

7    claim for proceeds under the Settlement.  The Claim Form fairly, accurately, and reasonably informs

8    Class members that the failure to complete and submit a Claim Form, in the manner and time specified,

9    will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.  Further,

10   the Claim Form clearly sets forth the procedures by which Class members may contest NUMMI's

11   records of their employment history, which may affect their monetary recovery under the settlement.

12       C.    **Plan of Distribution**

13       The proposed plan for distributing the Class Notice and the Claim Form likewise is a reasonable

14   method calculated to reach all individuals who would be bound by the Settlement.  Under this plan,

15   NUMMI will provide the Settlement administrator with the last known addresses of all Class members.

16   Given that the majority of Class members are current NUMMI employees, it is reasonable to assume

17   that NUMMI's information is accurate.  In addition, prior to mailing the Class Notice and Claim Form

18   to the Class, the Settlement administrator will use reasonable methods to update Class members'

19   addresses. The Settlement administrator will distribute the Class Notice and the Claim Form, along with

20   a pre-paid, self-addressed return envelope, to all Class members by first-class mail to their last known or

21   updated addresses.  The Settlement administrator will also track non-delivered notice materials and take

22   reasonable steps to re-send them to the correct, current addresses.  There is no additional method of

23   distribution that would be reasonably likely to notify Class members who may not receive notice

24   pursuant to the proposed distribution plan.

25       D.    **Approval**

26       Accordingly, the Court finds and concludes that the proposed plan for distributing the Class

27   Notice and Claim Form will provide the best notice practicable, satisfies the notice requirements of Rule

28   23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby orders

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
U.S.D.C., N.D. Cal., No. C07-03887 PJH

as follows:

1.  The Class Notice is approved.

2.  The Claim Form is approved.

3.  The manner of distributing the Class Notice and Claim Form to the Class is approved.

4.  Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Class Notice and Claim Forms, incorporating into them the relevant dates and deadlines set forth in this order.

5.  Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

6.  Within ten (10) days after the Court enters its Preliminary Approval Order, NUMMI will provide to the Settlement Administrator a database that lists, for each Class member, the Class member's name; Social Security number; last known address and telephone numbers; and for each Covered Position held during the Covered Period: the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.  This database will be drawn from NUMMI's payroll and other business records and in a format acceptable to the Settlement Administrator. NUMMI will consult with the Settlement Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Settlement Administrator.  NUMMI also will provide Class Counsel with a list of each Class member's name; and for each Covered Position held during the Covered Period, the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.

7.  Prior to the mailing of the notice materials, the Settlement Administrator will update any new address information for Class members as may be available through the National Change of Address ("NCOA") database or equivalent system.

8.  Within fourteen (14) days after receiving the database from NUMMI, the Settlement Administrator will mail, via first-class mail, the Class Notice, Claim Form, and pre-paid, self-addressed return envelope to all Class members at their last known address or at the

1    most recent address that may have been obtained through the NCOA.

2    9.    The Settlement Administrator will take all reasonable steps to obtain the correct address

3    of any Class members for whom the notice materials are returned by the U.S. Postal

4    Service as undeliverable.    The Settlement Administrator will trace all returned

5    undeliverable Notice Materials and re-mail them to the most recent address available.

6    The Settlement Administrator will promptly notify Class Counsel and counsel for

7    NUMMI of any mail sent to Class members that is returned as undeliverable after the

8    first mailing as well as any such mail returned as undeliverable after any subsequent

9    mailing(s).

10    10.    Twenty-five (25) days after the Settlement Administrator mails the notice materials to the

11    Class members, the Settlement Administrator will mail a reminder card to all Class

12    members who have not submitted claims.

13    11.    The Settlement Administrator will take all other actions in furtherance of claims

14    administration as are specified in the Settlement Agreement.

15    VI.    **PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

16    A.    **Final Approval Hearing**

17    The Court hereby schedules a hearing to determine whether to grant final approval of the

18    Settlement (the "Final Approval Hearing") for October 29, 2008, at 9:00 a.m.

19    B.    **Deadline to Elect Not to Participate in the Settlement**

20    1.    **Form of Election.**

21    Class members may exclude themselves from participating in the Settlement.    To do so, the

22    Class member must submit a written request not to participate in the Settlement that includes the Class

23    member's name and signature and recites the following language:

24    I understand that, by this request to be excluded from the monetary settlement in this case, I am
     foregoing all monetary benefits from this Settlement and will receive no money from this
25    Settlement.  I understand that I may bring a separate legal action seeking damages, but might
26    receive nothing or less than what I would have received if I had filed a claim under the class
     monetary settlement procedure in this case.

27

28

### 2.    Deadline for Submitting Election.

Class members will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice and Claim Form to submit to the Settlement Administrator a valid, written request not to participate in the Settlement. A valid, written request not to participate in the Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than forty-five (45) days after the Settlement Administrator first mails the Class Notice and Claim Form to Class members, or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. Only those Class members who submit a request not to participate in the Settlement within the time and by the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class member who properly elects not to participate in the Settlement in the manner required by this Order. No named Plaintiff may elect not to participate in the Settlement.

### C.    NUMMI's Right to Rescind the Settlement Agreement

In the event that 40 or more of the Class members submit valid and timely requests not to participate in the Settlement, NUMMI will have the right to rescind the Settlement and all actions taken in its furtherance will be null and void. NUMMI must exercise this right within fourteen (14) days after the deadline for submitting requests not to participate in the Settlement.

### D.    Deadline for Filing Objections to Settlement

Any Class member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing. The objection need not be in any specific form; a short and simple statement of the objection is sufficient. The objection may, but need not, be made with assistance of counsel. Class members who have timely objected to the Settlement in writing may also appear at the Final Approval Hearing. Objections should be mailed to the Settlement Administrator, via first-class mail, postmarked not later than forty-five (45) days after the date that the Class Notice and Claim Form are first mailed to Class members by the Settlement Administrator. Any Class member who does not timely file and serve such a written objection will not be permitted to raise such objection, except for

1    good cause shown, and any Class Member who fails to object in the manner prescribed by this order will

2    be deemed to have waived, and will be foreclosed from raising, any such objection.

3         The Settlement Administrator shall stamp the date received on the original and send copies of

4    each objection to the Parties by facsimile and overnight delivery not later than three (3) days after

5    receipt thereof.    The Settlement Administrator shall also file the date-stamped originals of any

6    objections with the Clerk of Court within three (3) business days after the deadline for submitting

7    objections.

8         E.    **Deadline for Submitting Claim Forms**

9         A Class member who does not validly and timely request not to participate in the Settlement will

10   be eligible for a share of the Settlement benefit.  To receive this share, such a Class member must

11   properly and timely complete a Claim Form in accordance with the terms of the Settlement.  A

12   completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i)

13   mailed to the Settlement Administrator by first-class mail and postmarked by not later than sixty (60)

14   days after the initial mailing of the Class Notice and Claim Form to the Class members; or (ii) it is

15   delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail,

16   facsimile transmission, professional delivery, or personal delivery.  Unless the Class member validly and

17   timely requests not to participate in the Settlement, the failure to mail or deliver a completed Claim

18   Form by the deadline will bar the Class member from receiving any share of the Settlement benefit, even

19   though the Class member will remain bound by the Settlement.  It will be the sole responsibility of each

20   Class member who seeks to submit a Claim Form to notify the Settlement Administrator if the Class

21   member changes his or her address.  The failure of a Class member to keep the Settlement Administrator

22   informed of his or her address may result in the claim being denied or forfeited.

23        F.    **Deadline for Submitting Motion Seeking Final Approval**

24        Not later than thirty-five (35) days before the Final Approval Hearing, the plaintiffs will file a

25   motion for final approval of the Settlement.  Two weeks or more before the Final Approval Hearing, the

26   parties may file a reply brief responding to any filed objections.

27        G.    **Deadline for Motion for Approval of Class Representative Payments**

28        Not later than thirty-five (35) days before the Final Approval Hearing, plaintiffs may file a

1  motion for approval of their Class Representative Payments.   Two weeks or more before the Final

2  Approval Hearing, plaintiffs may file a reply brief responding to any filed opposition memorandum to

3  the motion.

4      H.    **Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award**

5      Not later than thirty-five (35) days before the Final Approval Hearing, Class Counsel may file a

6  motion for approval of their Class Counsel Attorneys' Fees and Costs Payment.   Two weeks or more

7  before the Final Approval Hearing, Class Counsel may file a reply brief responding to any filed

8  opposition memorandum to the motion.

9  **VII.   RELEASE OF CLAIMS**

10     If, at the Final Approval Hearing, this Court grants final approval to the Settlement, plaintiffs and

11 every Class member who does not validly and timely request not to participate in the Settlement will,

12 pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the

13 Settlement, regardless of whether he or she submits a Claim Form or receives any share of the

14 Settlement benefit.

15 **VIII.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

16     The Garden City Group, Inc., is hereby appointed Settlement Administrator to carry out the

17 duties set forth in this Preliminary Approval Order and the Settlement.

18     IT IS SO ORDERED.
       July 30

19     Dated: _____, 2008



IT IS SO ORDERED

Judge Phyllis J. Hamilton

20

21

22

23

24

25

26

27

28

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
U.S.D.C., N.D. Cal., No. C07-03887 PJH

EXHIBIT 1

1   JAMES M. FINBERG (SBN 114850)
    EVE H. CERVANTEZ (SBN 164709)
2   LINDA LYE (SBN 215584)
    PEDER THOREEN (SBN 217081)
3   JENNIFER SUNG (SBN 254741)
    ALTSHULER BERZON LLP
4   177 Post Street, Suite 300, San Francisco, CA 94108
    Telephone: (415) 421-7151
5   Facsimile: (415) 362-8064
    E-Mail: jfinberg@altshulerberzon.com
6   E-Mail: ecervantez@altshulerberzon.com
    E-Mail: llye@altshulerberzon.com
7   E-Mail: pthoreen@altshulerberzon.com
    E-Mail: jsung@altshulerberzon.com
8
    *Attorneys for Plaintiffs*
9   *David Martin, Perry Dean, Donald Alexander,*
    *Anthony Silva, and the proposed Plaintiff Class*
10
    MARLENE S. MURACO (SBN 154240)
11  ERICA H. KELLEY (SBN 221702)
    LITTLER MENDELSON
12  A Professional Corporation
    50 W. San Fernando St., 14 Fl., San Jose, CA  95113
13  Telephone: (408) 998-4150
    Facsimile: (408) 288-5686
14  E-Mail: mmuraco@littler.com
    E-Mail: ekelley@littler.com
15
                        UNITED STATES DISTRICT COURT
16
                        NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO/OAKLAND DIVISION
18

19  DAVID MARTIN, PERRY DEAN,          Case No. C07-03887 PJH
    DONALD ALEXANDER, AND
20  ANTHONY SILVA, on behalf of        **JOINT STIPULATION OF CLASS**
    themselves and a class of those    **SETTLEMENT AND CLASS**
21  similarly situated,                **SETTLEMENT AGREEMENT AND**
                                       **RELEASE**
22              Plaintiffs,

23          v.

24  NEW UNITED MOTOR
    MANUFACTURING, INC.,
25
                Defendant.
26

27

28

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of Class Settlement and Class Settlement Agreement and Release (the "Settlement" or "Agreement") is made and entered into by and between plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva ("Plaintiffs"), individually and on behalf of the putative class, and defendant New United Motor Manufacturing, Inc. ("NUMMI"). Plaintiffs and NUMMI are jointly referred to in this Settlement as the "Parties."

## I.    DEFINITIONS

In addition to terms defined elsewhere in the Settlement, as used in this Settlement the following terms have the meanings indicated below:

A.    "Action" means the civil action titled "*David Martin, et al., on behalf of themselves and a class of those similarly situated, Plaintiffs, v. New United Motor Manufacturing, Inc., Defendant*," No. C07-3887 PJH (N.D. Cal.).

B.    "Claimant" means a Class Member who has submitted a timely and valid Claim Form pursuant to this Settlement.

C.    "Claim Form" means the form by which potential Class Members may claim their Settlement Shares and consent to join the FLSA collective action, substantially in the form attached to this Settlement as Exhibit B.

D.    "Class" means all persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2003 to the date the Preliminary Approval Order is entered by the Court, and who do not timely submit a valid request not to participate in the Settlement.

E.    "Class Counsel" means Altshuler Berzon LLP.

F.    "Class Member" is a member of the Class.

G.    "Class Notice" means the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing to be sent to all potential Class Members after the Court grants preliminary approval of the Settlement, substantially in the form attached to this Settlement as Exhibit

A. The Class Notice will inform the potential Class Members of the methods and deadlines for submitting claims, objecting to the Settlement, and electing not to participate in the Settlement.

H.    "Compensable Work Day" means a single work shift, regardless of the total number of shift hours, during which a Class Member was employed by NUMMI in a Covered Position during the Covered Period and required to perform work in a cleanroom environment; *provided* that shifts worked by Class Members in the paint side of the plastics department shall only qualify as a "Compensable Work Day" if they were worked between the dates of July 30, 2003 and February 28, 2006.

I.    "Counsel for NUMMI" means Littler Mendelson, A Professional Corporation.

J.    "Court" means the United States District Court for the Northern District of California, San Francisco/Oakland Division.

K.    "Covered Period" means the period from July 30, 2003, to the date the Preliminary Approval Order is entered by the Court.

L.    "Covered Position" means any production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, or body shop department's ELPO teams or repair teams that work in the paint shop, who performs or performed work in a cleanroom environment.

M.    "Final" means the last of the following dates, as applicable:

    1.    The date on which the Final Approval Order has been entered, if no objection to the Settlement was filed.

    2.    The last date on which a notice of appeal from the Final Approval Order may be filed, and none is filed, if an objection to the Settlement was filed.

    3.    If a timely appeal from the Final Approval Order is filed, the latter of the following dates:

        a.    the last date by which a petition for writ of *certiorari* by the United States Supreme Court (the "Supreme Court") seeking review of a decision affirming the Final Approval Order by the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") may be filed, and none is filed by that date; or

b.     if a petition for a writ of *certiorari* by the Supreme Court, seeking review of the Final Approval Order or of the Ninth Circuit's decision on an appeal from the Final Approval Order is timely filed, the date on which the Supreme Court denies the petition or the Supreme Court affirms the Final Approval Order.

N.     "Final Approval Order" means the Court's order granting final approval of the Settlement, which will constitute a "judgment" within the meaning of Rule 58(a), Federal Rules of Civil Procedure.

O.     "Notice Materials" means the Class Notice, the Claim Form, and a pre-paid, self-addressed return envelope.

P.     "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement.

Q.     "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator with the Settlement Payment and includes any interest earned on the Settlement Payment.

R.     "Settlement Administrator" means The Garden City Group, Inc., who will perform the duties set forth in the Agreement.

S.     "Settlement Payment" means the payment by NUMMI to fund the QSF pursuant to this Settlement of $4,650,000.00. The Settlement Payment plus the interest earned shall be the sole source of funds for payment of (i) the Settlement Shares, (ii) the Class Representative Payments, (iii) the Class Counsel Attorneys' Fees and Costs Payment, and (iv) the reasonable fees and expenses of the Settlement Administrator. NUMMI will make a payment to the QSF separately from and in addition to the Settlement Payment in order to cover its share of payroll taxes and deductions, as discussed below in section XI.

T.     "Settlement Share" means each Claimant's share of the Net QSF, as calculated pursuant to this Settlement.

## II.     RECITALS

A.      On July 30, 2007, Plaintiffs commenced the Action on behalf of themselves and all other individuals allegedly similarly situated (the "Proposed Class") with respect to the claims they asserted.

B.      In the Action, Plaintiffs alleged that NUMMI failed to pay them and the Proposed Class wages for time spent donning and doffing antistatic or "cleanroom" coveralls and other equipment they are required to wear in order to perform their jobs, including time spent walking between their locker rooms and work areas or team meeting locations, before and/or after their scheduled shifts.  Plaintiffs sought compensation, including straight time and overtime, due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the California wage-and-hour laws.  A subset of the Proposed Class consisting of individuals who work in NUMMI's "spray booths" also sought additional overtime compensation under the FLSA for time spent donning and doffing spray booth-specific equipment, such as respirators, during their rest and meal breaks.  Plaintiffs further alleged that NUMMI failed to provide them with accurate records of hours worked or timely pay all wages due employees whose employment with NUMMI had ended, as required by California law.  Plaintiffs further alleged that by committing the unlawful acts alleged in their complaint, NUMMI engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq.*

C.      On October 1, 2007, NUMMI answered the complaint in the Action.  NUMMI denied Plaintiffs' material allegations; maintained that the Court should not certify the class action and the collective action proposed by Plaintiffs, that Plaintiffs and the Proposed Class were properly paid all wages dues under the FLSA and California wage-and-hour law, and raised other defenses.

D.      On January 16, 2008, Plaintiffs and NUMMI stipulated to tolling the statute of limitations for all Proposed Class Members' FLSA claims, effective November 1, 2007.

E.      On April 8, 2008, Plaintiffs filed an amended complaint, which clarified the spray booth-related claims asserted in the Action and added to the Proposed Class individuals employed in the body shop department's ELPO teams and its repair teams that work in the paint shop.  NUMMI agreed that the claims of those newly added members of the Proposed Class whose claims were not covered by the tolling agreement referenced in Paragraph X, above, would be tolled effective April 8, 2008.

F.      On May 8, 2008, NUMMI answered the amended complaint.

G.    In the course of litigating the Action, the Parties have conducted substantial discovery, including the production of thousands of pages of documents and electronic payroll data, and the taking of depositions of two NUMMI managers about the core practices at issue in the Action.  Plaintiffs also retained a statistical expert to analyze the payroll data and prepare a damages analysis.

H.    On May 21, 2008, after good-faith negotiations presided over by the Honorable Edward A. Infante (Ret.) of JAMS, during which each Party, represented by their respective counsel, recognized the substantial risk of an adverse result in the Action, the Parties agreed to settle the Action and all other matters covered by this Settlement.

I.    Class Counsel have conducted a thorough investigation into the facts of the Action. Based on the foregoing discovery and their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by NUMMI, and potential appellate issues.

J.    It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Action.  In order to achieve a full and complete release of the released persons, the Class, including Plaintiffs and each Class Member, acknowledges that this Settlement is intended to include and resolve all claims arising out of the facts alleged in the complaint in this Action involving the donning and doffing of cleanroom coveralls and spray booth gear by production and maintenance employees in NUMMI's truck paint department, passenger paint department, the paint side of the plastics department, and the body shop department's ELPO teams and its repair teams, who perform or performed work in a cleanroom environment.

K.    This Settlement represents a compromise of highly disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by NUMMI that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims, or as an admission by Plaintiffs that NUMMI's defenses in the Action have merit.

## III.    DUTIES OF THE PARTIES TO SEEK PROMPT COURT APPROVAL

A.    Promptly upon execution of this Settlement, the Plaintiffs will move the Court for entry of the Preliminary Approval Order, including the following terms:

1.      Conditionally certifying the Class as an opt-out class under Rule 23, Federal Rules of Civil Procedure, and provisionally certifying the Action as a national FLSA opt-in collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.      Preliminarily approving the Settlement.

3.      Scheduling a final approval hearing on the questions of (1) whether the Settlement should be finally approved as fair, reasonable, and adequate as to the Class Members; (2) whether the Court should grant Plaintiffs' motion for the Class Representative Payments; and (3) whether the Court should grant Class Counsel's motion for the Class Counsel Attorneys' Fees and Costs Payment.

4.      Approving as to form and content the Class Notice and Claim Form and setting deadlines for submitting completed Claim Forms, electing not to participate in the Settlement, and serving and filing objections to the Settlement.

5.      Appointing a Settlement Administrator to exercise the duties set forth in this Settlement.

6.      Directing the Settlement Administrator to mail the Class Notice, Claim Form, and pre-paid, self-addressed return envelope by first-class mail to the potential Class Members.

B.      Any disagreement among Parties concerning the final forms of the Class Notice, Claim Form, or other documents necessary to implement the Settlement will be referred to the Court for resolution.

## IV.    CERTIFICATION OF A RULE 23 CLASS AND A FLSA COLLECTIVE ACTION

A.      The Parties will submit to the Court a proposed Preliminary Approval Order that will certify the following class as an opt-out class under Rule 23, Federal Rules of Civil Procedure:

All persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2003 to the date the Preliminary Approval Order is entered by the Court, who do not timely opt out pursuant to the process provided in the Preliminary Approval Order.

B.      The proposed Preliminary Approval Order will make the following factual findings:

1.      The Class is ascertainable.

2.    The Class Members are so numerous as to make it impracticable to join all Class Members as named plaintiffs in this Action.

3.    There are common questions of law and fact including, but not limited to, the following:

      a.    Whether Defendant maintains a policy and practice of suffering and/or permitting Class Members to work during pre-shift donning periods, which commence when these employees retrieve their NUMMI-provided clean-room coveralls from their assigned coverall lockers;

      b.    Whether Defendant failed to compensate Class Members for hours worked prior to the start of their scheduled shifts during pre-shift donning periods;

      c.    Whether Defendant maintains a policy and practice of suffering and/or permitting Class Members to work during post-shift doffing periods, which end when these employees deposit their NUMMI-provided clean-room coveralls in their assigned coverall lockers;

      d.    Whether Defendant failed to compensate Class Members for hours worked after the end of their scheduled shifts during post-shift doffing periods;

      e.    Whether Defendant failed to properly compensate Class Members for work performed during meal and/or rest periods when these employees don and doff spray booth-specific PPE;

      f.    Whether Defendant failed to pay Class Members overtime compensation in violation of the California Labor Code and related regulations;

      g.    Whether Defendant failed to keep and furnish class members with accurate records of hours worked, in violation of the California Labor Code and related regulations;

      h.    Whether Defendant failed to pay its employees all wages due within the time required by law after their employment ended, in violation of California law;

i.     Whether Defendant's conduct violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., as alleged in this Complaint.

4.     Plaintiffs' claims are typical of the claims of the Class Members with respect to their alleged unpaid hours worked during the Covered Periods.

5.     Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class.

6.     Questions of law and fact common to the Class Members predominate over any questions affecting any individual member in the Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

C.     The proposed Preliminary Approval Order will also designate the following class as a collective action under the FLSA, 29 U.S.C. § 216(b):

> All persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2004 to the date the Preliminary Approval Order is entered by the Court, and who timely submit consents to join by the deadline for submitting Claim Forms.

D.     The proposed Preliminary Approval Order will also find that with respect to the claim that NUMMI failed to pay Class Members overtime premiums for all hours worked in excess of 40 hours per week as required by the FLSA, all Class Members are similarly situated within the meaning of section 16(b) of the FLSA.

## V.     APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR

A.     The Settlement Administrator shall perform the following duties in connection with administration of the Settlement: (i) using the data provided by NUMMI to prepare the Claim Forms for each potential Class Member, as described in section VI.B. of this Settlement; (ii) obtaining updated forwarding addresses for potential Class Members using appropriate methods, as described in section VI.A. of this Settlement; (iii) mailing the Notice Materials to potential Class Members; (iv) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to potential Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for NUMMI returned Claim Forms and submitted requests not to participate in Settlement; (vi) calculating the amounts due to each Claimant pursuant to the Settlement; (vii) contracting with Pro Business to obtain any tax-related

information about those Claimants who have been employed by NUMMI at any time during 2008; (viii) calculating the applicable payroll taxes and deductions with NUMMI as the claimants' employer; (ix) resolving disputes (if any) by Class Members regarding the number of Compensable Work Days or other matters, and notifying Class Counsel and Counsel for NUMMI of such disputes and their resolution; (x) establishing the Qualified Settlement Fund ("QSF"); and (xi) contacting all Claimants who have not cashed their Settlement Share checks to remind them to do so before the six-month deadline for doing so expires.

B.    The Settlement Administrator will obtain tax-related information for those Claimants who have been employed by NUMMI at any time during 2008 directly from Pro-Business.  NUMMI will provide the Settlement Administrator with reasonable access to records it maintains in order to perform the Settlement Administrator's duties.

C.    All disputes relating to the Settlement Administrator's performance of its duties will be referred to the Court, if necessary, which will have continuing jurisdiction over this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

## VI.    NOTICE TO THE CLASS OF THE SETTLEMENT AND THE CLAIM PROCESS

### A.    Mailing the Class Notice and Claim Form to the Potential Class Members

1.    Within ten (10) days after the Court enters its Preliminary Approval Order, NUMMI will provide to the Settlement Administrator a database that lists, for each potential Class Member, the potential Class Member's name; Social Security number; last known address and telephone numbers; and for each Covered Position held during the Covered Period, the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.  This database will be drawn from NUMMI's payroll and other business records and in a format acceptable to the Settlement Administrator.  NUMMI will consult with the Settlement Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Settlement Administrator.  NUMMI also will provide Class Counsel with a list of each potential Class Members' name; and for each Covered Position held during the Covered Period, the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.  The data provided to the

Settlement Administrator and Class Counsel will remain confidential and will not be disclosed to anyone, except as required to applicable tax authorities, pursuant to NUMMI's express written consent, or by order of the Court.

2.    Within fourteen (14) days after NUMMI provides to the Settlement Administrator the database pursuant to section VI.A., the Settlement Administrator will mail, by first-class mail, the Notice Materials (including Class Notice, Claim Form, and pre-paid, self-addressed return envelope) to all potential Class Members at their last known address, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

3.    The Settlement Administrator will use standard devices, including the National Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice Materials will be received by all potential Class Members.

**B.    Claim Form**

1.    The Claim Form mailed to the potential Class Members will show for the recipient potential Class Member his or her estimated Settlement Share, and for each Covered Position he or she held during the Covered Period: the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days.  The estimated Settlement Share shall be calculated under the assumption that (i) the Court finally approves the Settlement; (ii) all Class Members participate and submit valid claims; and (iii) the Court approves the amounts sought for the Class Representative Payments, the Class Counsel Attorneys' Fees and Costs Payment, and the payment to the Settlement Administrator.

2.    Class Members will have the opportunity to challenge the information pre-printed on their individualized Claim Forms, including the Department and Group names, dates of employment in the Covered Position, and number of Compensable Work Days for each Covered Position, by submitting a written challenge along with their signed Claim Form and supporting documentation to the Settlement Administrator within the time period provided for submitting the Claim Form.  Any challenges to the information pre-printed on the Claim Form must be

1    supported by documentary evidence; the Settlement Administrator will reject any challenge not

2    supported by such evidence.

3          3.     Timely challenges submitted with documentary evidence will be resolved without

4    hearing by the Settlement Administrator after consultation with Class Counsel and Counsel for

5    NUMMI. NUMMI's records will be presumed correct, but the Settlement Administrator will

6    evaluate the evidence submitted by the Class Member and will make a final determination based

7    on its evaluation of all the evidence presented.

8          4.     The Class Members will have sixty (60) days after the date on which the

9    Settlement Administrator mails the Notice Materials (including Class Notice, Claim Form, and

10   pre-paid, self-addressed return envelope) to complete and submit to the Settlement Administrator

11   the Claim Form. A completed Claim Form will be deemed timely submitted to the Settlement

12   Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and

13   postmarked by not later than the deadline for submission stated in above; or (ii) it is delivered to

14   the Settlement Administrator by the deadline for submission stated above, whether by mail,

15   facsimile transmission, professional delivery, or personal delivery.

16         5.     In the event that a Claim Form is submitted timely but is deficient in one or more

17   respects, the Settlement Administrator will return the Claim Form to the Class Member within

18   five (5) business days of receipt with a notice explaining the deficiencies and stating that the

19   Class Member will have ten (10) business days from the date of the deficiency notice to correct

20   the deficiency and resubmit the Claim Form. The envelope containing the resubmitted Claim

21   Form must be postmarked within ten (10) business days of the date of the deficiency notice to be

22   considered timely, absent a showing of good cause. If necessary, the Class Member will be sent

23   a second deficiency notice to correct any deficiency concerning a resubmitted Claim Form,

24   which will be governed by the same timeliness requirements as the first deficiency notice.

25         6.     Information regarding which Class Members submit Claim Forms and which

26   Class Members do not submit Claim Forms will be shared within NUMMI on a need-to-know

27   basis, to the extent feasible and consistent with the Settlement. Specifically, the dissemination of

28   such information will be limited, to the extent feasible, to NUMMI's outside counsel, NUMMI's

in-house counsel, and NUMMI's Human Resources Department. NUMMI will have no policy of disseminating such information to managers within Class Members' chain of command. These limitations will not prevent NUMMI from sharing any information with any NUMMI employee if the sharing of such information is necessary to accomplish legitimate business goals or the fulfillment of the aims of this Settlement. They also will not prevent the filing of redacted Claims Forms as provided by section VI.F.4. of this Settlement.

**C.      Objection to Settlement**

1.      The potential Class Members will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials (including Class Notice and Claim Form) to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for NUMMI, and filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.

2.      A potential Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise).

**D.      Election Not to Participate in Settlement**

1.      The potential Class Members will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials (including Class Notice and Claim Form) to submit to the Settlement Administrator a written request not to participate in the Settlement.

2.      The proposed Preliminary Approval Order will provide, and the Class Notice will instruct potential Class Members, that to be valid, a written request not to participate in the Settlement must include the potential Class Member's name and signature and recite the following language:

> "I understand that, by this request to be excluded from the monetary settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from this Settlement. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case."

3.     A written request not to participate in the Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.

4.     A potential Class Member who does not properly and timely submit a request not to participate in the Settlement in the manner and by the deadline specified above will automatically become a Class Member and be bound by all terms and conditions of the Settlement, including its release of claims, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or submitted a completed Claim Form.

5.     A potential Class Member who properly and timely submits a request not to participate in the Settlement will not be bound by the Settlement, and will remain free to contest any claim brought by the Plaintiffs that would have been barred by the Settlement, and nothing in this Settlement will constitute or be construed as a waiver of any defense NUMMI has or could assert against such a claim, including a demand that such a claim be arbitrated.

6.     No named Plaintiff may elect not to participate in the Settlement.

**E.     Reminder of Deadline; Untimely Submissions**

1.     Twenty-five (25) days after the Settlement Administrator mails the Notice Materials (including Class Notice and Claim Form) to the potential Class Members, the Settlement Administrator will mail a reminder card to all potential Class Members who have not submitted a completed Claim Form or valid request not to participate in the Settlement, indicating the applicable deadline for submission of those papers.

2.     No Claim Form or written request not to participate in the Settlement will be honored if submitted late, unless the Class Member shows good cause as determined by the Settlement Administrator.

**F.     Reports and Declaration by Settlement Administrator**

1.     By not later than ten (10) days after expiration of the 45-day deadline for submission of written requests not to participate in the Settlement, the Settlement Administrator will submit to Class Counsel and Counsel for NUMMI a report setting forth the persons (identified by name and the last four digits of their Social Security Number) who as of that date have submitted (i) valid requests not to participate in the Settlement, and (ii) invalid requests not to participate in the Settlement (the "Opt-Out Report"). In the event that the Settlement Administrator accepts any request not to participate in the Settlement after the expiration of the 45-day deadline, it will promptly update and distribute an updated Opt-Out Report.

2.     By not later than ten (10) days after expiration of the 60-day deadline for submission of Claim Forms, the Settlement Administrator will submit to Class Counsel and Counsel for NUMMI a report setting forth the persons (identified by name and the last four digits of their Social Security Number) who as of that date have submitted (i) valid Claim Forms and (ii) invalid Claim Forms.

3.     By not later than the date when the Plaintiffs file their motion for final approval of the Settlement, the Settlement Administrator will prepare and submit for filing in support of the motion a declaration attesting to its mailing of the Notice Materials and (indicated by number of Class Members only) its receipt of valid Claim Forms and valid requests not to participate in the Settlement and its inability to deliver the Notice Materials to potential Class Members due to invalid addresses. Prior to the hearing on the motion for final approval of the settlement, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration as applicable.

4.     Also by not later than the date when the Plaintiffs file their motion for final approval of the Settlement, the Settlement Administrator will file with the Court true copies of the valid Claim Forms and requests not to participate in the Settlement it has received, except it will first redact from the documents the addresses, telephone numbers, e-mail addresses, the Social Security numbers, and information relating to Compensable Work Days and estimated Settlement Shares.

VII.     **RIGHT TO RESCIND**

In the event that 40 or more of the potential Class Members submit valid requests not to participate in the Settlement, NUMMI will have the right to rescind the Settlement, and all actions taken in its furtherance will be null and void. NUMMI must exercise this right within fourteen (14) days after the deadline for submitting requests not to participate in the Settlement.

## VIII.    FINAL APPROVAL OF THE SETTLEMENT

A.    Plaintiffs will move the Court for final approval of the Settlement.

B.    At the same time of the motion for final approval, Plaintiffs and Class Counsel may move the Court for an award of Class Representative Payments from the QSF in amounts not to exceed $5,000 per representative for his or her services as a class representative in addition to his or her Settlement Share, and for an award of a Class Counsel Attorneys' Fees and Costs Payment from the QSF in an amount not to exceed 25% of the principal of the Settlement Payment (or $1,162,500) for attorneys' fees and an amount not to exceed $35,000 for costs and expenses. NUMMI will not oppose the motion for Class Representative Payments and a Class Counsel Attorneys' Fees and Costs Payment in these amounts, but will not be required to support the motion.

C.    If the motion for final approval is granted, the Plaintiffs will submit the proposed Final Approval Order for entry by the Court.

## IX.    WAIVER OF RIGHT TO APPEAL

Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement, Plaintiffs, Class Members, Class Counsel, and NUMMI hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, a motion for new trial, and any extraordinary writ, and the Final Approval Order therefore will become final and nonappealable at the time it is entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings. The waiver does not apply to appeals addressing increase or reduction of the amount to be awarded as the Class Representative Payments or Class Counsel's Attorneys' Fees and Costs Payment.

## X.    CREATION OF THE QUALIFIED SETTLEMENT FUND

A.     NUMMI will cause the Settlement Payment to be wired to the Qualified Settlement Fund (QSF) set up by the Settlement Administrator on the later of the following two dates: September 2, 2008 or the fifth (5th) business day following preliminary approval of this Settlement. While held in the QSF, the funds in the QSF will accrue interest at the then-current T-bill rate. The Settlement Payment plus the interest earned shall cover the Class Representative Payments made to Plaintiffs, the Class Counsel Attorneys' Fees and Costs Payment made to Class Counsel, the Claimants' Settlement Shares, and the Settlement Administrator's reasonable fees and expenses in administering the Settlement. The Settlement Administrator will contract directly with ProBusiness, NUMMI's existing third-party provider of payroll tax information, to obtain the information necessary to calculate the applicable payroll taxes and deductions with NUMMI as the claimants' employer; the Settlement Administrator will calculate the amounts owed to each Claimant and the applicable payroll taxes and deductions; the Settlement Administrator will report that information and transfer the money from the QSF to NUMMI; NUMMI will make the appropriate checks out to each Claimant and pay the applicable payroll taxes to the appropriate agencies (paying its own share of applicable payroll taxes from a separate source of funds); NUMMI will produce the necessary Form 1099s and Form W2s; NUMMI will either mail the checks to the Claimants or give the checks to the Settlement Administrator to do so; and NUMMI will report promptly to the Settlement Administrator which checks are cashed and which are not, prior to the check-cashing reminder dates, so that the Settlement Administrator can follow up with those who do not cash checks. NUMMI will also report which checks are cashed and which are not after the check cashing deadline to the Settlement Administrator and Class Counsel, pursuant to section XI.C. Except for the payroll taxes and deductions that will be withheld from the Claimants' checks pursuant to section XI.A.3., each Class Member shall be personally responsible for paying his or her share of taxes applicable to whatever settlement payment(s) they may receive.

B.     There will be no reversion to NUMMI of any portion of the QSF provided that the Final Approval Order becomes Final.

C.     If the Settlement is not granted final approval by the Court, or if the Final Approval Order does not become Final, then all proceeds of the QSF (other than those used to pay the Settlement

1    Administrator's reasonable fees and expenses in administering the Settlement to that point), including all

2    accrued interest, will be immediately returned to NUMMI.

3    **XI.    DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND**

4        A.    After the Final Approval Order becomes Final, the Settlement Administrator will

5    distribute the proceeds of the QSF as follows:

6            1.    Within ten (10) days after the Final Approval Order becomes Final, the

7    Settlement Administrator will distribute the following payments from the QSF:

8                a.    To Plaintiffs, the Class Representative Payments as awarded by the Court,

9    for which the Settlement Administrator will issue a Form 1099 to each

10   Plaintiff.

11               b.    To Class Counsel, the Class Counsel Attorneys' Fees and Costs Payment

12   as awarded by the Court, for which the Settlement Administrator will issue

13   a Form 1099 to Class Counsel.

14           2.    Within sixty (60) days after the Final Approval Order becomes Final, NUMMI or

15   the Settlement Administrator will distribute to every Claimant his or her Settlement Share, which

16   will be calculated for each Claimant as follows:

17               a.    The "Net QSF" will equal the proceeds of the QSF at the time of

18   distribution less (i) the Class Representative Payments, (ii) the Class

19   Counsel Attorneys' Fees and Costs Payment, and (iii) the Settlement

20   Administrator's reasonable fees and expenses.

21               b.    Each Claimant's Settlement Share shall equal his or her pro rata share

22   based on the ratio of the Claimant's total number of Compensable Work

23   Days to the total number of all Claimants' Compensable Work Days.

24           3.    Because the Settlement Shares include sums in settlement of claims for wages,

25   interest, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a

26   settlement of a claim for unpaid wages, for which NUMMI will issue a Form W-2 to the

27   Claimant and from which payroll tax withholding and deductions will be taken pursuant to state

28   and federal law; and the remaining fifty percent (50%) of each Settlement Share is intended to

constitute a settlement of claims for interest and penalties, from which no payroll tax withholding and deductions will be taken and NUMMI will issue a Form 1099 to the Claimant.

B.      By not later than seventy-five (75) days after the checks are mailed to the Claimants for their Settlement Shares, NUMMI will (i) notify Class Counsel and the Settlement Administrator of any Claimants who have not cashed their Settlement Share checks. By not later that ninety (90) days after the checks are mailed to the Claimants, the Settlement Administrator will contact either by telephone or letter each Claimant who has not cashed his or her Settlement Share checks and remind him or her to do so before the six-month deadline. The Settlement Administrator will inform these Claimants that if they fail to cash their Settlement Share checks by the six-month deadline, they will not receive any money under the Settlement, and their Settlement Share proceeds represented by the check will be re-distributed among the Claimants who have cashed their checks. By not later than one hundred and fifty (150) days after the checks are mailed to every Claimant for his or her Settlement Share, the Settlement Administrator will again contact those Claimants who have not cashed their checks with the same reminder and information, NUMMI having provided a report to Class Counsel and the Settlement Administrator regarding which checks are still outstanding no less than fifteen days prior to that deadline.

C.      If any Claimant who submitted a timely and valid Claim Form does not cash the check(s) for his or her Settlement Share within six (6) months after issuance, ten (10) business days after the check-cashing deadline NUMMI will report that information to Class Counsel and the Settlement Administrator and distribute the proceeds represented by the uncashed check(s) (the "Remainder") as follows:

1.      If the Remainder equals $30,000 or more, NUMMI will distribute new checks to all Claimants who cashed their Settlement Share checks in amounts proportionate to their respective Settlement Shares, as calculated by the Settlement Administrator.

2.      If the Remainder is less than $30,000, it will be donated in the name of the "*Martin v. NUMMI*" Settlement Fund to a charity or charities to be agreed upon by the Parties or selected by the Court.

D.      It is the intention of the Parties and by this Settlement the effect that unless the Claimants cash their Settlement Share checks within the six-month period provided for doing so, they do not hold any property right to or interest in the funds represented by the checks, and therefore California's Unclaimed Property Law, Cal. Code Civ. Proc. § 1500 *et seq.*, and any other comparable laws in the other jurisdictions encompassed by this Settlement, do not apply to checks not cashed within the six month period and the funds represented by those checks will not escheat to the applicable jurisdiction.

## XII.    RELEASE OF CLAIMS

A.      **Release of Claims:**  In consideration of his or her eligibility for a Settlement Share, as of the date the Final Approval Order is entered by the Court, each and every Class Member, on behalf of themselves and their heirs and assigns, hereby release NUMMI and its former and current parents, subsidiaries, and affiliated corporations, its officers, directors, employees, partners, shareholders, and agents, and any other insurers, successors, assigns, and legal representatives (the "NUMMI Parties"), from any claims that were brought, or could have been brought, arising out of the facts alleged in the Plaintiffs' Complaint in this action involving the donning and doffing of cleanroom coveralls and other equipment including, but not limited to, spray booth gear, in the NUMMI truck paint department, passenger paint department, paint side of the plastics department, and body shop department ELPO and repair teams, and while Class Members were employed in a Covered Position during the Covered Period and between the Covered Period and the date the Final Approval Order is entered by the Court (the "Released Claims").  The Released Claims include, but are not limited to, claims for failure to pay overtime premiums as required by FLSA, 29 U.S.C. §201, *et seq.*, failure to pay overtime premiums as required by California Labor Code §§510, 1194, and 1198, and California Wage Order No. 1; failure to pay minimum wages as required by Cal. Labor Code §§1194, 1194.2, and 1197, and Cal. Wage Order No. 1; failure to comply with record keeping requirements as required by Cal. Labor Code §226; failure to pay wages due at time of termination as required by Cal. Labor Code §§ 201 and 203; engagement in unfair and unlawful business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*; and any and all penalties established by the California Private Attorney General Act (PAGA) for any of the claims described in this paragraph.

B.    **Waiver of California Civil Code Section 1542:** With respect to the subject matter of their respective Released Claims, Class Members expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## XIII.    CONFIDENTIALITY PRECEDING MOTION FOR PRELIMINARY APPROVAL

Except for disclosures authorized by NUMMI or necessary to prepare the motion for preliminary approval, the terms of this Settlement shall remain confidential until they are presented to the District Court in connection with the motion for preliminary approval.

## XIV.    MUTUAL FULL COOPERATION

The Parties will fully cooperate with each other and use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary or ordered by the Court, or otherwise, to accomplish the terms of this Settlement, including but not limited to, executing of such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Settlement and to implement its terms.

## XV.    NO PRIOR ASSIGNMENTS

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

## XVI.    NOTICES

Unless otherwise specifically provided by this Settlement, all notices, demands or other communications given under this Settlement will be in writing and be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return-receipt requested, addressed as follows:

**To Plaintiffs and the Class:**
JAMES M. FINBERG
ALTSHULER BERZON LLP
177 Post Street, Suite 300

San Francisco, California 94108

**To NUMMI:**
MARLENE S. MURACO (SBN 154240)
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303

## XVII. CONSTRUCTION

This Settlement is the result of lengthy, arms-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or their or its counsel participated in the drafting of this Settlement.

## XVIII. CAPTIONS AND INTERPRETATIONS

Paragraph and section titles, headings, or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions. Each term of this Settlement is contractual and not merely a recital, except for those denominated as recitals in section II.

## XIX. MODIFICATION

This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XX. APPLICABLE LAW

All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

## XXI. INTEGRATION CLAUSE

This Settlement and its exhibits constitute the entire agreement between the Parties relating to the Settlement and transactions contemplated by the Settlement. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged into this Settlement. No rights under this Settlement may be waived except in writing.

## XXII. BINDING ON ASSIGNS

This Settlement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXIII. COUNTERPARTS

This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties, subject to court approval.

## XXIV. CLASS MEMBERS BOUND BY SETTLEMENT

Because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Class Notice will inform all Class Members of the binding nature of the release of Class Members' Released Claims and it will have the same force and effect as if this Settlement were executed by each Class Member.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

XXV.  PARTIES' AUTHORITY TO SIGN

    The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement on behalf of themselves or their respective principals.

### EXECUTION BY PARTIES AND COUNSEL

    The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Settlement.

Dated: June ___, 2008.          JAMES M. FINBERG
                                EVE H. CERVANTES
                                LINDA LYE
                                PEDER THOREEN
                                JENNIFER SUNG
                                ALTSHULER BERZON LLP


                                By: _____
                                        James M. Finberg
                                    Attorneys for Plaintiffs David Martin, *et al.*

Dated: June ___, 2008.          NEW UNITED MOTOR MANUFACTURING, INC.


                                By: _____
                                        Kelley McKenzie
                                        General Counsel

Dated: June ___, 2008.          MARLENE S. MURACO
                                ERICA H. KELLEY
                                LITTLER MENDELSON


                                By: _____
                                        Marlene S. Muraco
                                    Attorneys for Defendant
                                New United Motor Manufacturing, Inc.

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, AND ANTHONY SILVA, on behalf of themselves and a class of those similarly situated, | **Case No. C07-03887 PJH**<br><br>**NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING** |
| Plaintiffs, | |
| v. | |
| NEW UNITED MOTOR MANUFACTURING, INC., | |
| Defendant. | |

This Notice, which has been approved by the Court, is to notify Class Members in the class action *Martin, et al., v. New United Motor Manufacturing, Inc.* of the proposed $4.65 million settlement (the "Settlement") reached between the parties. The Court has granted preliminary approval to the Settlement, and it has conditionally certified the Class for Settlement purposes only.

*Para informacion en espanol, por favor visite* [website] *o hable al* [GCG tel. number].

<u>**Important Dates**</u>

- If you wish to claim a share of the settlement described in this notice, you must complete and submit a Claim Form, postmarked or received by the Settlement Administrator on or before [DATE], or else you will not receive your share of the settlement.

- If you wish to comment on or object to the settlement, your comment or objection must be postmarked or received by the Settlement Administrator on or before [DATE], or else your objections will be deemed waived.

- If you do not want to participate in the settlement, you must request exclusion from the Settlement according to the directions in this notice, and your request must be postmarked or received by the Settlement Administrator on or before [DATE], or else you will be bound by the settlement even if you do not claim your share of the settlement.

All claim forms, comments, objections, and requests not to participate in the Settlement must be postmarked or received by the Settlement Administrator, The Garden City Group, by the applicable deadline:

**The Garden City Group**<br>**Address**<br>**Tel. number.  Fax number**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on [DATE], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

**1.    SUMMARY OF THE SETTLEMENT AND MY RIGHTS**

§ 1.a.    <u>What Is a Class Action?</u>  A class action is a lawsuit in which the claims and rights of many similarly situated people ("Class Members") are decided in a single court proceeding.  One or more representative plaintiffs ("Class Representatives") file a lawsuit asserting claims on behalf of all the class members.

§ 1.b.    <u>The Class Definition</u>.  You were sent this notice because NUMMI's records show that you are a Member of the Class.  The Class includes all persons who perform or performed work in a cleanroom environment while employed by NUMMI as a production or maintenance employee in NUMMI's truck paint department, passenger paint department, paint side of the plastics department, and/or body shop department's ELPO teams or repair teams that work in a paint shop, during the period from July 30, 2003 to ███████ [date of preliminary approval order], who do not timely submit a valid request not to participate in the Settlement, following the procedure described in § 8.

§ 1.c.    <u>Options and Dates.</u>  You have several options:

(1)    To receive a payment under the Settlement, you must complete a Claim Form (which is attached to this Notice) and submit it to the Settlement Administrator, postmarked or received by ███, 2008 [60 days after notice of Settlement was mailed], following the procedure described in § 4.a.  If you do not do this, you will receive no money from this Settlement.

(2)    You may comment on or object to the Settlement in writing, postmarked or received by ███, 2008 [45 days after notice of Settlement was mailed], following the procedure described in § 8.

(3)    You may request that you be excluded from the Settlement according to the instructions in § 9 below.  If you choose to be excluded from the Settlement, you will no longer be a Class Member--and therefore will receive no money under this Settlement--and you will not release your claims, which means that you will be able to bring a separate lawsuit on your own for these claims.  Unless you properly request to be excluded, you will be a Class Member and will release all claims alleged in this case (see § 5, below), even if you do not fill out a Claim Form.  In order to request not to participate in the Settlement, you must follow the instructions described in § 9 and submit your written request to the

1    Settlement Administrator, postmarked or received by ████, 2008 [45 days after notice of Settlement

2    was mailed].

3    **2.    BACKGROUND OF THE CASE**

4    § 2.a.  <u>The Claims at Issue.</u>  On May 30, 2007, plaintiffs David Martin, Perry Dean, Donald

5    Alexander, and Anthony Silva ("Plaintiffs") filed a class action complaint in this Court.  In the lawsuit,

6    Plaintiffs alleged that NUMMI failed to pay them and the Proposed Class wages for time spent donning

7    and doffing antistatic coveralls and other equipment they are required to wear in order to perform their

8    jobs in the "cleanroom" environments where they work, including time spent walking between their

9    locker rooms and work areas or team meeting locations, before and/or after their scheduled shifts.

10   Plaintiffs sought compensation, including straight time and overtime, due under the Fair Labor

11   Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and California wage-and-hour laws.  Plaintiffs further

12   alleged that NUMMI failed to provide them with correctly itemized wage statements.  A subset of the

13   Proposed Class consisting of individuals who work in NUMMI's "spray booths" also sought additional

14   overtime compensation under the FLSA and California wage-and-hour laws for break and lunch time

15   during which they are required to don and doff certain spray booth-specific protective equipment, such

16   as respirators.  Plaintiffs further alleged that by committing the unlawful acts alleged in their complaint,

17   NUMMI engaged in unfair competition in violation of California Business and Professions Code section

18   17200 *et seq.*

19   § 2.b.  <u>NUMMI's Denial of Liability.</u>  NUMMI denies all of Plaintiffs' allegations.

20   Specifically, NUMMI denies that Plaintiffs or the Proposed Class are owed any additional compensation

21   for the hours they spent donning and doffing antistatic coveralls or other required equipment, or walking

22   between their locker rooms and work areas or team meeting locations, before or after their scheduled

23   shifts.  NUMMI further denies that any Plaintiffs or Class Members are owed any additional

24   compensation for time spent donning and doffing spray booth-specific protective gear, such as

25   respirators, during their meal and rest break periods. NUMMI further denies that it failed to provide

26   Plaintiffs or the Proposed Class with correctly itemized wage statements or committed any unlawful acts

27   that constitute unfair competition.  NUMMI further denies that a class can be properly certified in this

28   case.

1    § 2.c.    The Litigation of the Class Action.    The parties have actively litigated the case.

2    Plaintiffs' counsel obtained extensive information about NUMMI and the Class, including documents

3    (such as employment policies and handbooks, training materials, workplace notices and postings, and

4    information regarding workplace health and safety hazards).    Plaintiffs' counsel also took the

5    depositions of NUMMI paint department managers and also interviewed numerous Class Members.

6    **3.    SUMMARY OF THE SETTLEMENT**

7    § 3.a.    The Mediation.    The parties participated in extensive settlement discussions, including a

8    10-hour day of mediation before a neutral third party, a respected mediator in San Francisco.    At the

9    mediation, the parties reached the Settlement.    The Settlement represents a compromise regarding

10    disputed claims, considering the risks and uncertainties of continued litigation.    Plaintiffs' counsel has

11    determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class

12    Members.

13    § 3.b.    The Settlement Agreement and the Court's Final Approval Hearing.    The parties have

14    presented the Settlement to the Court for its review.    The Court has granted preliminary approval to the

15    Settlement.    As described in this Notice, the Court will hold a hearing on ▮▮▮▮▮, 2008 to determine

16    whether to grant final approval to the Settlement.    Only after the Settlement is granted final approval

17    will money be paid to Class Members under the Settlement.

18    § 3.c.    How the Settlement Funds Will Be Distributed.    Under the Settlement, NUMMI will pay

19    $4.65 million.    These settlement funds will be used to pay (1) Class Representative Payments to

20    Plaintiffs to compensate Plaintiffs for their services to the Class (see § 6 below), (2) Class Counsel's

21    attorneys' fees and costs (see § 7 below) to compensate Plaintiffs' counsel for their services to the Class,

22    (3) the reasonable fees and expenses of the Settlement Administrator, and (4) money to all Class

23    Members who properly submit Claim Forms (see § 4.a below), pursuant to the plan of allocation (see §

24    4.b below).

25    § 3.d.    You Must File a Claim Form to Receive Money.    In order to receive money from the

26    Settlement, a Class Member must submit a Claim Form by the deadline set under the Settlement (see § 4

27    below).

28    § 3.e.    Unless You Elect Not to Participate in the Settlement, You Will Be Bound.    Unless a

- 4 -

Class Member elects not to participate in the Settlement, he or she will be bound by the Settlement, including its release of claims, and will not be allowed to pursue individual claims released under the Settlement against NUMMI, even if he or she has not submitted a claim for a settlement share (see §§ 4 and 9 below).

§ 3.f.   The Final Approval Hearing.   The parties have submitted the Settlement to the Court. The Court has granted preliminary approval of the Settlement.   The Court will hold a hearing on ▮▮▮▮▮, 2008, at 9:00 a.m., to determine whether to grant final approval to the Settlement (see § 10 below).   Only after the Settlement is granted final approval can money be paid to Class Members under the Settlement.

**4.    HOW TO RECEIVE MONEY FROM THE SETTLEMENT (COMPLETING AND SUBMITTING THE CLAIM FORM)**

§ 4.a.   Participating in the Settlement by Completing and Submitting the Claim Form.   If you want to receive money from the Settlement, you must complete and submit the Claim Form attached to this notice, postmarked or received by the Settlement Administrator by ▮▮▮▮, 2008 [60 days after Notice of Settlement was mailed]:

The Garden City Group<br>
Address<br>
Tel. number.  Fax number

A postage pre-paid, self-addressed return envelope is enclosed for your convenience.  If you need another Claim Form, contact the Settlement Administrator.

By submitting a Claim Form, you will be consenting to join the Fair Labor Standards Act collective action that has been designated by the Court. **If you do not properly submit a Claim Form, postmarked or received by the Claims Administrator by [DATE], you will not receive any money from the Settlement.**

§ 4.b.   How Will My Settlement Share Be Calculated?   The Settlement Fund equals $4,650,000 plus interest running from the date on which NUMMI deposits the money into the fund.   NUMMI will pay this amount regardless of the number of Claimants.   The Net Settlement Fund equals the Settlement Fund minus (i) the Class Representative Payments (see § 6), (ii) the Class Counsel Attorneys' Fees and Costs Payment (see § 7), and (iii) the cost of this Notice and the settlement administration.

From data provided by NUMMI, the Settlement Administrator will calculate each Claimant's

Settlement Share based on the ratio of the Claimant's total number of Compensable Work Days to the total number of all Claimants' Compensable Work Days. Compensable Work Days are the days New United Motor Manufacturing, Inc. ("NUMMI") required the Claimant to work in a cleanroom while employed in a Covered Position, during the Covered Period; *except* that because NUMMI has permitted employees in the paint side of the Plastics department to don and doff their coveralls on-the-clock since February 2006, days worked in the Plastics Department shall only qualify as a Compensable Work Day if they were worked between the dates of July 30, 2003 and February 28, 2006. Covered Positions include maintenance and production employees in the Truck Paint, Passenger Paint, Plastics, and Body Shop departments who work in a cleanroom. The Covered Period runs from July 30, 2003 to ████ ████.

Your estimated Settlement Share is shown on your Claims Form. This amount was calculated under the assumption that all of the Class Members properly submit Claim Forms and the Court awards the Class Representative Payments and the Class Counsel Attorneys' Fees and Costs Payment as requested. Your actual Settlement Share may be higher or lower.

§ 4.c.   What if the Information on My Claim Form is Incorrect?   The information on the Claim Form, and each Settlement Share, is based on NUMMI's official employment and payroll records. The Claim Form enclosed with this Notice identifies each Covered Position in which you were employed, the dates of your employment in that Covered Position, and the number of your Compensable Work Days within the Covered Period. If you believe that any of the information on the Claim form is incorrect, you must follow the instructions in § 2 of the Claim Form, including providing the correct information and enclosing supporting documentation. Challenges will be resolved by the Settlement Administrator without a hearing.

§ 4.d.   When Will My Share of the Settlement Be Distributed to Me?   Within 60 days after the Court's order granting final approval of the Settlement becomes final and non-appealable, Settlement Share checks will be mailed to all Claimants who submitted valid and timely Claim Forms. It is expected that checks will be mailed out sometime in January 2009, but that date is subject to change. The Settlement Administrator, working with Plaintiffs' counsel and NUMMI, will diligently attempt to ensure that all eligible Claimants receive their Settlement Shares.

§ 4.e.  <u>Settlement Share Checks Not Cashed Within Six Months Will Be Forfeited.</u>  If any Claimant who submitted a timely and valid Claim Form does not cash the check(s) for his or her Settlement Share within six (6) months after issuance, he or she will not receive any proceeds under the Settlement, and the Settlement Share proceeds represented by the check (the "Remainder") will be distributed as follows:

1.  If the Remainder equals $30,000 or more, it will be distributed to all Claimants who cashed their Settlement Share checks proportionately to their respective Settlement Shares.

2.  If the Remainder is less than $30,000, it will be donated in the name of the "*Martin v. NUMMI*" Settlement Fund [to a charity or charities to be agreed upon by the Parties or selected by the Court].

§ 4.f.  <u>Tax Consequences.</u>  Half of each Settlement Share is considered a settlement of claims for wages subject to Form W-2 reporting and therefore will be reduced by normal payroll tax withholding and deductions.  NUMMI will pay its share of applicable payroll taxes separately and in addition to the payment it makes to the Settlement Fund, and NUMMI's tax payment will not reduce your Individual Settlement Payment.

The other half of each Settlement Share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting.  You will be responsible for separately paying all taxes owed based on this half of the Settlement Share.

You should consult your tax advisor regarding any questions about the tax consequences of the treatment of your Settlement Share.

§ 4.g.  <u>What Happens If Not All of the Settlement Fund Is Claimed?</u>  If not all the Class Members submit Claim Forms, all of the Settlement Fund available for distribution will be paid to those Class Members who submitted timely and valid Claim Forms.

§ 4.h.  <u>NUMMI's Settlement Amount.</u>  NUMMI is obligated to pay the full $4.65 million settlement amount regardless of how many Class Members submit Claim Forms.

**5.    RELEASE OF CLAIMS**

Under the Settlement, as of the date the Final Approval Order is entered by the Court, each and every Class Member who does not timely and validly request not to participate in the Settlement releases NUMMI and its former and current parents, subsidiaries, and affiliated corporations, its officers, directors, employees, partners, shareholders, and agents, and any other insurers, successors, assigns, and

1    legal representatives (the "NUMMI Parties"), from any claims that were brought, or could have been

2    brought, arising out of the facts alleged in the Plaintiffs' Complaint in this action involving the donning

3    and doffing of cleanroom coveralls and other personal protective equipment including, but not limited

4    to, spray booth gear, in the NUMMI truck paint department, passenger paint department, paint side of

5    the plastics department, and body shop department ELPO and repair teams, and while Class Members

6    were employed in a Covered Position during the Covered Period and between the Covered Period and

7    the date the Final Approval Order is entered by the Court (the "Released Claims"). The Released

8    Claims include, but are not limited to, claims for failure to pay overtime premiums as required by FLSA,

9    29 U.S.C. §201, *et seq.*, failure to pay overtime premiums as required by California Labor Code §§510,

10    1194, and 1198, and California Wage Order No. 1; failure to pay minimum wages as required by Cal.

11    Labor Code §§1194, 1194.2, and 1197, and Cal. Wage Order No. 1; failure to comply with record

12    keeping requirements as required by Cal. Labor Code §226; failure to pay wages due at time of

13    termination as required by Cal. Labor Code §§ 201 and 203; engagement in unfair and unlawful

14    business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code

15    §17200 *et seq*; and any and all penalties established by the California Private Attorney General Act

16    (PAGA) for any of the claims described in this paragraph.

17    **Waiver of California Civil Code Section 1542:** With respect to the subject matter of their

18    respective Released Claims, Class Members expressly waive and relinquish the provisions, rights and

19    benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section

20    1542 states:

21
       A general release does not extend to claims which the creditor does not know or suspect
       to exist in his or her favor at the time of executing the release, which if known by him or

22        her must have materially affected his or her settlement with the debtor.

23    **6.     CLASS REPRESENTATIVE PAYMENTS**

24    Plaintiffs will request that the Court approve a Class Representative Payment of $5,000 for each

25    named plaintiff. This amount is in recognition of the service performed by Plaintiffs in representing the

26    Class and advancing the litigation. This payment will be paid in addition to Plaintiffs' Settlement Share

27    as a Class Member. The Class Representative Payments will be paid only if the Court approves them.

28    **7.     CLASS COUNSEL ATTORNEYS' FEES AND COSTS PAYMENT**

1    Plaintiffs' counsel will request that the Court approve a payment of 25% of the principal

2    Settlement Fund ($1,162,500) to compensate them for their time and effort in bringing this case, and that

3    it award them an amount up to $35,000 to reimburse them for the out-of-pocket costs they have incurred

4    during the litigation.  These amounts, if awarded, will be paid from the Settlement Fund.  Plaintiffs'

5    counsel believe the attorneys' fees and costs requested are fair and reasonable.  These fee and cost

6    payments will be paid only if the Court approves them.

7    **8.    HOW TO COMMENT ON OR OBJECT TO THE SETTLEMENT (IF DESIRED)**

8    If you wish, you may comment on or object to the Settlement by submitting a written notice of

9    comment or objection.  Any comments or objections must be postmarked or received by the Settlement

10   Administrator by ███████████, 2008 [45 days after Notice of Settlement was mailed]:

The Garden City Group
Address
Tel. number.  Fax number

13   The objection need not be in any specific form; a short and simple statement of your objection is

14   sufficient.  You may be represented by your own attorney, but you do not have to be to object.  If you

15   comment through an attorney, you will be solely responsible for the fees and costs of your own attorney.

16   If you wish to present your objection at the final approval hearing, you should state your intention to do

17   so in your written objection.

18   If you object to the Settlement, but wish to receive your individual settlement payment if the

19   Settlement is approved, you must comply with the Claim Form submission requirements described in

20   § 4.  If the Court approves the Settlement despite any comments or objections, and you have not

21   properly submitted a Claim Form, you will not receive any money from the Settlement, even if you

22   submitted an objection.

23   **9.    HOW TO ELECT NOT TO PARTICIPATE IN THE SETTLEMENT (IF DESIRED)**

24   If you fall within the class definition provided in § 1.b, you are automatically a Class Member,

25   and will be bound by the Settlement's release of claims, unless you elect to be excluded from the

26   Settlement.  If you elect to be excluded from the Settlement, you will not receive any money from the

27   Settlement, will not be bound by the Settlement, including its release of claims, and will be free to

28   pursue your own claim against NUMMI (at your own expense).  To be excluded, you must _timely_

- 9 -

submit a written request not to participate in the Settlement that contains 1) your name, 2) your signature, and 3) the following language:

> I understand that, by this request to be excluded from the monetary settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from this Settlement. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case.

In addition, your written request not to participate in the Settlement must be submitted to the Settlement Administrator, postmarked or received by ▮▮▮▮ 2008 [45 days after Notice was mailed]:

The Garden City Group<br>
Address<br>
Tel. number.  Fax number

## 10.    FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on ▮▮▮▮, 2008, at ▮▮▮▮ a.m., in Courtroom 3 of the Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Phyllis J. Hamilton, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Plaintiffs' request for the Class Representative Payments and Plaintiffs' counsel's request for the Class Counsel Attorneys' Fees and Costs Payment. The hearing may be postponed without further notice to the Class.  **It is not necessary for you to appear at this hearing.**  You may appear at the hearing if you wish, if you have given notice of your comments in favor of or against the Settlement under the procedures set forth in § 8.

## 11.    OTHER INFORMATION

§ 11.a. No Cost to You.  The Settlement does not require you to pay money out of pocket. However, you are responsible for all taxes owed on your paid Settlement Shares.

§ 11.b. Tax Advice Caveat.  Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person.  This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.  Plaintiffs' counsel cannot give you tax advice.

§ 11.c. This Notice Provides Only a Summary.  This Notice provides only a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to

- 10 -

the detailed Joint Stipulation of Class Settlement and Class Settlement Agreement and Release, which is on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement, may be examined at any time during regular business hours with the Clerk of Court, 450 Golden Gate Avenue, San Francisco, CA 94102, or online on through the Public Access to Court Electronic Resources system, known as "PACER," at http://ecf.cand.uscourts.gov. You also may contact Plaintiffs' counsel at 415-421-7151. **Please do not telephone the court or NUMMI's counsel for information regarding this Settlement or the claim process.**

§ 11.d. <u>Questions.</u>

If you have questions, please feel free to contact the Settlement Administrator:

The Garden City Group

You can also check the website for this Class Action: [insert web address, to be set up by the Settlement Administrator].

If you would like to speak with an attorney, please contact Class Counsel, Jim Finberg, Peder Thoreen, or Jennifer Sung (the attorneys who represent the Class) at:

- Altshuler Berzon, LLP, 177 Post St., Suite 300, San Francisco, CA 94703
- By email: contact Jusztina Traum, Paralegal, at jtraum@altshulerberzon.com
- By telephone: _____.

\*       \*       \*

By order of the United States District Court for the Northern District of California.

Dated: June _____, 2008.

_____
Phyllis J. Hamilton
United States District Judge

NOTICE OF CLASS SETTLEMENT
U.S.D.C., N.D. Cal., No. C07-03887 PJH

**EXHIBIT B**

## CLAIM FORM

*Martin, et al., v. New United Motor Manufacturing, Inc.* Class Action Settlement
The Garden City Group, Inc.


**NOTE:** Please read the enclosed "Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing" (the "Class Notice") before completing this Claim Form.

**DEADLINE: To receive any money from this settlement, you must properly complete, sign, and submit a Claim Form to the Settlement Administrator, The Garden City Group, Inc., POSTMARKED or DELIVERED (via facsimile or professional or personal delivery) by** ▮▮▮▮▮▮▮▮▮▮▮**, 2008.**

The Claim Form must be personally filled out and signed by the current or former NUMMI employee who seeks to participate in this settlement, or by someone with a legal right to act on his or her behalf.

**Be sure to make a copy of your <u>signed</u> Claim Form for your records.**

### 1.     Your Contact Information

Please review and, if necessary, correct on the line to the right your contact information:

<<Name>>                        _____
<<Address>>                     _____
<<City>>, <<State>> <<Zip Code>> _____


If you wish, please add further contact information here. This will help the Settlement Administrator and/or Class Counsel to reach you in the event there are questions or difficulties sending you your settlement check.

Telephone number (daytime):     _____
Telephone number (evening)      _____
E-mail:                         _____

**Note:** it is <u>your responsibility</u> to notify the Settlement Administrator if you change your mailing address after submitting this claim form.

### 2.     Your Employment in Covered Positions, Number of Compensable Work Days, and Estimated Settlement Share

You are entitled to a Settlement Share based on your total number of Compensable Work Days, which are the days New United Motor Manufacturing, Inc. ("NUMMI") <u>required you to work in a cleanroom</u> while employed in a Covered Position, during the Covered Period. Covered Positions include maintenance and production employees in the Truck Paint, Passenger Paint, Plastics, and Body Shop departments who work in a cleanroom. The Covered Period runs from July 30, 2003 to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because NUMMI has permitted individuals employed in the paint side of NUMMI's Plastics Department to don and doff their coveralls on-the-clock since February 2006, only days worked in that department between the dates of July 30, 2003 and February 28, 2006 will be counted as Compensable Work Days. (For more information, please see § 4 of the Class Notice.)

According to NUMMI's records for the Covered Period, your Covered Position(s), dates of employment therein, and the number of your Compensable Work Days within the Covered Period are as follows:

| Covered Position:<br><<Department>><br><<Group>> | Dates employed in Position:<br><<Start Date>> - <<End Date>> | Number of Compensable Work Days in Position, within Covered Period:<br><<Number of Days>> |
|---|---|---|
| Total Compensable Work Days within Covered Period: | | <<Total Number of Days>> |

**[REPEAT FIRST ROW IF MORE THAN ONE COVERED POSITION]**

Based on this information, your estimated settlement share is $███████. Your estimated Settlement Share is calculated under the assumption that (i) the Court finally approves the Settlement; (ii) all Class Members participate and submit valid claims; and (iii) the Court approves the amounts sought for the Class Representative Payments, the Class Counsel Attorneys' Fees and Costs Payment, and the payment to the Settlement Administrator. Your actual Settlement Share may end up being higher or lower than estimated.

If you believe that any of your employment history information charted above is incorrect, please (i) correct that information in the space below (using additional paper if necessary), and (ii) enclose documentary evidence supporting your correction(s).

_____

_____

**Note:**    If you do not submit a correction with supporting documentation, you waive your right to challenge the above pre-printed information. By submitting a correction, you are authorizing the Settlement Administrator to review NUMMI's records and make a determination based on NUMMI's records and the records you submit. This determination may increase or decrease the value of your share of the settlement. All such determinations by the Settlement Administrator are final and binding with no opportunity for further appeal.

**3.    Signature and Confirmation of Consent to Join Collective Action**

I declare under penalty of perjury under the laws of the United States that:

1.  The information set forth above regarding my employment with New United Motor Manufacturing, Inc. (including any corrections I have made), is true and correct.

2.  I have read the Class Notice and I understand that, in signing this form, I (i) consent to join this collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); (ii) consent to release all of the state and federal claims as described in the Class Notice (see § 5 of the Class Notice); (iii) consent to the jurisdiction of the U.S. District Court for the Northern District of California presiding over this case; and (iv) authorize Class Counsel to act on my behalf in all matters relating to this action, including the settlement of my claims.

3.  I wish to receive my share of the proposed Settlement.

_____, 2008.
                Date

_____
                Signature

**4.    Taxpayer Identification Number Certification**

---

**Substitute IRS Form W-9**

Enter your Social Security Number: ☐ ☐ ☐ - ☐ ☐ - ☐ ☐ ☐ ☐

Under penalty of perjury, I certify that:
1.  The social security number shown on this form is my correct taxpayer identification number; and
2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3.  I am a U.S. person (including a U.S. resident alien).

Note: If the IRS has notified you that you are subject to backup withholding, you must cross out item #2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

**5.    Postmark Deadline**

**Your Claim Form must be POSTMARKED or DELIVERED (via facsimile transmission or professional or personal delivery) on or before** ▮▮▮▮▮▮▮▮**, 2008.** A Claim Form postmarked or received by the Settlement Administrator later than this deadline will not be accepted absent good cause shown. A postage pre-paid, self-addressed return envelope has been enclosed for your convenience. This Claim Form must be mailed or delivered to the Settlement Administrator at:

*Martin v. NUMMI* Class Action Settlement



**6.     Questions?**

If you have questions regarding this Claim Form, please contact the Settlement Administrator:

The Garden City Group



You can also check the website for this Class Action: [insert web address, to be set up by the Settlement Adminsitrator]

If you would like to speak with an attorney, please contact Class Counsel, Jim Finberg, Peder Thoreen, or Jennifer Sung (the attorneys who represent the Class) at:

- Altshuler Berzon, LLP, 177 Post St., Suite 300, San Francisco, CA 94703
- By email: contact Jusztina Traum, Paralegal, at jtraum@altshulerberzon.com
- By telephone: _____.

.