1  MARLENE S. MURACO, Bar No. 154240
   LITTLER MENDELSON
2  A Professional Corporation
   50 West San Fernando Street, 14th Floor
3  San Jose, CA 95113.2303
   Telephone:     408.998.4150
4
   *Attorneys for Defendant*
5  *NEW UNITED MOTOR MANUFACTURING, INC.*

6  JAMES M. FINBERG, Bar No. 114850
   EVE H. CERVANTEZ, Bar No. 164709
7  LINDA LYE, Bar No. 215584
   JENNIFER SUNG, Bar No. 254741
8  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
9  San Francisco, CA 94108
   Telephone:     415.421.7151
10
   *Attorneys for Plaintiffs*
11 *DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER,*
   *ANTHONY SILVA, and the proposed Plaintiff Class*
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16 | DAVID MARTIN, PERRY DEAN, | Case No. C-07-3887-PJH
   | DONALD ALEXANDER, and     |
17 | ANTHONY SILVA, on behalf of | **STIPULATION AND [~~PROPOSED~~] ORDER
   | themselves and a class of those similarly | MODIFYING SECTIONS V.A, X.A AND
18 | situated,                 | XI.A.3 OF THE JOINT STIPULATION OF
   |                           | CLASS SETTLEMENT AND CLASS
19 |            Plaintiffs,    | SETTLEMENT AGREEMENT AND
   |                           | RELEASE**
20 |     v.                    |
   |                           |
21 | NEW UNITED MOTOR          |
   | MANUFACTURING, INC.       |
22 |                           |
   |            Defendant.     |
23

24

25

26

27

28
                                                              Case No. C-07-3887-PJH

STIP. & ORDER MODIFYING SECTIONS V.A, X.A & XI.A.3 OF THE SETTLEMENT AGREEMENT

This Stipulation is entered into by and between David Martin, Perry Dean, Donald Alexander, and Anthony Silva (collectively "Plaintiffs"), by and through their undersigned counsel, and New United Motor Manufacturing, Inc. ("NUMMI"), by and through its undersigned counsel. Plaintiffs and NUMMI are collective referred to herein as the "Parties."

## RECITALS

WHEREAS, the Court preliminarily approved the settlement in this case on July 30, 2008, including the terms of the Joint Stipulation of Class Settlement and Class Settlement Agreement and Release ("Settlement Agreement") filed by the Parties on July 15, 2008 (Docket No. 29);

WHEREAS, Sections X.A and XI.A.3 of the Settlement Agreement currently state that NUMMI shall issue checks to each Claimant for both the portion of his or her Settlement Share representing unpaid wages and the portion of his or her Settlement Share representing interest and penalties, and that NUMMI shall produce the necessary Form 1099s and Form W2s;

WHEREAS, NUMMI has requested that Sections X.A and XI.A.3 be modified, such that NUMMI is responsible for issuing checks and corresponding Form W2s solely for the portions of the Settlement Shares representing unpaid wages, and that the Settlement Administrator issue checks and corresponding Form 1099s for the portions of the Settlement Shares representing interest and penalties;

WHEREAS, Plaintiffs have no objection to NUMMI's requested modification to the terms of the Settlement Agreement; and

WHEREAS, the Settlement Administrator has indicated to the Parties that NUMMI's requested modification to the terms of the Settlement Agreement will not present any practical obstacles to claims administration;

THEREFORE, the Parties stipulate and agree as follows:

///

///

///

# STIPULATION AND AGREEMENT

1. Section V.A of the Settlement Agreement shall be modified as follows:

The Settlement Administrator shall perform the following duties in connection with administration of the Settlement: (i) using the data provided by NUMMI to prepare the Claim Forms for each potential Class Member, as described in section VI.B. of this Settlement; (ii) obtaining updated forwarding addresses for potential Class Members using appropriate methods, as described in section VI.A. of this Settlement; (iii) mailing the Notice Materials to potential Class Members; (iv) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to potential Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for NUMMI returned Claim Forms and submitted requests not to participate in Settlement; (vi) calculating the amounts due to each Claimant pursuant to the Settlement; (vii) contracting with Pro Business to obtain any tax-related information about those Claimants who have been employed by NUMMI at any time during 2008; (viii) calculating the applicable payroll taxes and deductions with NUMMI as the claimants' employer; (ix) resolving disputes (if any) by Class Members regarding the number of Compensable Work Days or other matters, and notifying Class Counsel and Counsel for NUMMI of such disputes and their resolution; (x) establishing the Qualified Settlement Fund ("QSF"); ~~and~~ (xi) <u>mailing settlement checks to Claimants; (xii) issuing the appropriate Form 1099s to Claimants; and (xiii)</u> contacting all Claimants who have not cashed their Settlement Share checks to remind them to do so before the six-month deadline for doing so expires.

2. Section X.A of the Settlement Agreement shall be modified as follows:

NUMMI will cause the Settlement Payment to be wired to the Qualified Settlement Fund (QSF) set up by the Settlement Administrator on the later of the following two dates: September 2, 2008 or the fifth (5th) business day following preliminary approval of this Settlement. While held in the QSF, the funds in the QSF will accrue interest at the then-current T-bill rate. The Settlement Payment plus the interest earned shall cover the Class Representative Payments made to Plaintiffs, the Class Counsel Attorneys' Fees and Costs Payment made to Class Counsel, the Claimants' Settlement Shares, and the Settlement Administrator's reasonable fees and expenses in administering the Settlement. The Settlement Administrator will contract directly with ProBusiness, NUMMI's existing third-party provider of payroll tax information, to obtain the information necessary to calculate the applicable payroll taxes and deductions with NUMMI as the claimants' employer; the Settlement Administrator will calculate the amounts owed to each Claimant and the applicable payroll taxes and deductions; the Settlement Administrator will report that information <u>to NUMMI</u> and transfer ~~the money from~~ <u>to NUMMI that portion of</u> the QSF ~~to NUMMI~~<u>representing unpaid wages</u>; NUMMI will make the appropriate checks out to ~~each Claimant~~<u>Claimants for the portion of their Settlement Shares representing unpaid wages</u> and pay the applicable payroll taxes to the appropriate agencies (paying its own share of applicable payroll taxes from a separate source of funds); NUMMI will produce the necessary Form ~~1099s and Form~~ W2s; NUMMI will ~~either mail the checks to the Claimants or~~ give the checks <u>it produces</u> to the Settlement Administrator to ~~do so~~<u>mail to Claimants</u>; and NUMMI will report promptly to the Settlement Administrator which checks are cashed and which are not, prior to the check-cashing reminder dates, so that the

STIP. & ORDER MODIFYING SECTIONS V.A, X.A & XI.A.3 OF THE SETTLEMENT AGREEMENT

Settlement Administrator can follow up with those who do not cash checks. NUMMI will also report which checks are cashed and which are not after the check cashing deadline to the Settlement Administrator and Class Counsel, pursuant to section XI.C. <u>The Settlement Administrator will make the appropriate checks out to Claimants for the portion of their Settlement Shares representing interest and penalties, and the Settlement Administrator will produce the necessary Form 1099s.</u> Except for the payroll taxes and deductions that will be withheld from the Claimants' checks pursuant to section XI.A.3~~.~~, each Class Member shall be personally responsible for paying his or her share of taxes applicable to whatever settlement payment(s) they may receive.

3.   Section XI.A.3 of the Settlement Agreement shall be modified to read:

Because the Settlement Shares include sums in settlement of claims for wages, interest, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a settlement of a claim for unpaid wages, for which NUMMI will issue a Form W-2 to the Claimant and from which payroll tax withholding and deductions will be taken pursuant to state and federal law; and the remaining fifty percent (50%) of each Settlement Share is intended to constitute a settlement of claims for interest and penalties, from which no payroll tax withholding and deductions will be taken and ~~NUMMI~~<u>the Settlement Administrator</u> will issue a Form 1099 to the Claimant.

August 6, 2008

_____
MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

August 19, 2008

_____
JAMES FINBERG
ALTSHULER BERZON LLP
Attorneys for Plaintiffs
DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, ANTHONY SILVA, and the proposed Plaintiff Class

## ORDER

The foregoing Stipulation is approved, and IT IS SO ORDERED.

Dated: 8/22/08



Hon. Phyllis J. Hamilton
United States District Judge

**STIP. & ORDER MODIFYING SECTIONS V.A, X.A & XI.A.3 OF THE SETTLEMENT AGREEMENT**