UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN, PERRY DEAN, DONALD ALEXANDER, and ANTHONY SILVA, on behalf of themselves and a class of those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.<br><br>        Defendant. | Case No. C-07-3887-PJH<br><br>[REVISED PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT<br><br>FINAL JUDGMENT |

Case No. C-07-3887-PJH

**[REVISED PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

On October 29, 2008, a hearing was held on the motion of Plaintiffs David Martin, Perry Dean, Donald Alexander, and Anthony Silva, for final approval of the proposed class action settlement.

The Parties have submitted the proposed Settlement Agreement, which this Court preliminarily approved in its July 30, 2008, order (the "Preliminary Approval Order").

Having received and considered the Settlement Agreement, the supporting papers filed by the Parties, the response of the Class members to the Notice, and the evidence and argument received by the Court at the preliminary approval hearing held on July 30, and the final approval hearing on October 29, 2008, by means of this order (the "Final Approval Order") the Court grants final approval to the Settlement Agreement, and HEREBY FINDS and ORDERS as follows:

1.  Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over New United Motor Manufacturing, Inc. and all Class members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 42 U.S.C. §§ 2000e-5(f)(3).

3.  This Court also has supplemental jurisdiction over the state-law claims asserted by the plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy").

4.  Pursuant to the Preliminary Approval Order, a Notice of Class Action Settlement (the "Class Notice") and a Claim Form were sent to each Class member by first-class mail. The Claims Administrator took reasonable steps to provide the Class Notice and Claim Form to Class members when it learned that the address to which those documents were mailed was no longer accurate. These documents informed Class members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the

Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement Agreement. Notice was provided with ample time for the Class members to follow these procedures.

5. The Court finds that this notice procedure afforded adequate protections to Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the responses of class members. Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement. The Court finds that the notice provided in this case was the best notice practicable, and satisfied the requirements of due process.

6. For the reasons stated in the Preliminary Approval Order, this Court finds that the proposed Class, as defined in the Settlement Agreement, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that certification of the Classes is finally approved for purposes of settlement of this action.

7. The Court finds that the proposed settlement is reasonable based on a weighing of the strength of Plaintiffs' claims with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the class and NUMMI, after thorough factual and legal investigation. The Court further finds that the response of the class to the Settlement Agreement supports settlement approval. Specifically, no Class member objected to the proposed settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs,* 955 F.2d at 1291.

8. The Court grants final approval to the Settlement Agreement, and orders the parties to implement, and comply with, its terms.

9. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement Agreement or under this order.

10. By operation of the entry of this Final Approval Order and pursuant to the Settlement

Agreement, all Class Members who have not timely opted out, are permanently barred from prosecuting against the parties any Released Claim as set forth in the Settlement Agreement. However, the definition of Released Claims set forth in the Settlement Agreement is hereby modified to reflect the fact that the release period terminated on October 29, 2008, and does not extend to the date of this Final Approval Order. One Class Member, John Allen Ortega, did timely opt out, and is not bound by the judgment in this action, or the release of claims in the Settlement Agreement.

11. By means of this Final Approval Order, this Court hereby enters final judgment in this action.

12. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes set forth in the Settlement Agreement, including the resolution of issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement, and ruling on attorneys' fees and service payments.

13. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees, except as provided by the Settlement Agreement and the Court's orders.

Date: 1/28/09

_____
Hon. Phyllis J. Hamilton
United States District Judge



3.   Case No. C-07-3887-PJH

[REVISED PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT